# EXHIBIT A

DocuSign Envelope ID: B5E7669A-FF67-4F22-A152-B5F6FB0B1F85

 

# GENERAL AGREEMENT OF INDEMNITY

This General Agreement of Indemnity ("Agreement") is made this 25-Jun-2021 day of June, 2021 by:

(Name) Bridgelink Engineering, LLC

(Name) Bridgelink Commodities, LLC

(Name) Bridgelink Investments, LLC

(Name) Bridgelink Development, LLC

(Name) Bridelink Renewable Energy Investments, LLC

(Name) Intermountain Electric Service, Inc.

(Name) Bighorn Investments and Properties, LLC

(Name) Bighorn Construction and Reclamation, LLC

(Name) Cole W. Johnson
(Name) Cord H. Johnson
(Name) Cassie J. Hamilton

with any additional undersigned persons and/or entities (individually and collectively hereinafter the "Indemnitors"), in favor of XL Specialty Insurance Company, XL Reinsurance America Inc., XL Insurance Company SE, XL Seguros Brasil S.A., XL Catlin Insurance Company UK Limited, and all existing and/or future affiliated, associated and subsidiary companies, co-sureties, fronting companies, reinsurers, their successors and assigns (collectively hereinafter the "Surety"), for the purpose of indemnifying the Surety in connection with any Bonds (as such term is defined herein below) previously or hereafter executed or procured for, on or on behalf of, or at the request of any Indemnitors.

Whenever used in this Agreement, the term "Bonds" shall include any and all bonds, undertakings, contracts of suretyship, reimbursement agreements, guaranty or indemnity, or other writings obligatory in nature, and any renewals or extensions thereof executed by Surety or at the request of Indemnitors for or on behalf of: (i) any Indemnitors, whether individually or jointly with others; (ii) current, previously owned or hereafter created or acquired subsidiary, affiliate, joint venture, and/or other legal entity in which any Indemnitors has a substantial, material, or beneficial interest; or (iii) any other person or entity at the request of any Indemnitors.

NOW THEREFORE, in consideration of these premises, and the execution of any such Bond or Bonds whether executed before, simultaneously with or after the execution of this Agreement on behalf of Indemnitors or any subsidiary, division, associated or affiliated company of Indemnitors, including joint ventures and co-ventures, now owned or controlled or hereafter acquired or formed by Indemnitors in any penal sum in favor of any obligee, Indemnitors for themselves, their heirs, personal representatives, executors, administrators present or future direct or indirect subsidiaries and affiliates, successors and assigns, jointly and severally, agree with Surety as follows:

1. **PREMIUMS** - To pay to the Surety such premium as the Surety shall charge upon execution of the Bonds and annually in advance thereafter until such time as the Surety's liability under the Bonds is terminated.
2. **DECLINE EXECUTION** - That the Surety may, in its sole discretion, decline to execute, provide or procure any Bonds applied for and may, in its sole discretion, cancel or terminate any Bonds executed by the Surety without incurring any liability whatsoever to Indemnitors.
3. **INDEMNITY TO SURETY** - To exonerate, indemnify, hold harmless and keep indemnified the Surety from and against all demands, claims, losses, costs, liabilities, damages, and expenses including, without limitation, attorney's fees, expert's fees, interest, court costs, investigative expenses, document reproduction and storage charges (collectively the "Surety's Loss") which the Surety may sustain or incur by reason of the issuance of the Bonds or Indemnitors' failure to perform or comply with any of the provisions of this Agreement or Surety attempting to obtain a release of or evidence of termination under such Bonds. An itemized, sworn statement by an employee of Surety or any other evidence of Surety's Loss shall be prima facie evidence of propriety, amount and existence of Indemnitors liability to Surety. Indemnitors shall pay to Surety interest, including pre and post judgment interest on all disbursements made by Surety at the maximum rate permitted by law, calculated from the date of each such disbursement.
4. **BOOKS AND RECORDS** - That if the Surety (i) receives any claim under any Bonds or (ii) establishes, in its sole discretion, any reserve, the Indemnitors will provide the Surety or its designees access to all records, including all financial records, of the Indemnitors for the purposes of examining and copying same.

