# EXHIBIT B



EXHIBIT G

Bond No. US00104943SU21A

**Forms of Subcontractor Bonds**

**G1 – Subcontract Payment Bond**

KNOW ALL MEN BY THESE PRESENT: That <u>Bighorn Construction & Reclamation, LLC</u> as Principal, hereinafter called "Principal", and <u>XL Specialty Insurance Company</u>, as Surety, hereinafter called "Surety", are held and firmly bound unto DEPCOM Power, Inc., as Obligee, hereinafter called "Obligee", in the amount of <u>Five Million Five Hundred Fifty One Thousand Four Hundred Seventy Three and 00/100</u> U.S. Dollars ($ <u>5,551,473.00</u> ), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally firmly by these present.

WHEREAS, Principal has by written agreement dated <u>June 17, 2021</u> entered into a Subcontract with Obligee for the project called <u>MD70 "Richfield"</u>, which Subcontract is by reference made a part hereof, and is hereinafter referred to as the "Subcontract".

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly make payment to all Claimants as hereinafter defined, for all work, labor, material, machinery, or equipment used or reasonably required for use in the performance of said Subcontract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject; however to the following conditions:

1. The said Surety to this bond, for value received, hereby stipulates and agrees that no change or changes, extension of time or extensions of time, alteration or alterations, or addition or additions to the terms of the Subcontract or to the work to be performed thereunder, or the specifications or drawings accompanying same shall in any way affect its obligation on this bond, and it does hereby waive notice of any such change or changes, extension of time or extensions of time, alteration or alterations, addition or additions, to the terms of the Subcontract or to the work or to the specifications or drawings.

2. A Claimant is defined as any subcontractor or any person or entity supplying work, labor, materials, machinery, or equipment in the prosecution of the work provided for in said Subcontract.

3. Every person entitled to the protection hereunder and who has not been paid in full for work, labor, materials, machinery, or equipment furnished in the performance of the work under the Subcontract before the expiration of a period of one (1) year after the day on which the last of the work or labor was done or performed by him, or the last materials or equipment or machinery was furnished or supplied by him for which such claim is made, shall have the right to sue on this payment bond for the amount, or the balance thereof, unpaid at the time of the commencement of such action and to prosecute such action to final execution and judgment for the sum or sums due him; provided however, that any person that does not have a direct contractual relationship with the Principal furnishing said payment bond, shall have the right of action upon the said payment bond upon giving written notice to said Principal within ninety (90) days from the day on which such person did or performed the last of the work or labor, or furnished the last of the materials or machinery or equipment for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished or supplied or for whom the labor was performed or done; provided further that nothing contained herein shall limit the right of action to said ninety (90) day period. Notice may be served by depositing a notice, certified mail, postage prepaid, duly addressed to the Principal at any place he maintains an office or conducts his business, or his residence, in any post office or branch post office or any letter box under the control of the Post Office Department. The Obligee shall not be liable for the payment of any cost or expenses of any such suit, and the Surety will defend, indemnify, and hold harmless the Obligee for reasonable attorney's fees and costs to defend against any claims for non-payment made by any subcontractors, sub-subcontractors, or suppliers of Principal. No suit or action shall be commenced hereunder by any Claimant other than in a state court of competent jurisdiction in the county or other political subdivision of the state in which the work, or any part thereof, is located, or in the United States District Court for the district in which the work, or any part thereof, is located.



4.  It is expressly agreed with the Principal and the Surety, that the Obligee, if it desires to do so, is at liberty to make inquiries at any time of subcontractors, laborers, materialmen, or other parties concerning the status of payments for work, labor, materials or services furnished in the prosecution of the work.

5.  The Obligee will assist and cooperate with the Surety in the same way as the Obligee would the Principal but the Obligee will not be required to: A) perform any thing or act, B) give any notice, C) furnish any clerical assistance, D) render any service, E) furnish any papers or documents or, F) take any other action of any nature or description which is not required of the Obligee to be done under the Subcontract, including but not limited to any statute which requires Obligee to proceed to collect the debt from the Principal.

