UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>BIGHORN CONSTRUCTION AND RECLAMATION, LLC, BRIDGELINK ENGINEERING, LLC, BRIDGELINK COMMODITIES, LLC, BRIDGELINK INVESTMENTS, LLC, BRIDGELINK DEVELOPMENT, LLC, BRIDGELINK RENEWABLE ENERGY INVESTMENTS LLC, INTERMOUNTAIN ELECTRIC SERVICE, INC., BIGHORN INVESTMENTS AND PROPERTIES, LLC, COLE W. JOHNSON, CORD H. JOHNSON, CASSIE J. HAMILTON,<br><br>    Defendants. | Civil Action No. 1:21-cv-03068 (GLR) |

## ORDER FOR TEMPORARY INJUNCTION AND SETTING HEARING FOR PRELIMINARY INJUNCTION

THIS MATTER having been opened to the Court by Trif and Modugno, LLC, appearing, attorneys for plaintiff, XL Specialty Insurance Company ("Plaintiff"), on notice to defendants, Bridgelink Engineering, LLC, Bridgelink Commodities, LLC, Bridgelink Investments, LLC, Bridgelink Development, LLC, Bridgelink Renewable Energy Investments LLC, Intermountain Electric Service, Inc., Bighorn

Investments and Properties, LLC, Bighorn Construction and Reclamation, LLC, Cole W. Johnson, Cord H. Johnson, and Cassie J. Hamilton (collectively, the "Indemnitors"), on Plaintiff's application for the issuance of an Order to Show Cause; and the Court having read and considered the Verified Complaint the supporting memorandum of law submitted herewith, and this Order; and for good cause shown,

    IT IS on this _____ day of December, 2021

    **ORDERED** that Indemnitors show cause before this Court, at Room ___, 101 West Lombard Street, MD 21201 on the ____ day of _____, 2021 at ____ a.m., or as soon thereafter as counsel can be heard, why a preliminary injunctive Order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure as follows,

    (1)    Directing Indemnitors, and each of them, and their officers, agents, employees, attorneys and other persons acting on their behalf, to deposit collateral with the Plaintiff in the amount of $2,000,000, or, alternatively, enjoining and restraining Indemnitors, and each of them, and their officers, agents, employees, attorneys and other persons acting on their behalf, from transferring, conveying, selling, encumbering, in any manner, any property or assets, which are jointly or solely owned by the Indemnitors;

(2) To the extent Indemnitors do not deposit the collateral required, an Order to operate as a lien, mortgage or other encumbrance on the assets of each Indemnitor in the amount of $2,000,000 and allowing Plaintiff to file such an Order with the secretary of state(s), counties, municipalities, townships, parishes, cities, and/or wherever else the Indemnitors' property may be located;

(3) Directing Indemnitors, and each of them, and their officers, agents, employees, attorneys, and other persons acting on their behalf; to provide Plaintiff with full and complete access to all of Indemnitors' books, records, and other documents, including financial book, records, documents and accounts maintained by them or any of them in which they may have an interest for inspection and copying;

(4) Directing Indemnitors, and each of them, and their officers, agents, employees, attorneys, and other persons acting on their behalf; to render Plaintiff a full and complete accounting of all assets owned by them or any one of them in which they or any one of them may have an interest;

(5) Enjoining and restraining Indemnitors, and each of them, and their officers, agents, employees, attorneys and other persons acting on their behalf, from destroying, deleting, tampering, altering or otherwise changing their books, records and other documents maintained by them or any of them; and,

(6) Granting any other relief that this Court deems just and equitable;

**IT IS FURTHER ORDERED** that pending the hearing of Plaintiff's Order to Show Cause, the Indemnitors and their officers, agents, employees, attorneys, and other persons acting on their behalf, are hereby:

(1) Directed, within \_\_\_\_\_ days of this Order, to deposit collateral with the Plaintiff in the amount of $2,000,000; if Indemnitors do not deposit the collateral required, this Order to Show Cause shall operate as a lien, mortgage or other encumbrance on the assets of each Indemnitor in the amount of $2,000,000, and Plaintiff is authorized to file this Order with the secretary of state(s), counties, municipalities, townships, parishes, cities, and/or wherever else the Indemnitors' property may be located:

(2) Enjoined and restrained from transferring, conveying, selling, encumbering, in any manner, any property or assets, which are jointly or solely owned by the Indemnitors, unless and until the collateral is deposited;

(3) Directed, within _____ days of this Order, to provide Plaintiff with full and complete access to all of Indemnitors' books, records, and other documents, including financial books, records, documents and accounts maintained by them or any of them in which they may have an interest, for inspection and copying;

(4) Enjoined and restrained from destroying, deleting, tampering, altering or otherwise changing their books, records and other documents maintained by them or any of them; and.

**IT IS FURTHER ORDERED** that security in the amount of $ _____ be posted by defendant on or before_____ 2021; and,

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court, including, but not limited to, serving a request for Documents, Interrogatories, and the taking of depositions of witnesses with knowledge of the facts involved herein. Any such document request, interrogatories or depositions shall be on three (3) days' notice; and,

**IT IS FURTHER ORDERED,** Indemnitors shall serve any opposition papers upon Kevin Brotspies, Esq., Trif & Modugno, 89 Headquarters Plaza, North Tower, Suite 1201, Morristown, New Jersey 07960 counsel for Plaintiff and file the same with the Court on or before _____; and that, in default thereof, this matter may proceed *ex parte*; and,

**IT IS FURTHER ORDERED** that if counsel for the Plaintiff intends to file reply papers, the same shall be served upon counsel for the Indemnitors and filed with the Court on or before _____; and,

**IT IS FURTHER ORDERED** that counsel for Plaintiff shall serve a copy of this Order to all Indemnitors within _____ days of receipt of this Order.

This Order is entered to maintain the status quo and is without prejudice to the merits, claims, or defenses that have been or may be asserted in this litigation.

**SO ORDERED**

_____
, U.S.D.J.