UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **XL SPECIALTY INSURANCE COMPANY** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.:<br>1:21-cv-03068-GLR |
| **BIGHORN CONSTRUCTION AND RECLAMATION, LLC, et al.** | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER TO VERIFIED COMPLAINT

Defendants Bighorn Construction and Reclamation, LLC, Bridgelink Engineering, LLC, Bridgelink Commodities, LLC, Bridgelink Investments, LLC, Bridgelink Development, LLC, Bridgelink Renewable Energy Investments LLC, Intermountain Electric Service, Inc., Bighorn Investments and Properties, LLC, Cole W. Johnson, Cord H. Johnson, and Cassie J. Hamilton (collectively, "Bighorn" or "Indemnitors"), by undersigned counsel and pursuant to Fed. R. Civ. P. 8, hereby file this Answer to Verified Complaint, and state the following:

## RESPONSES TO SPECIFIC ALLEGATIONS

1.   Defendants admit the allegations contained in paragraph 1 of the Verified Complaint.

2.   Defendants admit the allegations contained in paragraph 2 of the Verified Complaint.

3.   Defendants admit the allegations contained in paragraph 3 of the Verified Complaint.

4.   Defendants deny the allegations contained in paragraph 4 of the Verified Complaint regarding place of incorporation.

5. Defendants deny the allegations contained in paragraph 5 of the Verified Complaint regarding place of incorporation.

6. Defendants admit the allegations contained in paragraph 6 of the Verified Complaint.

7. Defendants deny the allegations contained in paragraph 7 of the Verified Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Verified Complaint.

9. Defendants deny the allegations contained in paragraph 9 of the Verified Complaint regarding place of incorporation.

10. Defendants deny the allegations contained in paragraph 10 of the Verified Complaint regarding place of incorporation.

11. Defendants deny the allegations contained in paragraph 11 of the Verified Complaint regarding place of incorporation.

12. Defendants admit the allegations contained in paragraph 12 of the Verified Complaint.

13. Defendants admit the allegations contained in paragraph 13 of the Verified Complaint.

14. Defendants admit the allegations contained in paragraph 14 of the Verified Complaint.

15. Defendants admit the allegations contained in paragraph 15 of the Verified Complaint.

16. Defendants admit the allegations contained in paragraph 16 of the Verified Complaint.

17. Defendants admit the allegations contained in paragraph 17 of the Verified Complaint.

18. Defendants admit the allegations contained in paragraph 18 of the Verified Complaint.

19. Defendants admit the allegations contained in paragraph 19 of the Verified Complaint.

20. Defendants admit the allegations contained in paragraph 20 of the Verified Complaint.

21. Defendants admit the allegations contained in paragraph 21 of the Verified Complaint.

22. Defendants admit the allegations contained in paragraph 22 of the Verified Complaint.

23. Defendants admit the allegations contained in paragraph 23 of the Verified Complaint.

24. Defendants admit the allegations contained in paragraph 24 of the Verified Complaint.

25. Defendants admit the allegations contained in paragraph 25 of the Verified Complaint.

26. Defendants admit the allegations contained in paragraph 26 of the Verified Complaint.

27. Defendants admit the allegations contained in paragraph 27 of the Verified Complaint.

28. Defendants admit the allegations contained in paragraph 28 of the Verified Complaint.

29. Defendants admit the allegations contained in paragraph 29 of the Verified Complaint.

30. Defendants lacks sufficient information to admit or deny the allegations contained in paragraph 30 of the Verified Complaint and, therefore, denies the same.

31. Defendants lacks sufficient information to admit or deny the allegations contained in paragraph 31 of the Verified Complaint and, therefore, denies the same.

32. Defendants admit the allegations contained in paragraph 32 of the Verified Complaint.

33. Defendants lacks sufficient information to admit or deny the allegations contained in paragraph 33 of the Verified Complaint and, therefore, denies the same.

34. Defendants lacks sufficient information to admit or deny the allegations contained in paragraph 34 of the Verified Complaint and, therefore, denies the same.

35. Defendants deny the allegations contained in paragraph 35 of the Verified Complaint.

36. Defendants admit the allegations contained in paragraph 36 of the Verified Complaint.

37. Defendants admit the allegations contained in paragraph 37 of the Verified Complaint.

38. Defendants admit the allegations contained in paragraph 38 of the Verified Complaint.

39. Defendants admit the allegations contained in paragraph 39 of the Verified Complaint.

40. Defendants admit the allegations contained in paragraph 40 of the Verified Complaint.

41. Defendants admit the allegations contained in paragraph 41 of the Verified Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Verified Complaint.

43. Defendants admit the allegations contained in paragraph 43 of the Verified Complaint.

44. Defendants admit the allegations contained in paragraph 44 of the Verified Complaint.

45. Defendants admit that they have failed to deposit collateral with Plaintiff, but Defendants deny that such a deposit is necessary or warranted under the facts and circumstances surrounding the Monmouth project.

46. Defendants admit the allegations contained in paragraph 46 of the Verified Complaint.

47. Plaintiff's communication to Defendants dated November 17, 2021 is a written document that speaks for itself. To the extent Plaintiff's characterization of the communication does not match the language of the communication, Defendants deny the improper inferences.

48. Defendants admit that they have been in communication with XL seeking to resolve this matter and that, to date, no access to Defendants books and records has been provided. Defendants deny the remaining allegations contained in paragraph 48 of the Verified Complaint.

