UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>GEORGE L. RUSSELL, III<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

STANDING ORDER ON DISCOVERY PROCEDURES

Dear Counsel:

　　Please be advised that discovery is governed by the following procedures, to which counsel must adhere.

1. Counsel are required to have read and comply with the Federal Rules of Civil Procedure, Local Rules of this Court, Discovery Guidelines of this Court (Appendix A to the Local Rules), and, with respect to discovery of Electronically Stored Information ("ESI"), the Suggested Protocol for Discovery of ESI, posted on the Court's website, www.mdd.uscourts.gov, except as otherwise specified in these procedures or by order of the Court.  In addition, all counsel of record will read Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354 (D. Md. 2008)[1], and will conduct discovery in accordance with the principles discussed therein, which includes an obligation to cooperate during the conduct of discovery, as well as to limit the cost of discovery so that it is proportional to what is at issue in the case.

2. In cases where a party is represented by more than one attorney of record, no discovery motion, response or opposition may be filed unless the senior attorney of record has read the contents of the motion and any supporting memorandum and exhibits.

3. All discovery requests, responses and objections are governed by the requirements of Rule 26(g) and counsel and parties shall be familiar with the requirements of the rule and the sanctions that may be imposed for failure to comply with it.  All discovery responses, answers (including answers to interrogatories and document production requests), and disclosures are to be complete and non-evasive, as required by Rule 37(a)(4).  Evasive or incomplete discovery responses, answers or disclosures will be deemed to be a failure to respond, answer or disclose.

4. If a party responding to a discovery request, including interrogatories and document production requests, objects, in whole or part, to the discovery, objections must be specific, non-boilerplate and supported by particularized facts where necessary to demonstrate the basis for the objection.  Failure to do so constitutes a waiver of the objection.  Marens v. Carrabba's Italian Grill, Inc., 196 F.R.D. 35 (D. Md. 2000); Thompson v. HUD, 199 F.R.D. 168 (D. Md. 2001), Hall v. Sullivan, 231 F.R.D. 468 (D. Md. 2005).  Similarly, assertions of privilege or work product immunity as a basis for refusing to provide discovery must be

---

[1] http://www2.mdd.uscourts.gov/Opinions/Opinions/Mancia%20v.%20Mayflower_Opinion_10.15.08.pdf

particularized, Rule 26(b)(5), and accompanied by the information required by Discovery Guidelines 6 and 9.c.  Failure to do so may be deemed by the Court to be a waiver of the privilege/immunity.  <u>Hall v. Sullivan</u>, 231 F.R.D. 468 (D. Md. 2005); <u>Victor Stanley Inc. v. Creative Pipe Inc.</u>, 250 F.R.D. 251 (D. Md. 2008).  In responding to document production requests parties will comply with the procedures stated in <u>Lee v. Flagstaff Industries, Corp.</u>, 173 F.R.D. 651 (D. Md. 1997), and if the documents or ESI requested is not to be produced contemporaneously with the filing of the answer to the production request, the producing party will give a date certain when it will be produced.  In this regard, it is improper to state that the production will be made at some unspecified time in the future.

5. Discovery Disputes. I have adopted a policy that attempts to resolve discovery disputes quickly and informally. This policy shall be followed **before** the filing of any discovery motions. In the event of a discovery disagreement, counsel for each party shall e-file short letters (not more than two pages) setting forth their respective positions and alert Chambers, via phone, advising of the filing. If the parties do not file their letters simultaneously, the responding party shall file its response letter no more than three (3) business days after the dispute is submitted to the Court.  I will review the correspondence and subsequently contact the parties regarding scheduling a conference call or referring the dispute to a United States Magistrate Judge for ruling. The conference call should take less than 30 minutes. Chambers will record the call. I will do my best to resolve as many disputes as I can in this informal manner. If, however, I determine that the issues require the formal filing of a motion and briefing, I will so advise counsel. In order for this informal discovery dispute policy to be successful, it is imperative that counsel exercise restraint. I do not have time to resolve each and every dispute that may arise during the course of discovery. I do, however, recognize the great advantage the court can provide in quickly resolving many discovery issues.

        Very truly yours,

        /s/

        George L. Russell, III