## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

**CHAMBERS OF**
**BRENDAN A. HURSON**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-0782**
**MDD_BAHChambers@mdd.uscourts.gov**

March 24, 2022

RE: *XL Specialty Ins. Co. v. Bighorn Construction & Reclamation, LLC, et al.*
Civil No.: 21-cv-03068-BAH

## **LETTER ORDER**

Dear Counsel:

This letter outlines my informal discovery dispute procedure. To promote the just, speedy, and inexpensive resolution of this case, I have implemented the following policy as a substitute for Local Rule 104.8. Please use the expedited process detailed below for any discovery disputes that remain after your good faith effort to resolve the dispute on your own. Please do not file any discovery motions until this process has been followed and I advise you that formal briefing is necessary.

At the outset, I note that you are required to attempt to resolve any discovery disputes among yourselves in the first instance. If you are unable to do so, you may:

1. File a <u>joint</u> brief letter, not to exceed one (1) page, advising that you would like me to resolve a discovery dispute, noting the nature of the dispute, and confirming that you have attempted to resolve it on your own and that you have held a Local Rule 104.7 conference. Please note that the meet-and-confer requirement contemplates a discussion between counsel, not simply an email exchange.

2. Within twenty-four (24) hours of filing the joint letter noted above, counsel involved in the discovery dispute shall exchange additional short letters, not to exceed three (3) pages, setting forth their respective positions. These letters should also be emailed to my chambers. You are not to reply to each other's letters. This procedure contemplates that you will file your letters contemporaneously and that you already are familiar with the other party's position by virtue of your conference.

3. Upon review of these letters, I will determine whether a telephone conference is necessary to resolve the dispute. If not, I will resolve the dispute. If so, my chambers will contact you with a timeframe for when I am available for a conference call. It is the responsibility of Plaintiff's counsel to arrange the conference call at the prescribed time and provide the Court with such information.

*XL Specialty Ins. Co. v. Bighorn Construction & Reclamation, LLC, et al.*
Civil No.: 21-03068-BAH
March 23, 2022
Page 2

    4.    I will not record the conference call. If you would like a court reporter to record the call, it will be your responsibility to secure a court reporter. If a court reporter participates in the call, you must advise me and opposing counsel at the commencement of the call that a record is being made.

I will do my best to resolve as many disputes as I can in this informal manner. If, however, I determine that the issues require compliance with formal motions practice, I will so advise counsel.

Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge