UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

April 22, 2022

RE: *XL Specialty Ins. Co. v. Bighorn Construction & Reclamation, LLC, et al.*
Civil No.: 21-cv-03068-BAH

## **LETTER ORDER**

Dear Counsel:

A conference call was scheduled for today, April 22, 2022, at 10:00 a.m. Counsel for both parties confirmed their availability for the call, and an Order confirming the date and time of the call was docketed. *See* Paperless Order Issued April 19, 2022. Counsel for Plaintiff promptly dialed in for the call. Counsel for Defendants did not. After multiple attempts to contact counsel for Defendants, the call was cancelled. This Order will take the place of what was to be discussed on the call.

Plaintiff filed suit against Defendants for, "among other things, immediate[] specific performance of its contractual rights to receive adequate collateral security, specific performance of its contractual rights to access to books, records, accounts, and other information, as well as *quia timet* relief." ECF 2-1 at 9. Pending before the Court is Plaintiff's Emergent Motion for Temporary and Preliminary Injunctions. ECF 2. The Court has reviewed the Motion, Defendants' response, ECF 11, and Plaintiff's reply, ECF 12.

Plaintiff seeks an order directing Defendants to deposit collateral with Plaintiff or, in the alternative, prohibiting Defendants from transferring "any assets" in the event Defendants do not post that collateral. ECF 2-1 at 2. Plaintiff originally sought collateral in the amount of $2,000,000. ECF 2-1 at 10. Defendants responded by claiming that Plaintiff provided "no breakdown whatsoever" justifying that amount. ECF 11 at 3. Plaintiff later reduced the request for collateral to $698,412.78 and provided a more detailed accounting, but indicated that this figure might change again depending on additional claims. ECF 12-2 at 2.

Plaintiff also requests that the Court order Defendants to provide "full and complete access to all of [Defendants'] books, records, and other documents, including financial book, records, documents and accounts maintained by them or any of them in which they may have an interest in inspection and copying." ECF 12-2 at 3. Defendants did not respond to this demand.

The Court requests supplemental briefing addressing the following topics:

1) Plaintiff shall clarify the dollar amount of Plaintiff's request for collateral and a brief explanation of how that figure was calculated.

*XL Specialty Ins. Co. v. Bighorn Construction & Reclamation, LLC, et al.*
Civil No.: 21-03068-BAH
March 23, 2022
Page 2

2) Plaintiff shall clarify whether the relief requested is limited to "an amount equal to 100% of all undischarged liability" per paragraph 8 of the "General Agreement of Indemnity" that is at the heart of the case. ECF 1-1 at 2. If Plaintiff seeks a preliminary injunction/temporary restraining order in an amount in excess of, or for expenses not noted in, paragraph 8, supplemental briefing should provide authority in support of that request and include a specific accounting of how that figure was determined.

3) Supplemental briefing shall also address the status of Plaintiff's request to inspect books and records. Specifically, if the discovery process has obviated the need for this relief, Plaintiff shall so indicate.

4) Both Parties shall offer a position on what impact, if any, the June 2, 2022, settlement conference scheduled before Judge Maddox has on the pending motion.

5) Plaintiff shall file the requested supplemental briefing by **Friday, May 6, 2022**.

6) Defendant shall file a response by **Friday, May 13, 2022**.

Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge