

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

Thurman Zollicoffer
T: 443.392.9419
thurman.zollicoffer@nelsonmullins.com

100 S Charles St, Suite 1600
Baltimore, MD 21201
T: 443.392.9400  F: 443.392.9499
nelsonmullins.com

May 13, 2022

**VIA ECF FILING**
The Honorable Brendan A. Hurson, U.S.M.J
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

> *Re: XL Specialty Insurance Company v. Bighorn Construction & Reclamation, LLC, et al*
> ***Case No.*: 21-CV-3068**

Dear Judge Hurson:

    We represent all Defendants in the above referenced matter. Pursuant to Your Honor's Order, dated April 22, 2022, please accept this correspondence as Defendants' response to the Plaintiff's supplemental letter in Support of XL's Emergent Motion for Temporary and Preliminary Injunctions.

    At the outset, we must advise the Court that we do not take objection to most of the Plaintiff's statements in their letter, but we do point out that as in their first filing some of Plaintiff's numbers are inflated and/or just not ripe for consideration. Defendants have acknowledged from the outset of this litigation that Plaintiff has fairly and accurately set forth the terms and conditions of the Surety Agreement that stands at the center of this matter. At the same time, and as discussed below, Defendants have made clear and Plaintiff is aware that monies owed from a third-party, referred to in Plaintiff's Complaint as Depcom Power, Inc. ("Depcom"), likely exceed the amounts Plaintiff is claiming here. In addition, a careful review of the amounts claimed to be due includes a sum of $150,000 for the MYR Energy Service contract that has yet to be the subject of any claim made to XL. In light of the fact that the total amount claimed to actually have been paid to date is approximately $300,000, the inclusion of a $150,000 plug-in number (or 50% of the amount actually paid) for possible future exposure, even though Plaintiff has yet to receive a claim more than six (6) months after filing its Complaint, is not appropriate.

The Honorable Brendan A. Hurson, U.S.M.J
May 13, 2022
Page 2

### I. Bighorn Construction & Reclamation, LLC et al., Has Yet to Receive a Full Accounting of Their Outstanding Liabilities from Depcom Power, the General Contractor on the project from Which These Claims Arise.

Defendant Bighorn Construction and Reclamation, LLC (BCR) filed a Petition to Establish and Enforce Mechanics Lien against the developer of the property, Richfield Solar Energy, LLC in the Circuit Court for Dorchester County Maryland, Case No. C-09-CV-22-000040 (the "Mechanic's Lien Action"). The parties to the Mechanic's Lien Action, including Depcom, agreed, in lieu of a hearing, to the establishment of an interlocutory lien in the amount of One Million Four Hundred Ninety-Two Thousand Six Hundred Thirty-Three Dollars and Eighty-Three Cents ($1,492,633.83). As a result of that agreement and a corresponding agreement to mediate, the parties expect there will soon be a full accounting of all amounts due and owing to BCR, as well as any remaining liabilities to which BCR may be liable. BCR has been transparent with XL throughout this process and XL is aware of this pending claim. To date that accounting has not been forthcoming. This is not raised as a defense to Plaintiff's claim for a posting of collateral but only to point out that the amount of liability is still uncertain.

As indicated above, the Defendants do not take issue with the contractual language of the surety agreement. The Defendants stance as to the amount at issue has been at the heart of its conversations with the Plaintiffs and the Court. The amount sought in the initial filing was approximately $22,000,000 that was requested to be posted collectively by all Defendants, broken down as $2,000,000 per Defendant. The amount sought presently is but a fraction of this claimed amount. The Plaintiff and the Defendants have been working in cooperation to reduce that number since the inception of this case and it is believed that through continued cooperation the liability will continue to be diminished.

### II. The Plaintiff Cast a Very Wide Net in Its Initial Filing and The Liability Has Been Proven to Be Demonstrably Lower Than It Anticipated. Given the Stated Outstanding Liabilities the Need for Inspection of Defendants Books and Records Should Be Commensurately Confined.

The Plaintiffs need for inspection of all of the Defendants books and records has decreased by volumes if one takes note of the initial calculation of outstanding liabilities. The Plaintiffs are now stating that the undischarged liability is approximately $450,647.95 which, as indicated above, includes a plug-in of $150,000 for future, unknown potential liability. If the Court allowed the process to continue to play out without formal and costly discovery that amount likely would decrease. Discovery consumes valuable resources that would be better put to use to retiring any outstanding debt.

The Honorable Brendan A. Hurson, U.S.M.J
May 13, 2022
Page 3

### III. The Upcoming Settlement Conference Would Be Much More Fruitful and Likely Determinative If the Court Rejects Plaintiffs Request for Collateral.

The outstanding legal obligation and the undischarged liabilities of XL Specialty Insurance has considerably lessened. The Defendants, upon receipt of a full and accurate accounting of their liabilities would be much better positioned to address and formulate a strategy to resolve all issues with the Plaintiff.

**Respectfully submitted,**

*/s/ Thurman W. Zollicoffer, Jr.*

Thurman W. Zollicoffer, Jr.

TWZ/lea

cc:  Kevin S. Brotspies, Esquire