# TRIF & MODUGNO
## ATTORNEYS AT LAW

**Kevin S. Brotspies**
kbrotspies@tm-firm.com

June 27, 2022

**Via Electronic Filing**
Honorable Brendan A. Hurson, U.S.M.J.
U.S. District Court for the District of Maryland
101 West Lombard Street
Chambers 7B
Baltimore, Maryland 21201

      **RE:**    **XL Specialty Insurance Company v. Bighorn Construction and Reclamation LLC et al.**
             **Case No. 1:21-cv-3068**

Dear Judge Hurson:

      We represent Plaintiff, XL Specialty Insurance Company ("XL"), in the referenced matter. Pursuant to the Court's Order dated February 11, 2022, we submit the following joint status report on behalf of all parties.

      By way of background, this matter arises out of XL's issuance of bonds ("Bonds") on behalf of Defendant, Bighorn Construction Reclamation LLC ("BCR") in connection with two (2) separate construction projects. In consideration for XL's issuance of the Bonds on behalf of BCR, BCR and the other named defendants (collectively, "Defendants") executed an Indemnity Agreement, as indemnitors, in favor of XL, as indemnitee.

      XL initiated this lawsuit via Verified Complaint and Emergent Motion for Preliminary Injunction ("Emergency Motion") on December 1, 2021. XL's Verified Complaint seeks the following relief: (i) specific performance of the Indemnity Agreement to enforce XL's demand for collateral security; (ii) specific performance of the Indemnity Agreement to inspect Defendants' books and records; (iii) contractual indemnification; (iv) exoneration; (v) quia timet; (vi) common law indemnification; and (vii) subrogation. XL filed its Emergency Motion seeking immediate relief under the first and second count of its Verified Complaint (demand for collateral and inspection of books and records) as, at that time, it had begun to receive claims against the Bonds. At the time it filed its Verified Complaint, XL had not received all of the claims against the Bonds and it had not yet paid any of the claims it received.

      By Order dated June 10, 2022, the Court granted XL's Emergency Motion and ordered Defendants to deposit collateral with XL in the amount of $500,647.95. Pursuant to the Order,

| **NEW JERSEY** | **NEW YORK** | **PENNSYLVANIA** |
| --- | --- | --- |
| 89 Headquarters Plaza | 811 Broadway | 1700 Market Street |
| North Tower, Suite 1201 | Suite 615 | Suite 1005 |
| Morristown, New Jersey 07960 | New York, New York 10004 | Philadelphia, Pennsylvania 19103 |
| 973-547-3611, | 917-477-2999 | 267-869-0050 |
| Facsimile: 973-554-1220 | Facsimile: 973-554-1220 | Facsimile: 267-869-0051 |

www.tm-firm.com

Defendants were directed to deposit the collateral with XL within 14 days (by June 24, 2022). To date, Defendants have not deposited any collateral with XL.

Since filing its Verified Complaint, XL has received numerous additional claims and, to this day, continues to receive notices indicating that future claims may be made against the Bonds. Indeed, on June 23, 2022, XL received notice from bond obligee, Depcom Power, Inc. ("Depcom"), wherein Depcom demands payment of $1,545,743.15 from BCR ("Depcom Demand") and indicates that it will seek payment under the performance bond issued by XL if BCR does not make said payment. In addition to receiving additional claims and/or potential claims, XL has also resolved certain of these claims and has incurred significant cost and expense, including attorneys' fees, to do so.

Throughout this process, XL has shared all non-privileged documentation and information it received in connection with such claims with Defendants through their counsel. As claims continue to be made by claimants against the Bonds, discovery remains ongoing.

At this time, there are no motions pending, however, XL anticipates that it may need to file an emergency motion for specific performance of XL's demand for collateral security as a result of the Depcom Demand. After receiving the Depcom Demand, XL demanded that Defendants deposit collateral security with XL in the amount of $1,545,743.15 by close of business on July 6, 2022. If Defendants do not deposit the collateral demanded, XL will seek to enforce its rights via motion. As the Court may recall, XL noted in its supplemental brief in support of the Emergency Motion, dated May 6, 2022, that:

> Depcom has indicated that it would likely have a claim against the performance bond that XL issued, as surety, on behalf of BCR, as principal, for the benefit of Depcom, as obligee, on the MD70 Project. At this time, Depcom has not given XL any indication regarding the amount that such claim (if asserted) would be. To that end, XL reserves its right to amend its request for collateral if (or when) Depcom assets such claim and provides XL with the amount that such claim would seek.

Now that Depcom has informed XL of the amount of its potential claim, XL will renew its Emergency Motion (which was granted by the Court by Order dated June 10, 2022) and demand collateral in that revised amount if not voluntarily provided by Indemnitors.

XL will also file a motion for summary judgment to determine Defendants' liability to indemnify and exonerate XL for all loss, costs and expenses incurred as a result of having issued the Bonds on behalf of BCR. XL expects that it will file this motion in the coming month once it pays certain claims that remain outstanding. It is XL's position that this matter can be resolved, subject to a reservation of right, by way of its renewed Emergency Motion (which would collateralize XL for the full amount of its current exposure) and motion for summary judgment for indemnification (which would reimburse XL for the losses, costs and expense it has incurred under the Bonds).

      To the extent this matter is not resolved via motion, this case will be tried without a jury and the parties anticipate that the trial would be resolved in no more than 3 days.

      Given that claims and/or potential claims continue to be asserted against the Bonds, XL's ultimate exposure under the Bonds was unknown (mostly because of the then unknown Depcom Demand). To that end, the parties have not yet conducted serious settlement negotiations. The parties were originally scheduled to participate in a settlement conference with Magistrate Judge Matthew James Maddox on June 2, 2022, however, that conference was adjourned by the Court. The parties are still working with the Court to determine a new settlement conference date.

      The parties have already consented to Magistrate Judge jurisdiction.

      Should the Court require any additional information, please do not hesitate to contact the parties and we will make ourselves available at the Court's convenience.

Respectfully submitted,

*/s/ Kevin S. Brotspies*

Kevin S. Brotspies