# EXHIBIT E

JAMES D. FULLERTON ‡±φ
KAVITA S. KNOWLES ±φ
JOHN D. PURDY ‡±δφ
PAUL SCHRADER ±φ‡
BAABAK ZARRABIAN ‡φ

OF COUNSEL
STEPHEN J. ANNINO ‡±δφ

ADMITTED IN:
‡ DISTRICT OF COLUMBIA
± MARYLAND
δ PENNSYLVANIA
φ VIRGINIA

# FULLERTON & KNOWLES

ATTORNEYS AT LAW

12642 CHAPEL ROAD
CLIFTON, VIRGINIA 20124

TELEPHONE (703) 818-2600
FACSIMILE (703) 818-2602

1828 L STREET, N.W., SUITE 270
WASHINGTON, DC 2003620854

7811 MONTROSE ROAD, #400
POTOMAC, MD 20854

WRITER'S DIRECT EXT: 204
WRITER'S E-MAIL:
JPURDY@FULLERTONLAW.COM

WEBSITE:
WWW.FULLERTONLAW.COM

November 12, 2021

**SENT VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Richfield Farms, LLC
4440 East New Market Hurlock Road
Hurlock, MD 21643

Depcom Power
9185 E Pima Center Pkwy Suite 100
Scottsdale, AZ 85258

Bighorn Construction & Reclamation, LLC
777 Main Street, Suite 2800
Fort Worth, TX 76102

XL Specialty Insurance Company
70 Seaview Avenue
Stamford, CT 06902

Re:     Project:     MD70 Richfield Solar Farm in Hurlock, Maryland
       Our Client:     United Rentals (North America), Inc.
       Debtor:     Bighorn Construction & Reclamation, LLC

To Whom it May Concern:

Please be advised that I am counsel for United Rentals (North America), Inc. ("United"). Bighorn Construction & Reclamation, LLC ("Bighorn") is indebted to our client for construction rental equipment supplied in and about the construction of improvements on the above referenced project in the amount of Two Hundred Sixty Five Thousand Three Hundred Thirty Six and 50/100 Dollars ($265,336.50).

Please take notice that our client hereby makes claim on the payment bond provided on the project by the general contractor and any subcontractor payment bond. Please forward a copy of all payment bonds on the project at your earliest convenience.

We are also now in the process of preparing a mechanic's lien to be filed on the project. We continue to hope that an amicable resolution of this case can be achieved. However, if payment is not promptly received, it will be necessary to exercise our mechanic's lien rights on the project.

Please also take notice of Maryland Code Section 9-201, et. seq., commonly known as the "Maryland Trust Fund" Statute. Any funds now owed to the Debtor for labor and materials supplied to any construction project are held <u>in Trust</u> by your company and the Debtor for the benefit of our client, because these funds were derived from labor and materials furnished by our client. Your company and the Debtor must see that funds received are paid on the account of our client. Each officer, director, or managing agent of your company and of the Debtor is a trustee and may be held personally liable for these funds if they are not used for the purpose of paying the labor and materials suppliers who are entitled to the funds.

Please also take notice that our client has the benefit of an equitable lien on any funds now held by the owner or general contractor on the project. These Retained Funds are not property of the Debtor; our client has an equitable right or a trust interest in those Retained Funds, with priority as to those Retained Funds over other creditors of the Debtor and allowing payment of those Retained Funds to our client.

Please contact me to let us know the status of accounts between you and the Debtor and other matters described in this letter. We would be happy to answer any questions that you have to us at that time. Please provide us with the name and address of any other general contractor so that we may provide them with notice also. Please let us know if you need to see copies of our invoices or any other documents. Any help you can provide us in obtaining payment will be mutually beneficial.

I look forward to your prompt attention to the above matters and to hearing from you soon.

Sincerely,

John D. Purdy

cc: United Rentals (North America), Inc.