General Agreement of Indemnity (12-24-2020)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　1

DocuSign Envelope ID: B5E7669A-FF67-4F22-A152-B5F6FB0B1F85



5. **PLACE IN FUNDS** - In order to exonerate and indemnify the Surety, to place the Surety in immediately available funds, in a form and amount deemed acceptable in the Surety's sole discretion, when requested to do so in order to meet and satisfy any claim, reserve established by Surety, or demand made upon the Surety under the Bonds (whether or not such claims or demands are contested by Indemnitors before the Surety shall be required to make payment under the Bonds). Indemnitors acknowledge that failure of Indemnitors to deposit such funds with Surety in accordance with this section in the amounts, in a form and at the time demanded by Surety shall cause irreparable harm for which Surety has no adequate remedy at law.  Indemnitors agree that Surety shall be entitled to injunctive relief for specific performance of Indemnitors' obligation to deposit funds in accordance with this section and expressly waives and relinquishes any claims or defenses to the contrary.
6. **BOND LIABILITY CLOSURE** - To immediately furnish Surety with satisfactory and conclusive evidence that there is no further liability on the Bonds upon receipt of written demand for same.
7. **SETTLEMENT** - That the Surety shall have the exclusive right in its sole discretion to adjust, defend, prosecute, settle, compromise or appeal any claim or litigation under such Bonds and that the voucher or other evidence showing payment by the Surety in good faith by reason of such Bonds or any renewal, extension or substitution thereof shall be conclusive and in any event prima facie evidence of such payment and the propriety thereof and the liability of the Indemnitors therefore to the Surety.
8. **PLACE IN COLLATERAL** - The Surety may, at any time and for any reason in its sole discretion, require the Indemnitors upon written notice to immediately procure the full release of the Bonds or deliver to the Surety collateral security in the form acceptable to the Surety. The collateral security will be in an amount equal to 100% of all undischarged liability under all Bonds, which liability shall be determined by Surety as of the date of written notice.  Indemnitors acknowledge that failure to deposit such funds with Surety in accordance with this section shall cause irreparable harm for which Surety has no adequate remedy at law.  Indemnitors agree that Surety shall be entitled to injunctive relief for specific performance of Indemnitors' obligation to deposit funds in accordance with this section and expressly waive and relinquish any claims or defenses to the contrary.  Collateral security to be provided to the Surety shall be sent to XL Specialty Insurance Company, 505 Eagleview Blvd., Suite 100, PO Box 636, Exton, PA 19341-0636, Attn: Collateral Manager.
9. **ASSIGNMENT** - In order to secure Indemnitors obligations to Surety under this Agreement, and any other indebtedness and liabilities of Indemnitors to Surety, of whatever nature, whether heretofore or hereafter incurred, Indemnitors hereby assign, transfer and convey to Surety and grants Surety a security interest in all right, title, interest and estate of Indemnitors in and to all property, whether tangible or intangible, wherever situated, now owned or hereafter acquired, including but not limited to: (a) all rights of Indemnitors in all contracts whether bonded, unbonded or bonded by another surety, and all money or property due or to become due Indemnitors arising out of or in any way relating to same, including, but not limited to, accounts receivable, progress payments, deferred payments, retained percentages, compensation for extra work and claims and the proceeds thereof; (b) all the right, title and interest of Indemnitors in and to all machinery, equipment, vehicles, materials, inventory, furniture, goods, and personal and fixture property; (c) all money, cash, cash equivalents, bank accounts, deposit accounts (checking or savings), certificates of deposit, securities, bonds, negotiable instruments, instruments (including promissory notes), letter of credit rights, and all other investment property; (d) all subcontracts/purchase orders entered into and materials purchased in connection with any bonded contract, including material which is in the process of manufacture, in storage, or in transit to project; (e) all licenses, patents, copyrights and trade secrets; (f) all claims, causes of action, actions or demands and the proceeds thereof which Indemnitors may have against any party, whether arising out of a bonded contract or not; (g) all money, claims or causes of actions due, claimed or receivable on insurance policies including life insurance proceeds, builder risk policies, fire policies and casualty policies; (h) all warehouse receipts, bills of lading, general intangibles and farm products; (i) all tax refunds or claims for tax refunds; (j) all limited partnership and general partnership interests.  This Assignment shall be effective as of the date of this Agreement, but shall be enforceable only in the Event of Default.  Indemnitors hereby authorize Surety, at its option, to prosecute or enforce said assigned rights in the name of Surety or Indemnitors and to endorse and to collect in the name of Indemnitors or payee any checks, drafts, warrants or other instruments made or issued in payment of any such assigned rights.  Surety's exercise of any of its rights as a secured creditor under this Agreement shall not be a waiver of any of Surety's legal or equitable rights or remedies, including Surety's rights of subrogation.
10. **PERFECTION OF SECURITY INTEREST** – This Agreement shall constitute a Security Agreement
and a Financing Statement for the benefit of Surety in accordance with the Uniform Commercial Code and any similar statute and may also be used by Surety without in any way abrogating, restricting or limiting the rights of Surety.  The rights granted by this Section 9 shall only be activated should the Surety determine, in its sole discretion, one or more of the following: (a) the Indemnitors financial capacity has been, or may be, impaired; or (b) there has been or may be some other change or event that adversely affects the Surety's risk under the Bonds.  In furtherance of the rights granted by this Section 9, Indemnitors hereby grant the Surety a security interest in all properties, assets, rights, proceeds and products.  For the purposes of recording this Agreement or schedule, a photocopy or electronic image of this Agreement acknowledged before a Notary Public as being a true copy hereof shall be regarded as an original.
11. **TERMINATION** – This Agreement may be terminated as to any Indemnitors upon twenty (20) days
written notice sent by registered mail to the Surety at its home office at XL Specialty Insurance Company, 505 Eagleview Boulevard, Suite 100, Exton, PA, 19341, Attn:  Commercial Bond.  The notice shall not relieve the terminating Indemnitor from its obligations for: (i) any Bond executed prior to the Termination Date; or (ii) any Bond executed after the Termination Date which is a renewal or extension of a Bond issued prior to the Termination Date.
12. **CHOICE OF LAW** – This Agreement shall be governed by the laws of the State of New York, without resort to or application of any conflicts of law doctrine or principles of law.
13. **COUNTERPARTS AND ENTIRE AGREEMENT** - This Agreement may be executed in one or more counterparts, all of which taken together shall constitute and be considered one and the same agreement.  Delivery by means of electronic medium of an executed counterpart in an unalterable electronic format (including Portable Document Format (.pdf) and DocuSign format) will be deemed delivery of an original and shall bind such party.   This Agreement constitutes the entire agreement of the parties regarding the subject matter