6.  The penal sum of this bond is defined in Section 8.2 of the Subcontract. It will be increased or decreased by the amount of each Change Order addition or deduction to the Subcontract Price if (a) it is clarified by a Change Order for such, or (b) the initial Subcontract Price increases by twenty percent (20%). All such penal sum changes shall be accompanied by a corresponding bond rider from Surety. The related increase or decrease in the bond premium will always be <u>included</u> as a part of any such Change Order amount <u>unless</u> stated otherwise on the face of the Change Order.

Signed and sealed this __25th__ day of __June__, 20__21__.

(SEAL)

_____
Witness

(SEAL)

_____
Witness

Bighorn Construction & Reclamation, LLC
PRINCIPAL

BY: _____
(Name) CORD JOHNSON
Title: CEO

Address: __777 Main Street, Suite 2800__

__Fort Worth, TX 76102__

XL Specialty Insurance Company
SURETY

BY: _____
Richard H. Mitchell
Attorney-in-Fact

Address: __70 Seaview Avenue__

__Stamford, CT 06902__

**Power of Attorney**
XL Specialty Insurance Company
XL Reinsurance America Inc.

**THIS IS NOT A BOND NUMBER**
**LIMITED POWER OF ATTORNEY**
XL 1613644

KNOW ALL MEN BY THESE PRESENTS: That XL Specialty Insurance Company, a Delaware insurance companies with offices located at 505 Eagleview Blvd., Exton, PA 19341, and XL Reinsurance America Inc., a New York insurance company with offices located at 70 Seaview Avenue, Stamford, CT 06902, , do hereby nominate, constitute, and appoint:

**Mark W. Edwards, II, Jeffrey M. Wilson, William M. Smith, Richard H. Mitchell, Anna Childress, Robert R. Freel, Alisa B. Ferris**

each its true and lawful Attorney(s)-in-fact to make, execute, attest, seal and deliver for and on its behalf, as surety, and as its act and deed, where required, any and all bonds and undertakings in the nature thereof, , for the penal sum of no one of which is in any event to exceed $100,000,000.00.

Such bonds and undertakings, when duly executed by the aforesaid Attorney (s) - in - Fact shall be binding upon each said Company as fully and to the same extent as if such bonds and undertakings were signed by the President and Secretary of the Company and sealed with its corporate seal.

The Power of Attorney is granted and is signed by facsimile under and by the authority of the following Resolutions adopted by the Board of Directors of each of the Companies on the 26th day of July 2017.

RESOLVED, that Gary Kaplan, Daniel Riordan, Maria Duhart, Gregory Boal and Kevin Mirsch are hereby appointed by the Board as authorized to make, execute, seal and deliver for and on behalf of the Company, any and all bonds, undertakings, contracts or obligations in surety or co-surety with others and that the Secretary or any Assistant Secretary of the Company be and that each of them hereby is authorized to attest the execution of any such bonds, undertakings, contracts or obligations in surety or co-surety and attach thereto the corporate seal of the Company.

RESOLVED, FURTHER, that Gary Kaplan, Daniel Riordan, Maria Duhart, Gregory Boal and Kevin Mirsch each is hereby authorized to execute powers of attorney qualifying the attorney named in the given power of attorney to execute, on behalf of the Company, bonds and undertakings in surety or co-surety with others, and that the Secretary or any Assistant Secretary of the Company be, and that each of them is hereby authorized to attest the execution of any such power of attorney, and to attach thereto the corporate seal of the Company.

RESOLVED, FURTHER, that the signature of such officers named in the preceding resolutions and the corporate seal of the Company may be affixed to such powers of attorney or to any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be thereafter valid and binding upon the Company with respect to any bond, undertaking, contract or obligation in surety or co-surety with others to which it is attached.