49. Defendants admit that they have not deposited collateral with XL or provided access to their financial statements, books, records and accounts to XL.  Defendants deny the remaining allegations contained in paragraph 49 of the Verified Complaint.

50. Defendants reassert each and every response and defense set forth above and expressly incorporate them as if fully set out herein.

51. Defendants admit the allegations contained in paragraph 51 of the Verified Complaint.

52. Defendants admit the allegations contained in paragraph 52 of the Verified Complaint.

53. Defendants admit that the language of Paragraph 8 of the Indemnity Agreement is accurately quoted.

54. Defendants admit that they have refused to deposit collateral with XL.  Defendants deny the remaining allegations contained in paragraph 54 of the Verified Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Verified Complaint.

56. Defendants reassert each and every response and defense set forth above and expressly incorporate them as if fully set out herein.

57. Defendants admit that the quoted language accurately captures a portion of the Indemnity Agreement.  Defendants deny the remaining allegations contained in paragraph 57 of the Verified Complaint.

58. Defendants admit the allegations contained in paragraph 58 of the Verified Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Verified Complaint. In response to XL's demands, Defendants agreed to provide access to financial books and records on several occasions, but XL simply never responded to requests from Defendants that XL identify the books and records and it wanted to review.

60. Defendants deny the allegations contained in paragraph 60 of the Verified Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Verified Complaint.

62. Defendants reassert each and every response and defense set forth above and expressly incorporate them as if fully set out herein.

63. Defendants admit that a portion of paragraph 3 of the Indemnity Agreement is accurately quoted in paragraph 63 of the Verified Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Verified Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Verified Complaint.

66. Defendants reassert each and every response and defense set forth above and expressly incorporate them as if fully set out herein.

67. The assertions contained in paragraph 67 of the Verified Complaint are not factual averments but rather statement and conclusions of law. To the extent required, Defendants deny the assertions contained in paragraph 67 of the Verified Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Verified Complaint.

69. Defendants admit the allegations contained in paragraph 69 of the Verified Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Verified Complaint.

71. Defendants reassert each and every response and defense set forth above and expressly incorporate them as if fully set out herein.

72. Defendants lack sufficient information either to admit or deny the allegations contained in paragraph 72 of the Verified Complaint and, therefore, deny the same.

73. Defendants deny the allegations contained in paragraph 73 of the Verified Complaint.

74. Defendants lack sufficient information either to admit or deny the allegations contained in paragraph 74 of the Verified Complaint and, therefore, deny the same.

75. Defendants reassert each and every response and defense set forth above and expressly incorporate them as if fully set out herein.

76. The assertions contained in paragraph 76 of the Verified Complaint are not factual averments but rather statement and conclusions of law.  To the extent required, Defendants deny the assertions contained in paragraph 76 of the Verified Complaint.

77. Defendants are taking all necessary steps to pay any legitimate claims made on the Depcom and Monmouth projects and is not presently aware of any payments that XL was "required to make."  Accordingly, Defendants deny the allegations contained in paragraph 77 of the Verified Complaint.

4887-9267-9177 v.1 071448/01500, 12:21 PM, 02/03/2022

78. Defendants obligations to pay for certain claims arising on the Depcom and Monmouth projects are governed by the underlying contracts and agreements between the parties to those projects. Defendants have been working diligently with the participants on both projects to resolve any and all claims with the expectation that XL will not have any financial exposure to such claims. Accordingly, Defendants deny the allegations contained in paragraph 78 of the Verified Complaint.

79. Defendants reassert each and every response and defense set forth above and expressly incorporate them as if fully set out herein.

80. The assertions contained in paragraph 80 of the Verified Complaint are not factual averments but rather statement and conclusions of law. To the extent required, Defendants deny the assertions contained in paragraph 80 of the Verified Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Verified Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff materially breached the Indemnity Agreement by not fairly and reasonably, in violation of its duty of good faith and fair dealing, conducting an investigation of the claims asserted on the Depcom and Monmouth projects.

2. Plaintiff materially breached the Indemnity Agreement by not fairly and reasonably assessing, in violation of its duty of good faith and fair dealing, its exposure to the claims asserted on the Depcom and Monmouth projects, including defenses and explanations provided by Defendants.

3. Plaintiff has failed to set forth a cause of action upon which relief can be granted.

        /s/ Thurman W. Zollicoffer, Jr.
Thurman W. Zollicoffer, Jr. (Fed. Bar #23256)
Matthew S. Sturtz (Fed. Bar #08269)
Nelson Mullins Riley & Scarborough LLP
100 S. Charles Street, Suite 1600
Baltimore, Maryland 21201
Thurman.zollicoffer@nelsonmullins.com
Matt.sturtz@nelsonmullins.com
443-392-9419 (telephone)
443-392-9499 (facsimile)

*Attorneys for Defendants Bighorn Construction and Reclamation, Bridgelink Engineering, LLC, Bridgelink Commodities, LLC, Bridgelink Investments, LLC, Bridgelink Development, LLC, Bridgelink Renewable Energy Investments, LLC, Intermountain Electric Service, Inc., Bighorn Investments and Properties, LLC, Cole W. Johnson, Cord H. Johnson, Cassie J. Hamilton*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served upon all counsel of record via ECF electronic filing on this 3rd day of February, 2022.

        /s/ Thurman W. Zollicoffer, Jr.
Thurman W. Zollicoffer, Jr.

4887-9267-9177 v.1 071448/01500, 12:21 PM, 02/03/2022