 

hereof.  This Agreement may not be changed or modified orally. No change or modification shall be effective unless made by written endorsement executed by the parties to form a part hereof.

14. **EVENTS OF DEFAULT** – As used in this Agreement, any one or more of the following shall constitute an event of default ("Default"):
    (a) any notice of default by an obligee on any Bonds;
    (b) any actual breach or abandonment of any Bonds;
    (c) any improper diversion of Bond funds or the Indemnitors assets to the detriment of the bonded obligations;
    (d) the Indemnitors shall become a party in any insolvency, receivership, liquidation, or bankruptcy;
    (e) the Indemnitors makes representations to the Surety by or on behalf of any of the Indemnitors that prove to have been misleading or materially false when made;
    (f) the Indemnitors fail to provide collateral in response to a proper request made by the Surety; and/or
    (g) the Indemnitors breach or failure to perform any other provision of this Agreement.

15. **SEVERABILITY** - If any provision of this Agreement is deemed void or unenforceable under any law governing its construction or enforcement, this Agreement shall not be voided or terminated thereby, but shall be enforced with the same effect as though such provision were omitted.

**IN WITNESS HEREOF**, the Undersigned who are partnerships, corporations, or unincorporated associates, have caused the Agreement to be fully executed by their duly authorized representatives, the day and year first above written.  The Undersigned expressly waive any notice of acceptance of this Agreement by Surety.

| Attest or Witness | Indemnitor Company: Bridgelink Engineering, LLC |
|---|---|
| X *Cody Bissett* (DocuSigned by: 7EF9833CAA414BB...) | X *[signature]* (DocuSigned by: B3EA658A5F7747B...) |
| Name: Cody Bissett | Name: Cole W. Johnson |
| Title: Chief Financial Officer | Title: Chairman |
| | Address: 777 Main Street, Ste 2800 |
| | Fort Worth, TX, 76102 |
| | City, State, ZIP |

| Attest or Witness | Indemnitor Company: Bridgelink Commodities, LLC |
|---|---|
| X *Cody Bissett* (DocuSigned by: 7EF9833CAA414BB...) | X *[signature]* (DocuSigned by: B3EA658A5F7747B...) |
| Name: Cody Bissett | Name: Cole W. Johnson |
| Title: Chief Financial Officer | Title: Chairman |
| | Address: 777 Main Street, Ste 2800 |
| | Fort Worth, TX, 76102 |
| | City, State, ZIP |