IN WITNESS WHEREOF, the XL SPECIALTY INSURANCE COMPANY has caused its corporate seal to be hereunto affixed, and these presents to be signed by its duly authorized officers this April 28th, 2021.

**XL SPECIALTY INSURANCE COMPANY**

by: *Gregory Boal, VICE PRESIDENT*

STATE OF PENNSYLVANIA
COUNTY OF CHESTER

Attest: *Kevin M. Mirsch, ASSISTANT SECRETARY*

On this 28th day of April, 2021, before me personally came Gregory Boal to me known, who, being duly sworn, did depose and say: that he is Vice President of XL SPECIALTY INSURANCE COMPANY, described in and which executed the above instrument; that he knows the seals of said Companies; that the seals affixed to the aforesaid instrument is such corporate seals and were affixed thereto by order and authority of the Boards of Directors of said Companies; and that he executed the said instrument by like order.

Commonwealth of Pennsylvania - Notary Seal
S. Grace Freed-Brown, Notary Public
Chester County
My commission expires March 5, 2022
Commission number 1322812
Member, Pennsylvania Association of Notaries

*S. Grace Freed-Brown, NOTARY PUBLIC*

SB0042

Page 1 of 2

STATE OF PENNSYLVANIA
COUNTY OF CHESTER

I, Kevin M. Mirsch, Assistant Secretary of XL SPECIALTY INSURANCE COMPANY, a corporation of the State of Delaware, do hereby certify that the above and forgoing is a full, true and correct copy of a Power of Attorney issued by said Companies, and that I have compared same with the original and that it is a correct transcript therefrom and of the whole of the original and that the said Power of Attorney is still in full force and effect and has not been revoked.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Corporation, at the City of Exton, this 25th day of June, 2021



Kevin M. Mirsch, ASSISTANT SECRETARY

IN WITNESS WHEREOF, XL REINSURANCE AMERICA INC. has caused its corporate seal to be hereunto affixed, and these presents to be signed by its duly authorized officers this 28th day of April, 2021.



XL REINSURANCE AMERICA INC.

by: Gregory Boal, VICE PRESIDENT

Attest: Kevin M. Mirsch, ASSISTANT SECRETARY

STATE OF PENNSYLVANIA
COUNTY OF CHESTER

On this 28th day of April, 2021, before me personally came Gregory Boal to me known, who, being duly sworn, did depose and say: that he is Vice President of XL REINSURANCE AMERICA INC., described in and which executed the above instrument; that he knows the seal of said Corporation; that the seal affixed to the aforesaid instrument is such corporate seal and was affixed thereto by order and authority of the Board of Directors of said Corporation, and that he executed the said instrument by like order.

Commonwealth of Pennsylvania - Notary Seal
S. Grace Freed-Brown, Notary Public
Chester County
My commission expires March 5, 2022
Commission number 1322812
Member, Pennsylvania Association of Notaries

S. Grace Freed-Brown, NOTARY PUBLIC

STATE OF PENNSYLVANIA
COUNTY OF CHESTER

I, Kevin M. Mirsch, Assistant Secretary of XL REINSURANCE AMERICA INC. a corporation of the State of New York, do hereby certify that the person who executed this Power of Attorney, with the rights, respectively of XL REINSURANCE AMERICA INC., do hereby certify that the above and forgoing is a full, true and correct copy of a Power of Attorney issued by said Corporation, and that I have compared same with the original and that it is a correct transcript therefrom and of the whole original and that the said Power of Attorney is still in full force and effect and has not been revoked.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Corporation, at the City of Exton, this ___ day of _____.



Kevin M. Mirsch, ASSISTANT SECRETARY

This Power of Attorney may not be used to execute any bond with an inception date after 4/28/2023



Bond No. US00104943SU21A

## G2 – Subcontract Performance Bond

KNOW ALL MEN BY THESE PRESENT: That <u>Bighorn Construction & Reclamation, LLC</u> as Principal, hereinafter called "Principal", and <u>XL Specialty Insurance Company</u>, as Surety, hereinafter called "Surety", are held and firmly bound unto DEPCOM Power, Inc., as Obligee, hereinafter called "Obligee", in the amount of <u>Five Million Five Hundred Fifty One Thousand Four Hundred Seventy Three and 00/100</u> U.S. Dollars ($ <u>5,551,473.00</u> ), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally firmly by these present.