General Agreement of Indemnity (12-24-2020)                                                                                                                 3

 

| Attest or Witness | Indemnitor Company: Bridgelink Investments, LLC |
|---|---|
| X *Cody Bissett* <br> Name: Cody Bissett <br><br> Title: Chief Financial Officer | X *[signature]* <br> Name: Cole W. Johnson <br><br> Title: Chairman <br><br> Address: 777 Main Street, Ste 2800 <br><br> Fort Worth, TX, 76102 <br><br> City, State, ZIP |

| Attest or Witness | Indemnitor Company: Bridgelink Development, LLC |
|---|---|
| X *Cody Bissett* <br> Name: Cody Bissett <br><br> Title: Chief Financial Officer | X *[signature]* <br> Name: Cole W. Johnson <br><br> Title: Chairman <br><br> Address: 777 Main Street, Ste 2800 <br><br> Fort Worth, TX, 76102 <br><br> City, State, ZIP |

| Attest or Witness | Indemnitor Company: Bridgelink Renewable Energy Investments, LLC |
|---|---|
| X *Cody Bissett* <br> Name: Cody Bissett <br><br> Title: Chief Financial Officer | X *[signature]* <br> Name: Cole W. Johnson <br><br> Title: Chairman <br><br> Address: 777 Main Street, Ste 2800 <br><br> Fort Worth, TX, 76102 <br><br> City, State, ZIP |

DocuSign Envelope ID: B5E7669A-FF67-4F22-A152-B5F6FB0B1F85




| Attest or Witness | Indemnitor Company: Intermountain Electric Service, Inc. |
|---|---|
| X *Cody Bissett* (DocuSigned)<br>Name: Cody Bissett<br>Title: Chief Financial Officer | X *[signature]* (DocuSigned)<br>Name: Cole W. Johnson<br>Title: Chairman<br>Address: 777 Main Street, Ste 2800<br>Fort Worth, TX, 76102<br>City, State, ZIP |

| Attest or Witness | Indemnitor Company: Bighorn Investments and Properties, LLC |
|---|---|
| X *Cody Bissett* (DocuSigned)<br>Name: Cody Bissett<br>Title: Chief Financial Officer | X *[signature]* (DocuSigned)<br>Name: Cole W. Johnson<br>Title: Chairman<br>Address: 777 Main Street, Ste 2800<br>Fort Worth, TX, 76102<br>City, State, ZIP |

| Attest or Witness | Indemnitor Company: Bighorn Construction and Reclamation, LLC |
|---|---|
| X *Cody Bissett* (DocuSigned)<br>Name: Cody Bissett<br>Title: Chief Financial Officer | X *[signature]* (DocuSigned)<br>Name: Cole W. Johnson<br>Title: Chairman<br>Address: 777 Main Street, Ste 2800<br>Fort Worth, TX, 76102<br>City, State, ZIP |

DocuSign Envelope ID: B5E7669A-FF67-4F22-A152-B5F6FB0B1F85




| ATTEST OR WITNESS | INDIVIDUAL: Cole W. Johnson |
|---|---|
| X *Cody Bissett*<br>Name: Cody Bissett | X *[signature]*<br>Name: Cole W. Johnson<br><br>Address: 1301 Old Tin Top Road<br>Weatehrford, TX, 76087<br>City, State, ZIP |
| ATTEST OR WITNESS | INDIVIDUAL: Cord H. Johnson |
| X *Cody Bissett*<br>Name: Cody Bissett | X *[signature]*<br>Name: Cord H. Johnson<br><br>Address: 127 Trace Drive<br>Weatherford, TX, 76087<br>City, State, ZIP |
| ATTEST OR WITNESS | INDIVIDUAL: Cassie J. Hamilton |
| X *Cody Bissett*<br>Name: Cody Bissett | X *[signature]*<br>Name: Cassie J. Hamilton<br><br>Address: 127 Trace Drive<br>Weatherford, TX, 76087<br>City, State, ZIP |

DocuSign Envelope ID: B5E7669A-FF67-4F22-A152-B5F6FB0B1F85

 

**IMPORTANT: Attach certified copy of Resolution authorizing execution of this instrument by Corporation or Limited Liability Company member.**

Case 1:21-cv-03068-BAH   Document 1-1   Filed 12/01/21   Page 8 of 8