WHEREAS, Principal has by written agreement dated <u>June 17, 2021</u> entered into a Subcontract with Obligee for the project called <u>MD70 "Richfield"</u>, which Subcontract is by reference made a part hereof, and is hereinafter referred to as the "Subcontract".

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly (meaning within the time constraints of said Subcontract) and faithfully perform and comply with the terms and conditions of said Subcontract, including any and all amendments, supplements, and alterations made to the Subcontract as therein provided, and shall indemnify and save harmless the Obligee against and from all costs, expenses, damages, injury or loss (including attorney's fees) to which said Obligee may be subjected by reason of any breach or default by Principal including, but not limited to, patent infringement, misconduct, want of care or skill, default or failure of performance on the part of said Principal, its agents, subcontractors or employees, in the execution or performance of said Subcontract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

1. The said Surety to this bond, for value received, hereby stipulates and agrees that no change or changes, extension of time or extensions of time, alterations or addition or additions to the terms of the Subcontract or to the work to be performed thereunder, or the specifications or drawings accompanying same shall in any way affect its obligation on this bond, and it does hereby waive notice of any such change or changes, extension of time or extensions of time, alteration or alterations, or drawings. This bond shall extend to and cover any extra work or changes performed by Subcontractor pursuant to the Subcontract.

2. If pursuant to the Subcontract, the Principal shall be declared in default by the Obligee under the Subcontract, the Surety shall promptly remedy the default or defaults or shall promptly perform the Subcontract in accordance with its terms and conditions. After the Surety receives a declaration of default from the Obligee it shall be the duty of the Surety to give an unequivocal notice in writing to the Obligee of the Surety's election to (1) remedy the default or defaults promptly, or (2) perform the Subcontract promptly, time being of the essence. It shall then be the duty of the Surety to give prompt notice in writing to the Obligee immediately upon completion of: A) the remedy and/or correction of each default, B) the remedy and/or correction of each item of rejected work, C) the furnishing of each omitted item of work and, D) the performance of Subcontract. The Surety shall give the above referenced unequivocal notice in writing to the Obligee promptly so that the completion date requirements of the Subcontract can be met.

3. The Obligee will assist and cooperate with the Surety in the same way as the Obligee would the Principal, but the Obligee will not be required to: A) perform anything or act, B) give any notice, C) furnish any clerical assistance, D) render any service, E) furnish any papers or documents or, F) take any other action of any nature or description which is not required of the Obligee to be done under the Subcontract, including but not limited to any statute which requires Obligee to proceed to collect the debt from the Principal.

4. The balance of the Subcontract price, as defined below, shall be credited against the reasonable cost of completing performance of this Subcontract. If completed by the Obligee, and the reasonable cost exceeds the balance of the Subcontract price, the Surety shall pay to the Obligee such excess, but in no event shall the aggregate liability of the Surety exceed the penal sum of this bond. If the Surety arranges completion and remedies any default, that portion of the balance of the Subcontract price as may be required to complete the Subcontract or remedy default will be used to reimburse the Surety for its costs and shall be paid to the Surety at the times and in the manner as said sums would have been payable to Principal had there been no default under this Subcontract. The term "balance of the Subcontract price", as used in this paragraph, shall mean the total amount payable by Obligee to Principal under the Subcontract and any amendments thereto, less the amounts heretofore properly paid by Obligee under this Subcontract.



5.  Any suit under this bond must be instituted before the expiration of two years from date on which final payment of the Subcontract is due under the Subcontract or the expiration of the warranty period required by the Subcontract, whichever is longer. In the event that any legal action is brought by the Obligee to enforce the obligations of this Performance Bond, Obligee shall be entitled to recover reasonable attorneys' fees and costs from the Surety, including such fees and costs for any appeals. If the provisions of this paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

6.  No right of action shall accrue on this bond to or for the use of any person or corporation other than the Obligee named herein or the heirs, executors, administrators or successors of the Obligee.

7.  The penal sum of this bond is defined in Section 8.2 of the Subcontract. It will be increased or decreased by the amount of each Change Order addition or deduction to the Subcontract Price if (a) it is clarified by a Change Order for such, or (b) the initial Subcontract Price increases by twenty percent (20%). All such penal sum changes shall be accompanied by a corresponding bond rider from Surety. The related increase or decrease in the bond premium will always be <u>included</u> as a part of any such Change Order amount <u>unless</u> stated otherwise on the face of the Change Order.

Signed and sealed this __25th__ day of __June__ 20_21_.

(SEAL)

_____
Witness

Bighorn Construction & Reclamation, LLC
PRINCIPAL

BY: _____
     (Name) CORD JOHNSON
Title: CEO

Address: 777 Main Street, Suite 2800

Fort Worth, TX 76102

(SEAL)

_____
Witness

XL Specialty Insurance Company
SURETY

BY: _____
    Richard H. Mitchell
    Attorney-in-Fact

Address: 70 Seaview Avenue

Stamford, CT 06902

Power of Attorney
XL Specialty Insurance Company
XL Reinsurance America Inc.

THIS IS NOT A BOND NUMBER
LIMITED POWER OF ATTORNEY
XL 1613645

KNOW ALL MEN BY THESE PRESENTS: That XL Specialty Insurance Company, a Delaware insurance companies with offices located at 505 Eagleview Blvd., Exton, PA 19341, and XL Reinsurance America Inc., a New York insurance company with offices located at 70 Seaview Avenue, Stamford, CT 06902, , do hereby nominate, constitute, and appoint:

**Mark W. Edwards, II, Jeffrey M. Wilson, William M. Smith, Richard H. Mitchell, Anna Childress, Robert R. Freel, Alisa B. Ferris**

each its true and lawful Attorney(s)-in-fact to make, execute, attest, seal and deliver for and on its behalf, as surety, and as its act and deed, where required, any and all bonds and undertakings in the nature thereof, , for the penal sum of no one of which is in any event to exceed $100,000,000.00.

Such bonds and undertakings, when duly executed by the aforesaid Attorney (s) - in - Fact shall be binding upon each said Company as fully and to the same extent as if such bonds and undertakings were signed by the President and Secretary of the Company and sealed with its corporate seal.

The Power of Attorney is granted and is signed by facsimile under and by the authority of the following Resolutions adopted by the Board of Directors of each of the Companies on the 26th day of July 2017.

RESOLVED, that Gary Kaplan, Daniel Riordan, Maria Duhart, Gregory Boal and Kevin Mirsch are hereby appointed by the Board as authorized to make, execute, seal and deliver for and on behalf of the Company, any and all bonds, undertakings, contracts or obligations in surety or co-surety with others and that the Secretary or any Assistant Secretary of the Company be and that each of them hereby is authorized to attest the execution of any such bonds, undertakings, contracts or obligations in surety or co-surety and attach thereto the corporate seal of the Company.

RESOLVED, FURTHER, that Gary Kaplan, Daniel Riordan, Maria Duhart, Gregory Boal and Kevin Mirsch each is hereby authorized to execute powers of attorney qualifying the attorney named in the given power of attorney to execute, on behalf of the Company, bonds and undertakings in surety or co-surety with others, and that the Secretary or any Assistant Secretary of the Company be, and that each of them is hereby authorized to attest the execution of any such power of attorney, and to attach thereto the corporate seal of the Company.

RESOLVED, FURTHER, that the signature of such officers named in the preceding resolutions and the corporate seal of the Company may be affixed to such powers of attorney or to any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be thereafter valid and binding upon the Company with respect to any bond, undertaking, contract or obligation in surety or co-surety with others to which it is attached.

IN WITNESS WHEREOF, the XL SPECIALTY INSURANCE COMPANY has caused its corporate seal to be hereunto affixed, and these presents to be signed by its duly authorized officers this April 28th, 2021.

**XL SPECIALTY INSURANCE COMPANY**

by: *Gregory Boal*

Gregory Boal, VICE PRESIDENT

STATE OF PENNSYLVANIA
COUNTY OF CHESTER

Attest: *Kevin M. Mirsch*

Kevin M. Mirsch, ASSISTANT SECRETARY

On this 28th day of April, 2021, before me personally came Gregory Boal to me known, who, being duly sworn, did depose and say: that he is Vice President of XL SPECIALTY INSURANCE COMPANY, described in and which executed the above instrument; that he knows the seals of said Companies; that the seals affixed to the aforesaid instrument is such corporate seals and were affixed thereto by order and authority of the Boards of Directors of said Companies; and that he executed the said instrument by like order.

Commonwealth of Pennsylvania - Notary Seal
S. Grace Freed-Brown, Notary Public
Chester County
My commission expires March 5, 2022
Commission number 1322812
Member, Pennsylvania Association of Notaries

*S. Grace Freed-Brown*

S. Grace Freed-Brown, NOTARY PUBLIC

STATE OF PENNSYLVANIA
COUNTY OF CHESTER

I, Kevin M. Mirsch, Assistant Secretary of XL SPECIALTY INSURANCE COMPANY, a corporation of the State of Delaware, do hereby certify that the above and forgoing is a full, true and correct copy of a Power of Attorney issued by said Companies, and that I have compared same with the original and that it is a correct transcript therefrom and of the whole of the original and that the said Power of Attorney is still in full force and effect and has not been revoked.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Corporation, at the City of Exton, this 25th day of June, 2021



Kevin M. Mirsch, ASSISTANT SECRETARY

IN WITNESS WHEREOF, XL REINSURANCE AMERICA INC. has caused its corporate seal to be hereunto affixed, and these presents to be signed by its duly authorized officers this 28th day of April, 2021.



XL REINSURANCE AMERICA INC.

by: Gregory Boal, VICE PRESIDENT

Attest: Kevin M. Mirsch, ASSISTANT SECRETARY

STATE OF PENNSYLVANIA
COUNTY OF CHESTER

On this 28th day of April, 2021, before me personally came Gregory Boal to me known, who, being duly sworn, did depose and say: that he is Vice President of XL REINSURANCE AMERICA INC., described in and which executed the above instrument; that he knows the seal of said Corporation; that the seal affixed to the aforesaid instrument is such corporate seal and was affixed thereto by order and authority of the Board of Directors of said Corporation, and that he executed the said instrument by like order.

Commonwealth of Pennsylvania - Notary Seal
S. Grace Freed-Brown, Notary Public
Chester County
My commission expires March 5, 2022
Commission number 1322812
Member, Pennsylvania Association of Notaries

S. Grace Freed-Brown, NOTARY PUBLIC

STATE OF PENNSYLVANIA
COUNTY OF CHESTER

I, Kevin M. Mirsch, Assistant Secretary of XL REINSURANCE AMERICA INC. a corporation of the State of New York, do hereby certify that the person who executed this Power of Attorney, with the rights, respectively of XL REINSURANCE AMERICA INC., do hereby certify that the above and forgoing is a full, true and correct copy of a Power of Attorney issued by said Corporation, and that I have compared same with the original and that it is a correct transcript therefrom and of the whole original and that the said Power of Attorney is still in full force and effect and has not been revoked.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Corporation, at the City of Exton, this ___ day of _____.



Kevin M. Mirsch, ASSISTANT SECRETARY

This Power of Attorney may not be used to execute any bond with an inception date after 4/28/2023