# EXHIBIT K



Joshua Deal, Esq.
IBM Building
590 Madison Avenue, Suite 1800
New York, NY 10022
Phone: 212.524.5000
Fax: 212.524.5050
Direct Phone: 212.524.5075
Direct Fax:
Email: joshua.deal@gmlaw.com

**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL**

April 1, 2022

XL Specialty Insurance Company          Louis A. Modugno
Attn: Claims Department                 Trif & Modugno LLC
505 Eagleview Boulevard                 89 Headquarters Plaza
Exton, Pennsylvania 19341               North Tower, Suite 1201
                                        Morristown, New Jersey 07960
                                        lmodugno@tm-firm.com

Re:     Dozr Ltd.
Notice of Payment Bond Claim
Bond No. US00104943SU21A

Ladies and Gentlemen:

This firm represents Dozr Ltd. ("Dozr") in connection with amounts due and owing from Bighorn Construction & Reclamation, LLC ("Bighorn"). I write to you to provide a formal notice of claim under the Subcontractor Payment Bond issued by XL Specialty Insurance Company ("Surety"), as Surety, to Bighorn, as Principal, bearing Bond No. US00104943SU21A (the "Bond").

I understand that the Surety issued the Bond for Bighorn contract with Richfield Farms LLC, dated June 17, 2021, for work on the construction project known as MD70 "Richfield" located at 6002 Shiloh Church Hurlock Road, Hurlock, Maryland 21643 (the "Project"). In or about July 2021, Dozr and Bighorn entered into an agreement by which Dozr agreed to supply rental construction equipment, including bulldozers, excavators, and dump trucks, to Bighorn for the Project. Dozr provided this equipment from July 14, 2021 through September 30, 2021. Attached as **Exhibit A** are Dozr's proposals to Bighorn for the equipment rentals. Attached as **Exhibit B** are Dozr's invoices to Bighorn for the equipment rentals.

Dozr invoiced Bighorn for a total of $222,475.20. To date, Dozr has not received any payment from Bighorn. Accordingly, Dozr is entitled to payment of $222,475.20 plus interest, which continues to accrue.

I appreciate your need to review this matter and to investigate this claim.

XL Specialty Insurance Company
April 1, 2022
Page No. 2

Accordingly, we will not immediately file a civil action for payment under the Bond.

Thank you in advance for your courtesy. If you have any questions or require additional information, please feel free to contact me.

All rights and remedies are reserved.


Very truly yours,

GREENSPOON MARDER LLP

Joshua Deal, Esq.


JMD

Cc:     Bighorn Construction & Reclamation, LLC
        Richfield Farms, LLC

# **<u>EXHIBIT A</u>**



**Rental Quote 1 of 1**

**Job Site**

6002 Shiloh Church Hurlock Rd, Hurlock, MD 21643, USA

**Billing Address**

| | |
|---|---|
| Customer # | : 3023288 |
| Quote Date | : Jul/13/21 |
| Rental Out | : Jul/14/21 |
| Rental In | : Aug/10/21 |
| Job Loc | : 6002 Shiloh Church Hurlock Rd, Hurlock, MD 21643, USA |
| Job # | : 60e4bcf7256268001a1d2b92 |
| Customer Job ID | : |
| P.O.# | : N/A |
| Ordered By | : Brad Reynolds |
| Reserved By | : Brad Reynolds |
| Salesperson | : Scott Clark |
| Salesperson Phone # | : +13092760460 |
| Offer Valid Until | : Jul/27/21 |

Additional Notes:
  Site Contact: Brad Reynolds
  Phone #: +14322410569

Office: +14322410569
Cell:
Email: breynolds@bcrcompanies.com

**Hi Brad Reynolds,**

**Please review items on your quote and click the Reserve Equipment button to reserve your equipment on the DOZR website.**

**If you have any questions please contact us at 1-833-774-6320 or at contact@dozr.com**

**Thanks,
The DOZR Team**

| Quote Amount: $30,723.40 |
|---|

Quote Number:  #4ZVFT8H
Terms:  Due Upon Receipt
Payment Options:  Contact our credit office 844-599-2586

**RESERVE EQUIPMENT**

---

## Quote Number: #4ZVFT8H

| RENTAL QTY | DESCRIPTION | SUPPLIER | DAY | WEEK | 4 WEEK | AMOUNT |
|---|---|---|---|---|---|---|
| 1 | **Dozer, 50,000 lbs+** <br> Model: John Deere 850K <br> Rental Start Date: Jul/14/2021 <br> Rental End Date: Aug/10/2021 <br> Daily Max: 8 hr <br> Weekly Max: 40 hr <br> 4 Weeks Max: 160 hr <br> Excess rates will apply for exceeding max machine hours. | John Dozr DOZR Inc. | $1,378.00 | $4,112.00 | $12,450.00 | $12,450.00 |
| 1 | **Dozer, 30,000 lbs+** <br> Notes: Liebherr 726 <br> Rental Start Date: Jul/14/2021 <br> Rental End Date: Aug/10/2021 <br> Daily Max: 8 hr <br> Weekly Max: 40 hr <br> 4 Weeks Max: 160 hr <br> Excess rates will apply for exceeding max machine hours. | John Dozr DOZR Inc. | $1,137.00 | $3,410.00 | $10,220.00 | $10,220.00 |
| | **Total Delivery Charge** | | | | | $3,800.00 |
| | **Total Pickup Charge** | | | | | $3,800.00 |
| | **Environmental Fee** | | | | | $453.40 |
| | | SUBTOTAL | | | | $30,723.40 |
| | | ESTIMATED TAX | | | | 0 |
| | | TOTAL | | | | **$30,723.40** |

---

**Important Terms:**

Excess Hours: Excess hours rates will apply for exceeding max machine hours.

Off-renting: Equipment will be extended and charged for until written notice for off-rent is recieved by DOZR. All rental fees and associated costs for any extensions will be billed to the renter.

**RESERVE EQUIPMENT**

DOZR RENTAL AGREEMENT

**1. DEFINITIONS** 1.1 "Agreement" is this Rental Agreement between the Owner and the Renter for the rental of Equipment. 1.2 "DOZR" means (a) DOZR Inc. if the Owner resides or has its principal office in Canada or any jurisdiction other than the United States; or (b) DOZR Ltd. if the Owner resides or has its principal office in the United States. 1.3 "Equipment" covers all classes of equipment, machinery, tools, vehicles, accessories and any ancillary items which the Owner agrees to rent to the Renter and the Renter agrees to rent from the Owner. 1.4 "Offer" is the Owner's offer to rent the Equipment to the Renter on the Website which will include details of the Equipment to be rented, the Rental Period, relevant rental rates and charges and any supplementary terms and conditions to be incorporated into this Agreement. 1.5 "Owner" is the person, company, firm or public authority renting the Equipment to be rented and includes their successors, assigns or personal representatives. 1.6 "Renter" is the person, company, firm or public authority renting the Owner's Equipment and includes their successors, assigns or personal representatives. 1.7 "Rental Amount" means the agreed amount to be paid for the Equipment rental, as detailed in the "Confirmation of Rental Terms" document provided by DOZR to each of the Owner and the Renter (as the case may be). 1.8 "Rental Period" means the period during which the Owner shall rent to the Renter, and the Renter shall rent from the Owner, all Equipment as set forth in the Rental Terms. 1.9 "Rental Terms" means the Rental Terms attached to this Agreement. 1.10 "Website" means the website platform operated by DOZR for the purpose of connecting Renters and Owners to enter into rental agreements between themselves.

**2. ENTIRE AGREEMENT** 2. ENTIRE AGREEMENT The Renter and Owner agree that the terms and conditions contained in this Agreement shall govern the rental of Equipment pursuant to the Offer and supersede all prior negotiations, representations or agreements, whether written or oral, unless and to the extent that they are expressly incorporated in writing and signed by both the Owner and Renter. The rental terms specified in the Confirmation of Rental Terms shall prevail over any inconsistency with the terms of the Offer.

**3. ELIGIBILITY** You must be 18 years of age or older to use the Website in any manner and to enter into this Agreement.

**4. RENTAL PERIOD** 4.1 If the Renter is responsible for delivery, the Rental Period shall commence from the time the Equipment leaves the Owner's depot or place where last employed and shall continue until the Equipment is received back at the Owner's named location nor the return date described in the Rental Terms (unless the Rental Period is exceeded). 4.2 If the Owner is responsible for delivery, the Rental Period shall commence from the time the Equipment is delivered to the Renter's named location and shall continue until the Equipment is collected from the Renter's named location on the return date described in the Rental Terms (unless the Rental Period is exceeded). 4.3 Subject to Clause 5, Renter agrees that if the Equipment is not returned on the end date of the Rental Period described in the Rental Terms, Renter shall be required to continue to pay the monthly, weekly, daily or hourly Rental Amount (as the case may be) applicable to the Equipment in accordance with the Offer and the Rental Terms; provided that such payment shall not be considered an agreement by the parties to extend the Rental Period. Renter agrees that DOZR reserves the right to charge Renter's credit card for any amount owed by Renter pursuant to this clause due to late return of Equipment.

**5. EXTENSION OF THE RENTAL PERIOD** 5.1 If the Renter wishes to extend the Rental Period, the Renter must give written notice to the DOZR twenty-four (24) hours before the return date described in the Rental Terms, setting out the proposed new return date for the Equipment. In regards to equipment that is being off rented, it requires written communication. Failure to do so will result in an extension until written confirmation is received by DOZR and all additional rental fees and associated costs incurred will be billed to the renter. 5.2 If the Owner agrees to the requested extension of the Rental Period, it shall notify DOZR who shall send an invoice to the Renter which corresponds to the extension of the Rental Period and the Renter agrees that DOZR may charge the Renter's credit card for the amount owed, contained in such invoice before the original return date described in the Rental Terms or as soon as practicable thereafter. 5.3 For the avoidance of doubt, this Agreement shall continue in full force and effect during any extension of the Rental Period.

**6. PAYMENT TERMS** Unless the Renter has an authorized credit account, payments are accepted via credit card only. Machine will be reserved upon receipt of payment. If renter keeps the unit longer than the original rental period, the extension will automatically be processed via credit card at the start of the next period. For long term rentals exceeding one month, the first month's payment will be processed via credit card before the unit goes out. The following months will be automatically charged to the renter's credit card after the first month has finished. The undersigned authorizes DOZR to retain my credit card information provided below and to use such information at any time during the duration of this Agreement to charge my credit card for all rent and incidental amounts (including rent for additional days or hours, and back charges for fuel, cleaning or damages) provided for in this agreement and any other agreements between Owner and Renter. The Rental Amount due under this Agreement shall be paid monthly, weekly, daily or hourly (as the case may be) in advance through the Website in accordance with the Offer. Overdue payments shall bear additional interest at the rate of the lesser of (a) 24% per annum or (b) the maximum rate of interest permitted under any applicable law until payment in full. Any security deposit paid by the Renter through the Website is paid to guarantee the Renter's full performance of the terms of this Agreement and will be returned to the Renter only upon the Renter's irrevocably performing all of the Renter's obligation under this Agreement. The Renter agrees that in the event of any breach of this Agreement by the Renter, the security deposit may be credited against the cost of any damages or expense incurred by the Owner or DOZR as a result of such breach. Cancellation of your rental 24 hours or less before your specified date/time or if the equipment has been loaded on the truck, will result in a full refund minus the transportation fee as outlined above in the pickup/delivery section of the rental agreement.

**7. CONDITION AND ACCEPTANCE** The Owner represents and warrants that to the best of the Owner's knowledge and belief, the Equipment is in good operating condition and working order. If the Renter does not notify DOZR in writing within twenty four (24) hours of the Equipment being delivered, the Equipment shall be deemed to be in good operating condition and working order.

**8. OPERATION BY RENTER** 8.1 The Renter shall use the Equipment in a careful, prudent and workmanlike manner within the manufacturer's rated capacity and other specifications, in accordance with the manufacturer's and/or the Owner's recommendations and shall not abuse, damage or misuse the Equipment or use the Equipment for any unlawful purpose. 8.2 The Renter shall comply with and conform to all applicable laws, ordinances and regulations relating to the possession, operation or regular maintenance of the Equipment, including (without limitation) the Occupational Health and Safety Act (Ontario) and all environmental laws. 8.3 When renting Equipment without the Owner's operator, the Renter shall supply and pay for all operators of the Equipment and take all reasonable steps to keep itself and its employees and other agents acquainted with the state and condition of the Equipment. If Equipment is used in an unsafe and unsatisfactory manner or environment, the Renter shall be solely responsible for any damage, loss, cost, expense or accidents, whether directly or indirectly, arising therefrom. 8.4 If renting a vehicle to which the commercial vehicle operators registration ("CVOR") system applies, both the Owner and Renter are required to hold a valid CVOR certificate which shall be carried in the vehicle at all times together with this Agreement. In all other cases, both the Owner and the Renter are required to hold whatever certificates, permits, licenses or other similar documentation, which shall be carried in the vehicle at all times. The Renter shall (a) surrender both the Owner's and Renter's CVOR certificates and such other documentation for inspection by a police officer or other law enforcement agent and (b) take any other action required under applicable law. The Owner shall ensure that any commercial vehicle it rents out complies with applicable safety, registration and licensing requirements. 8.5 The Renter is deemed to have knowledge of the site, property or land where the Equipment is to be delivered and used, and the Renter warrants that the condition of the site or place of delivery of the Equipment is suitable for the use of such Equipment and further acknowledges in taking delivery of the Equipment that the Equipment is appropriate for its intended use. 8.6 When renting Equipment with an operator supplied by the Owner, the Owner shall be responsible for all locations where Equipment will be used. In all other circumstances, the Renter is responsible for all such locations and for the protection of, and liable for any damage to, any underground, surface or above ground services and utilities (including, but not limited to, cables, ducts, water pipes and gas lines, and any pavements, bridges, tunnels and roadways on or adjacent to such locations) and the Renter shall have an accurate survey of, and with all requirements of any applicable law or the relevant statutory authority or similar body). 8.7 Except where the Owner supplies the operator, the Renter is responsible for ensuring that all persons using the Equipment have experience and expertise in the safe operation of the Equipment, are competent operators, hold all necessary permits and licenses (where required), and have received appropriate instructions, information and training in the Equipment's operation. The Renter shall not allow any other person to operate such Equipment without the Owner's prior written consent. 8.8 If the Renter is not fully conversant with the Equipment rented from the Owner, the Renter is advised to contact the Owner for the appropriate operating instructions. 8.9 When an operator is supplied by the Owner with the Equipment, the Owner shall supply a person competent in operating the Equipment. Any operator shall be under the direction of the Renter and shall for all purposes in connection with the working of the Equipment be regarded as the agent of the Renter and the Renter shall be solely responsible for all claims arising in connection with the operation of the Equipment by the operator, save for injury to person or property arising from the negligence, fraud or willful misconduct of the operator which shall be the responsibility of the Owner. If worker's compensation or similar legislation applies to an Owner, the Owner shall ensure that any operator supplied by it with the Equipment is registered for workers compensation or similar insurance coverage. 8.10 The Renter shall indemnify the Owner against any charges or fines that the Owner may become liable for as a result of the operation of the Equipment during the Rental Period, except for any such charges or fines payable solely due to the actions or inactions of an operator supplied by the Owner.

**9. MAINTENANCE / REPAIR** Renter agrees to check filters, oil, fluid levels, air pressure, and clean and visually inspect the Equipment, at least daily and to immediately discontinue use and notify the DOZR and the Owner when the Equipment is found to need repair or maintenance or is not properly functioning. The Owner will have the option of arranging for the repair of the Equipment or relying on DOZR to arrange for repairs and DOZR will invoice the Owner for the cost of such repairs plus its applicable service fee. Other than as set out in clause 10 below, the Owner shall pay, at its expense, the costs of maintaining the Equipment in order to keep it in good operating condition and working order, including the repair or replacement of tires and tubes as a result of ordinary wear and tear. The Renter shall not repair, modify or alter the Equipment without the prior written permission of the Owner. Fuel, oil and grease shall, when supplied by the Owner, be charged at cost or at an agreed estimate of net cost. The Renter shall be solely responsible for all damages, losses, costs and expenses incurred by the Owner from the wrong fuel, oil, grease or lubricants.

**10. DAMAGE** The Renter shall be responsible for and indemnify and hold harmless the Owner and DOZR against (a) the cost of any loss or damage (including all repair costs) to the Equipment during the Rental Period, other than ordinary wear and tear, and (b) the cost of any loss suffered by the Owner resulting from the inability of the Owner to rent the Equipment during the time period in which it is being repaired or replaced. The appraisal for any loss or damage to the Equipment shall be based on the replacement cost of the Equipment without deduction for depreciation or the prevailing rental price which would have been achieved for the Equipment during the time period in which it is being repaired or replaced. "Ordinary wear and tear" shall mean the normal deterioration of the Equipment caused by ordinary, reasonable and proper use of the Equipment. Damage which is not ordinary wear and tear includes, but is not limited to, damage due to overloading or exceeding rated capacities or other specifications, breakage, improper or excessive use and abuse. If the Renter is responsible for delivery of the Equipment, the Renter shall also indemnify and hold harmless the Owner and any operator supplied by the Owner against all loss and damage to the Equipment, and injury to person, caused by or in connection with the delivery, use or return of the Equipment.

**11. BREAKDOWN, REPAIRS AND THEFT** 11.1 The Renter must immediately notify DOZR in writing of any breakdown or the unsatisfactory working of or damage to any part of the Equipment. Any claim for breakdown time will only be considered from the time and date at which written notification is received by the Owner. Allowances for rental charges will be made for stoppage due to breakdown of the Equipment caused by the development of either (a) an inherent fault, (b) ordinary wear and tear or (c) any other fault not attributable to the Renter is expressly responsible under this Agreement. There will be no allowance for downtime or inconvenience caused to the Renter by failure of any tires, tubes, wheels, hoses and/or associated Equipment if resulting from damage which is (a) not ordinary wear and tear or (b) caused by any other problem for which the Renter is expressly responsible under this Agreement. 11.2 Subject to the other provisions of this Agreement, the Renter shall be responsible for all costs and expenses involved arising from any breakdown, unsatisfactory working of, or damage to any part of the Equipment due to the Renter's negligence or misuse of the Equipment or due to damage which is not ordinary wear and tear or caused by any other problem for which the Renter is expressly responsible under this Agreement, in any case whether caused by the Renter or its agents (including any operator supplied by the Owner acting at the direction of the Renter) and for rental charges during the period that Equipment is necessarily idle due to such breakdown, unsatisfactory working or damage. 11.3 The Renter is responsible for the cost of replacement or repairs due to

**13. REFUELLING SERVICE CHARGE** Renter acknowledges that a "Refueling Service Charge" will be applied to all Equipment not returned with a fuel tank at the same fuel level as when Renter received the Equipment. The exact cost of the Refueling Service Charge will vary depending on the date Renter returns the Equipment. Renter acknowledges that the Refueling Service Charge is not a retail sale of fuel. Renter may avoid the Refueling Service Charge if Renter returns the Equipment with a fuel tank at the same fuel level as when Renter received the Equipment. If the rental unit is propane fuelled and requires filling a flat fee will be charged regardless of the amount used.

**14. TITLE TO EQUIPMENT** 14.1 The Equipment is and shall at all times remain the property of the Owner. The Renter shall have no right, title or interest in the Equipment except as expressly set out in this Agreement. 14.2 The Renter shall not sublease, assign, loan, rement, lease, sell, mortgage, charge, pledge, part with possession of or otherwise transfer to a third party the Equipment. 14.3 The Renter shall not allow the Equipment to be affixed or attached to or otherwise become a fixture or accession to any lands, buildings or chattels and shall not incur or permit any encumbrance on or with respect to the Equipment. 14.4 The Renter shall give the Owner immediate notice in case any of the Equipment is encumbered or becomes liable to seizure and shall protect the Equipment against distress, execution, levy or seizure and shall indemnify the Owner against all losses, damage, costs, charges and expenses arising as a direct result of any failure to observe and perform this obligation.

**15. CHANGE OF SITE** The Equipment shall not be moved from the site to which it was delivered or consigned without the prior written consent of the Owner.

**16. NOTICE OF ACCIDENTS** If the Equipment is involved in any accident resulting in injury to persons or damage to property, immediate notification must be given by the Renter to the Owner by telephone and confirmed in writing to the Owner no later than twenty-four (24) hours after such telephone notification. In relation to any claim in respect of which the Renter is not bound to fully indemnify the Owner, no admission of liability, offer, promise of payment or indemnity shall be made by the Renter without the Owner's prior written permission.

**17. INSURANCE** 17.1 The Renter shall, at its own expense, place and maintain during the entire term of this Agreement (a) commercial general liability insurance with an insurance limit not less than $2 million per occurrence and $4 million in the aggregate; and (b) property insurance for the full replacement cost of the Equipment, including coverage for all risks of loss or damage to the Equipment. 17.2 The Owner and DOZR shall be named as additional insured parties on Renter's insurance policies. 17.3 The Renter must satisfy the insurance requirements of this clause 17 at its own expense. In the event of damage amounting to actual or constructive total loss of the Equipment, the Owner shall be entitled to retain from all insurance proceeds an amount equal to the replacement value of the Equipment. 17.4 At the Owner's request the Renter will provide evidence acceptable to the Owner that the insurance coverage is in effect (but the Owner is not obliged to determine or advise the Renter if there is adequate insurance coverage in effect). If the Renter fails to provide proof of adequate insurance coverage, as determined solely by the Owner, the Owner may provide such insurance and charge the Renter for the insurance. 17.5 The Owner shall, at its own expense, place and maintain, during the entire term of this Agreement, general public liability and property damage (including bodily injury and contractual liability) insurance and shall include DOZR as a named insured thereon.

**18. RENTAL EQUIPMENT PROTECTION** In the event that the Customer accepts and pays for the Rental Equipment Protection option and loss or damage of the Equipment occurs that is covered under the Rental Equipment Protection policy, the Customer is responsible for the payment of the Deductible of $3,000, per occurrence, (the "Deductible"), and DOZR waives its claim against the Customer for any amount in excess of the Deductible, up to $100,000.00. The Rental Equipment Protection shall not apply to the Customer when the Equipment is being held against the will and consent of DOZR, or if the cause of the loss or damage is outside of the term of the Rental Equipment Protection policy. It is DOZR's sole discretion as to whether the loss or damage is within the terms of the Rental Equipment Protection policy. The Customer's obligation to insure for Public Liability is not waived hereunder.

**19. RENTAL EQUIPMENT PROTECTION EXCEPTIONS** Notwithstanding the Customer's acceptance of the Rental Equipment Protection, the Customer shall be liable for all loss or damage from acts or omissions that are negligent, as determined by DOZR in its sole discretion. Examples of items that are NOT COVERED include, but are not limited to: • Equipment that has disappeared under suspicious or mysterious circumstances that would be classified as missing inventory. • Loss where reasonable security precautions were not taken, such as a Equipment left in plain view, or a parked motor vehicle (whether it was operative or being used for storage). • Loss or damage caused by or due to employee, sub-trade or agent infidelity. • Damage caused by improper operation or servicing of the Equipment, including, but not limited to, overloading, exceeding rated capacities, improper use, negligent operation, damage caused by: lack of fuel or lubrication, improper fuel or fuel mixtures, failure to maintain proper oil, water, hydraulic or pressure levels, low voltage, or the use of inappropriate extension cords (either too long or too light). • Damage to expected tear items, including but not limited to, carbide and diamond drills, carbide and diamond blades, carbide bits or cutters, knives, saw blades, router bits. • Damage to tires, tubes, windows, drill bits, cutting blades/chains, points or chisels. • Damage to Equipment while in transit, including but not limited to, damage caused by overturning, or collisions with bridges or overpasses. Any such damage must be covered/claimed under the insurance policy for the transport vehicle. • Damage to Equipment caused by operators of other moving vehicles or other equipment. Any such damage must be covered/claimed under the insurance policy for the other vehicle or other equipment. • Damage caused by use or operation of the Equipment in violation of the Rental Equipment Protection policy. • Any damage sustained through the Occupational Health and Safety Act, national building codes, regulatory certification/requirements/licensing or any other applicable laws or regulations. • Cleaning charges. • Loss or damage exceeding $100,000.00, less the Deductible.

**20. SUBROGATION** In the event of any loss or damage to the Equipment, the Owner will have the right of subrogation with respect to any right of the Renter to recover against any person, firm or corporation. The Renter will execute and deliver any document and do such acts and things necessary to secure such rights. The Renter will cooperate fully with Owner and or its insurer(s) in the prosecution of those rights and will neither take or permit nor suffer any action to prejudice the rights of Owner with respect thereto.

**21. WARRANTIES** TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, THE OWNER, BEING NEITHER THE MANUFACTURER, NOR MERCHANT NOR DEALER IN THE EQUIPMENT, MAKES NO WARRANTIES, EXPRESS OR IMPLIED, AS TO ANY MATTER WHATSOEVER, INCLUDING, WITHOUT LIMITATION, THE CONDITION OF THE EQUIPMENT, ITS MERCHANTABILITY, ITS DESIGN, ITS CAPACITY, ITS PERFORMANCE, ITS MATERIAL, ITS WORKMANSHIP, ITS FITNESS FOR ANY PARTICULAR PURPOSE, OR THAT IT WILL MEET THE REQUIREMENTS OF ANY LAWS, RULES, SPECIFICATIONS, OR CONTRACTS, WHICH PROVIDE FOR SPECIFIC APPARATUS OR SPECIAL METHODS.

**22. LIABILITY OF RENTER** The Renter shall indemnify and hold harmless the Owner and any operator supplied by the Owner against all loss, expenses, penalties, damages, liabilities, fines, costs and expenses which the Owner or its operator may suffer or may be required to incur for all personal injuries, death, Equipment damage or damage to property suffered by any person by reason of the Equipment or the possession, operation, handling, transportation or use thereof by or while in the hands of the Renter or the Renter's employees or carriers. The Renter shall be responsible for the Equipment until it has been returned to the Owner. The Renter acknowledges and agrees that the Renter assumes all liability for injury, disability and death of workmen, other operators and other persons caused by the operation, use, possession, handling of the Equipment during the Rental Period as set forth in this Agreement.

**23. RISK ACKNOWLEDGEMENT** By renting the Equipment, the Renter: (a) acknowledges and agrees that the use of Equipment is dangerous and may pose a risk to the health and safety of the Renter and others; and, to damage to property; (b) represents and warrants that it has the requisite skill, knowledge, preparation and training to operate the Equipment safely and effectively, or if it does not, the Equipment will only be operated by an operator supplied by the Owner; (c) assumes full and complete responsibility for all losses, costs, injuries and damages that

**24. LIMITATION OF OWNER'S LIABILITY** To the maximum extent permitted by applicable law, in no event shall DOZR be liable for special, consequential, punitive, incidental or indirect damages arising from any reason whatsoever, whether or not the loss or liability is based on contract, warranty, negligence, indemnity or otherwise. The Renter shall be responsible for all costs and expenses, including legal fees, incurred by DOZR in enforcing its rights, or remedies under this Agreement. The Renter acknowledges that DOZR provides a technology platform which brings together equipment owners and equipment renters for the purpose of arranging rental agreements between themselves, but will not be a party to the Rental Agreement, and the fulfillment of any rental between the Renter and the Owner is the responsibility of the Renter and the Owner only. In no event will DOZR, its subsidiaries, affiliates or any of their respective directors, officers, shareholders, employees, contractors, agents, assigns or suppliers (the "Indemnified Parties") be liable for any injury, loss, claim, damage, or any special, exemplary, punitive, direct, indirect, incidental or consequential damages of any kind (including, but not limited to economic loss, lost profits or lost savings), whether based in contract, tort, strict liability, or otherwise, arising out of or in any way connected with this Agreement, any dealings between the Renter and Owner or any services or products provided under this Agreement. Any of the Indemnified Parties shall be entitled to rely upon this clause 22.5 in the event of any such claim.

**25. BASIS OF CHARGING** The Renter shall deliver to the Owner for each Rental Period an accurate statement of the number of hours the Equipment has worked each day. When an operator is supplied by the Owner, the Renter shall confirm hours worked, if requested, by writing the Owner's operator's documentation. The confirmed hours worked is to be used to calculate the Rental Amount payable by the Renter, unless otherwise agreed. The confirmation of the Renter's representative shall bind the Renter to accept the hours worked.

**26. TERMINATION** 26.1 The Owner may terminate this Agreement forthwith by written notice to the Renter if one or more of the following events occur: (a) the Renter defaults in punctual payment of any sum due to the Owner for rental of the Equipment or other charges payable under this Agreement; (b) the Renter fails to observe and perform any of the terms and conditions of this Agreement; (c) the Renter suffers, or the Owner reasonably believes the Renter shall suffer, any distress or execution to be levied against the Renter (provided the levy or distress is not otherwise discharged) or commits or threatens to commit or permits or suffers any act of insolvency or bankruptcy, proposal, assignment or reorganization under the Bankruptcy and Insolvency Act (Canada), the Winding-up and Restructuring Act (Canada) or similar legislation in another jurisdiction or files or is subject to a petition in bankruptcy or is adjudicated a bankrupt or the Renter, if a partnership, or substantial part of the Renter's property; or (d) the Renter goes or ceases or threatens to cease carrying on its business. 26.2 In the event of termination under subparagraph (b) above, the Owner shall have the right to exercise any one or more of the remedies described in clauses 26 and 27 below and termination shall not relieve the Renter of its obligations under this Agreement accrued up to and including the date of termination, and shall not affect the right of the Owner to recover from the Renter any money due or to become due under this Agreement, or any damages arising from the breach.

**27. REPOSSESSION** Should the Renter fail to make any payment within 3 days after it becomes due, become bankrupt or insolvent, fail to operate or maintain the Equipment as provided in this Agreement or violate any other provision of this Agreement, DOZR or its agent, on behalf of the Owner, may at their option in writing: (a) terminate this Agreement; (b) enter onto Renter's property and take all action necessary to remove and retake possession of the Equipment, (c) recover from the Renter all accrued and unpaid amounts and all damages, and (d) pursue any other remedy available at law. Any Renter deposit or advance payment held by the Owner may be applied to such amounts.

**28. GOVERNING LAW** This Agreement shall be governed and construed in accordance with the laws of the Province of Ontario and the laws of Canada applicable in that Province if the Owner resides or has its principal office in Canada or any jurisdiction other than the United States or the laws of the State of New York if the Owner resides or has its principal office in the United States. The parties irrevocably attend and submit to the exclusive jurisdiction of the courts of

theft, loss, seizure or vandalism of the Equipment while the Equipment is in the possession or under the control of the Renter.

**12.     RETURN OF EQUIPMENT**   At the termination of the Rental Period, or any renewal ... of the rental ... extended, the Renter shall clean and ... the ... ... ... ... ... to the Owner in good operating condition, working order and in the same condition as when the Renter took delivery of the Equipment (ordinary wear and tear excepted). The Renter shall be liable for any costs, liabilities and expenses incurred by DOZR should the Renter fail to comply with this clause. 12.2 In the event that DOZR has agreed to collect the Equipment from the Renter, the Renter shall notify the Owner in writing that the Equipment is "off rent" and the Owner shall confirm receipt of such notice and endeavor to collect the Equipment within a commercially reasonable period of time after the Equipment is called "off rent". 12.3 In the case of an inability or failure to return the Equipment to the Owner for any reason whatsoever, the Renter will promptly pay to the Owner the full replacement value of the Equipment in accordance with the appraisal methodology set out in clause 10 and shall make continuing payments to the Owner as described in clause 4.3 until such replacement value payment is received by the Owner. For the avoidance of doubt, this Agreement shall continue in full force and effect if the Equipment is replaced or substituted by the Owner or the Renter for any reason whatsoever.

Ontario if the Owner resides or has its principal office in Canada or any jurisdiction other than the United States or the courts in the county of Erie, New York if the Owner resides in or has its principal office in the United States.

**29.     NOTICES**   ... ... of the ... ... ... of the United States ... of this Agreement must be in writing and may be given by delivering, ... ... ... ... ... notice ... by ... ... name at the address, fax number or email address indicated in the Offer if such party is the Owner or in the Rental Terms if such party is the Renter or such address, fax number or email address as such party may notify the other of in writing. Such notice shall be deemed to have been given on the day of delivery, if delivered, on the day when the notice was faxed or emailed if on or before 4:30 pm or, on the fifth (5) business day following the date of mailing if mailed.

**30.     COUNTERPARTS, ELECTRONIC DELIVERY, ASSIGNMENTS**   This Agreement may be executed and delivered by the parties in one or more counterparts, each of which will be an original and those counterparts will together constitute one and the same instrument. Delivery of a signed copy of this Agreement by facsimile, e-mail or other functionally equivalent electronic means of transmission constitutes valid and effective delivery. The terms and conditions of this Agreement shall inure to the benefit of and be binding upon the respective successors and permitted assigns of the parties. This Agreement and any of the Renter's rights or obligations hereunder, may not be assigned, subcontracted or transferred by the Renter, in whole or in part, whether voluntary, by operation of contract, law or otherwise, without the prior written consent of the Owner (in its sole discretion). The Owner may at any time and without notice to the Renter, transfer and assign any of its rights under this Agreement to DOZR.

**31.     FURTHER ASSURANCES**   The parties agree to do all things necessary to execute or obtain all documents as may be required by the other party in order to give effect to or better evidence this Agreement.

**32.     SEVERABILITY**   Each clause of this agreement shall be interpreted to be enforceable under applicable law. If any of these clauses is, nonetheless, held to be unlawful, void or unenforceable, then that clause will be deemed modified to the extent necessary to make it lawful, valid and enforceable. If for any reason such clause is not so modified, such clause shall be severable from the remaining clauses of this Agreement and will not affect the validity and enforceability of the remaining clauses, to the extent permitted by law.

**33.     INDEPENDENT LEGAL ADVICE**   The parties hereto hereby acknowledge that they have been advised to obtain independent legal advice with regard to this Agreement and either have done so or have chosen not to do so.



**Job Site**

6002 Shiloh Church Hurlock Rd, Hurlock, MD 21643, USA

**Billing Address**

| | |
|---|---|
| Customer # | : 3023288 |
| Quote Date | : Jul/13/21 |
| Rental Out | : Jul/14/21 |
| Rental In | : Aug/10/21 |
| Job Loc | : 6002 Shiloh Church Hurlock Rd, Hurlock, MD 21643, USA |
| Job # | : 60edb9fef507170013b199e2 |
| Customer Job ID | : |
| P.O.# | : N/A |
| Ordered By | : Brad Reynolds |
| Reserved By | : Brad Reynolds |
| Salesperson | : Scott Clark |
| Salesperson Phone # | : +13092760460 |
| Offer Valid Until | : Jul/27/21 |

Additional Notes:
   Site Contact: Brad Reynolds
   Phone #: +14322410569

Office: +14322410569
Cell:
Email: breynolds@bcrcompanies.com

**Hi Brad Reynolds,**

**Please review items on your quote and click the Reserve Equipment button to reserve your equipment on the DOZR website.**

**If you have any questions please contact us at 1-833-774-6320 or at contact@dozr.com**

**Thanks,**
**The DOZR Team**

### Quote Amount: $16,424.00

| | |
|---|---|
| Quote Number: | #F6365VR |
| Terms: | Due Upon Receipt |
| Payment Options: | Contact our credit office 844-599-2586 |

RESERVE EQUIPMENT

---

**Quote Number: #F6365VR**

| RENTAL QTY | DESCRIPTION | SUPPLIER | DAY | WEEK | 4 WEEK | AMOUNT |
|---|---|---|---|---|---|---|
| 1 | **Dozer, 50,000 lbs+**<br>Model: Liebherr PR-736-XL<br>Rental Start Date: Jul/14/2021<br>Rental End Date: Aug/10/2021<br>Daily Max: 8 hr<br>Weekly Max: 40 hr<br>4 Weeks Max: 160 hr<br>Excess rates will apply for exceeding max machine hours. | John Dozr DOZR Inc. | $1,240.00 | $3,700.00 | $11,200.00 | $11,200.00 |
| | **Total Delivery Charge** | | | | | $2,500.00 |
| | **Total Pickup Charge** | | | | | $2,500.00 |
| | **Environmental Fee** | | | | | $224.00 |
| | | | | SUBTOTAL | | $16,424.00 |
| | | | | ESTIMATED TAX | | 0 |
| | | | | TOTAL | | **$16,424.00** |

**Important Terms:**

Excess Hours: Excess hours rates will apply for exceeding max machine hours.

Off-renting: Equipment will be extended and charged for until written notice for off-rent is recieved by DOZR. All rental fees and associated costs for any extensions will be billed to the renter.

RESERVE EQUIPMENT

**1.    DEFINITIONS**    1.1 "Agreement" is this Rental Agreement between the Owner and the Renter for the rental of Equipment. 1.2 "DOZR" means (a) DOZR Inc. if the Owner resides or has its principal office in Canada or any jurisdiction other than the United States; or (b) DOZR Ltd. if the Owner resides or has its principal office in the United States. 1.3 "Equipment" covers all classes of equipment, machinery, tools, vehicles, accessories and any ancillary items which the Owner agrees to rent to the Renter and the Renter agrees to rent from the Owner. 1.4 "Offer" is the Owner's offer to rent the Equipment to the Renter on the Website which will include details of the Equipment to be rented, the Rental Period, relevant rental rates and charges and any supplementary terms and conditions to be incorporated into this Agreement. 1.5 "Owner" is the person, company, firm or public authority renting the Equipment to be rented and includes their successors, assigns or personal representatives. 1.6 "Renter" is the person, company, firm or public authority renting the Owner's Equipment and includes their successors, assigns or personal representatives. 1.7 "Rental Amount" means the agreed amount to be paid for the Equipment rental, as detailed in the "Confirmation of Rental Terms" document provided by DOZR to each of the Owner and the Renter (as the case may be). 1.8 "Rental Period" means the period during which the Owner shall rent to the Renter, and the Renter shall rent from the Owner, all Equipment as set forth in the Rental Terms. 1.9 "Rental Terms" means the Rental Terms attached to this Agreement. 1.10 "Website" means the website platform operated by DOZR for the purpose of connecting Renters and Owners to enter into rental agreements between them.

**2.    ENTIRE AGREEMENT**    2. ENTIRE AGREEMENT The Renter and Owner agree that the terms and conditions contained in this Agreement shall govern the rental of Equipment pursuant to the Offer and supersede all prior negotiations, representations or agreements, whether written or oral, unless and to the extent that they are expressly adopted in writing and signed by both the Owner and Renter. The rental terms specified in the Confirmation of Rental Terms shall prevail over any inconsistency with the terms of the Offer.

**3.    ELIGIBILITY**    You must be 18 years of age or older to use the Website in any manner and to enter into this Agreement.

**4.    RENTAL PERIOD**    4.1 If the Renter is responsible for delivery, the Rental Period shall commence from the time the Equipment leaves the Owner's depot or place where last employed and shall continue until the Equipment is received back at the Owner's named location on the return date described in the Rental Terms (unless the Rental Period is exceeded). 4.2 If the Owner is responsible for delivery, the Rental Period shall commence from the time the Equipment is delivered to the Renter's named location and shall continue until the Equipment is collected from the Renter's named location on the return date described in the Rental Terms (unless the Rental Period is exceeded). 4.3 Subject to Clause 5, Renter agrees that if the Equipment is not returned on the end date of the Rental Period described in the Rental Terms, Renter shall be required to continue to pay the monthly, weekly, daily or hourly Rental Amount (as the case may be) applicable to the Equipment in accordance with the Offer and the Rental Terms; provided that such payment shall not be considered an agreement by the parties to extend the Rental Period. Renter agrees that DOZR reserves the right to charge Renter's credit card for any amount owed by Renter pursuant to this clause due to late return of Equipment.

**5.    EXTENSION OF THE RENTAL PERIOD**    5.1 If the Renter wishes to extend the Rental Period, the Renter must give written notice to the DOZR twenty-four (24) hours before the return date described in the Rental Terms, setting out the proposed new return date for the Equipment. In regards to equipment that is being off rented, it requires written communication. Failure to do so will result in an extension until written confirmation is received by DOZR and all additional rental fees and associated costs incurred will be billed to the renter. 5.2 If the Owner agrees to the requested extension of the Rental Period, it shall notify DOZR who shall send an invoice to the Renter which corresponds to the extension of the Rental Period and the Renter agrees that DOZR may charge the Renter's credit card for the amount contained in such invoice before the original return date described in the Rental Terms or as soon as practicable thereafter. 5.3 For the avoidance of doubt, this Agreement shall continue in full force and effect during any extension of the Rental Period.

**6.    PAYMENT TERMS**    Unless the Renter has an authorized credit account, payments are accepted via credit card only. Machine will be reserved upon receipt of payment. If renter keeps the unit longer than the original rental period, the extension will automatically be processed via credit card at the start of the next period. For long term rentals exceeding one month, the first month's payment will be processed via credit card before the unit goes out. The following months will be automatically charged to the renter's credit card after the first month has finished. The undersigned authorizes DOZR to retain my credit card information provided below and to use such information at any time during the duration of this Agreement to charge my credit card for all rent and incidental amounts (including rent for additional days or hours, and back charges for fuel, cleaning or damages) provided for in this agreement and any other agreements between Owner and Renter. The Rental Amount due under this Agreement shall be paid monthly, weekly, daily or hourly (as the case may be) in advance through the Website in accordance with the Offer. Overdue payments shall bear additional interest at the rate of the lesser of (a) 24% per annum or (b) the maximum rate of interest permitted under any applicable law until payment in full. Any security deposit paid by the Renter through the Website is paid to guarantee the Renter's full performance of the terms of this Agreement and will be returned to the Renter only upon the Renter's irrevocably performing all of the Renter's obligation under this Agreement. The Renter agrees that in the event of any breach of this Agreement by the Renter, the security deposit may be credited against the cost of any damages or expenses incurred by the Owner or the DOZR as a result of such breach. Cancellation of your rental 24 hours or less before your specified date/time or if the equipment has been loaded on the truck, will result in a full refund minus the transportation fee as outlined above in the pickup/delivery section of the rental agreement.

**7.    CONDITION AND ACCEPTANCE**    The Owner represents and warrants that to the best of the Owner's knowledge and belief, the Equipment is in good operating condition and working order. If the Renter does not notify DOZR in writing within twenty four (24) hours of the Equipment being delivered, the Equipment shall be deemed to be in good operating condition and working order.

**8.    OPERATION BY RENTER**    8.1 The Renter shall use the Equipment in a careful, prudent and workmanlike manner within the manufacturer's rated capacity and other specifications, in accordance with the manufacturer's and/or the Owner's recommendations and shall not abuse, damage or misuse the Equipment or use the Equipment for any unlawful purpose. 8.2 The Renter shall comply with and conform to all applicable laws, ordinances and regulations relating to the possession, operation or regular maintenance of the Equipment, including (without limitation) the Occupational Health and Safety Act (Ontario) and all environmental laws. 8.3 When renting Equipment without the Owner's operator, the Renter shall supply and pay for all operators of the Equipment and take all reasonable steps to keep itself and its employees and other agents acquainted with the state and condition of the Equipment. If Equipment is used in an unsafe and unsatisfactory manner or environment, the Renter shall be solely responsible for any damage, loss, cost, expense or accidents, whether directly or indirectly, arising therefrom. 8.4 If renting a vehicle to which the commercial vehicle operators registration ("CVOR") system applies, both the Owner and Renter are required to hold a valid CVOR certificate which shall be carried in the vehicle at all times together with this Agreement. In all other cases, both the Owner and the Renter are required to hold whatever certificates, permits, licenses or other similar documentation, which shall be carried in the vehicle at all times. The Renter shall (a) surrender both the Owner's and Renter's CVOR certificates and such other documentation for inspection by a police officer or other law enforcement agent and (b) take any other action required under applicable law. The Owner shall ensure that any commercial vehicle it rents out complies with applicable safety, registration and licensing requirements. 8.5 The Renter is deemed to have knowledge of the site, property or land where the Equipment is to be delivered and used, and the Renter warrants that the condition of the site or place of delivery of the Equipment is suitable for the use of such Equipment and further acknowledges in taking delivery of the Equipment that the Equipment is appropriate for its intended use. 8.6 When renting Equipment with an operator supplied by the Owner, the Owner shall be responsible for all locations where Equipment will be used. In all other circumstances, the Renter is responsible for all such locations and for the protection of, and liable for any damage to, any underground, surface or above ground services and utilities (including, but not limited to, cables, ducts, water pipes and gas lines, and any pavements, bridges, tunnels and roadways on or adjacent to such locations) and the Renter shall liaise as necessary and comply with all requirements of any applicable law or the relevant statutory authority or similar body). 8.7 Except when the Owner supplies the operator, the Renter is responsible for ensuring that all persons using the Equipment have experience and expertise in the safe operation of the Equipment, are competent operators, hold all necessary permits and licenses (where required), and have received appropriate instructions, information and training in the Equipment's operation. The Renter shall not allow any other person to operate such Equipment without the Owner's prior written consent. 8.8 If the Renter is not fully conversant with the Equipment rented from the Owner, the Renter is advised to contact the Owner before use of the Equipment. 8.9 When an operator is supplied by the Owner with the Equipment, the Owner shall supply a person competent in operating the Equipment. Any operator shall be under the direction of the Renter and shall for all purposes in connection with the working of the Equipment be regarded as the agent of the Renter and the Renter shall be solely responsible for all claims arising in connection with the operation of the Equipment by the operator, save for injury to persons or property arising from the negligence, fraud or willful misconduct of the operator which shall be the responsibility of the Owner. If worker's compensation or similar legislation applies to an Owner, the Owner shall ensure that any operator supplied by it with the Equipment is registered for workers compensation or similar insurance coverage. 8.10 The Renter shall indemnify the Owner against any charges or fines that the Owner may become liable for as a result of the operation of the Equipment during the Rental Period, except for any such charges or fines payable solely due to the actions or inactions of an operator supplied by the Owner.

**9.    MAINTENANCE / REPAIR**    Renter agrees to check filters, oil, fluid levels, air pressure, and clean and visually inspect the Equipment, at least daily and to immediately discontinue use and notify the DOZR and the Owner when the Equipment is found to need repair or maintenance or is not properly functioning. The Owner will have the option of arranging for the repair of the Equipment or relying on DOZR to arrange for repairs and DOZR will invoice the Owner for the cost of such repairs plus its applicable service fee. Other than as set out in clause 10 below, the Owner shall pay, at its expense, the costs of maintaining the Equipment in order to keep it in good operating condition and working order, including the repair or replacement of tires and tubes as a result of ordinary wear and tear. The Renter shall not repair, modify or alter the Equipment without the prior written permission of the Owner. Fuel, oil and grease shall, when supplied by the Owner, be charged at cost or at an agreed estimate of net cost. The Renter shall be solely responsible for all damages, losses, costs and expenses incurred by the Owner from the wrong fuel, oil, grease or lubricants.

**10.    DAMAGE**    The Renter shall be responsible for and indemnify and hold harmless the Owner and DOZR against (a) the cost of any loss or damage (including all repair costs) to the Equipment during the Rental Period, other than ordinary wear and tear, and (b) the cost of any loss suffered by the Owner resulting from the inability of the Owner to rent the Equipment during the time period in which it is being repaired or replaced. The appraisal for any loss or damage to the Equipment shall be based on the replacement cost of the Equipment without deduction for depreciation or the prevailing rental price which could have been achieved for the Equipment during the time period in which it is being repaired or replaced. "Ordinary wear and tear" shall mean the normal deterioration of the Equipment caused by ordinary, reasonable and proper use of the Equipment. Damage which is not ordinary wear and tear includes, but is not limited to, damage due to overloading or exceeding rated capacities or other specifications, breakage, improper or excessive use and abuse. If the Renter is responsible for delivery of the Equipment, the Renter shall also indemnify and hold harmless the Owner and any operator supplied by the Owner against all loss and damage to the Equipment, and injury to person, caused by or in connection with any operation or handling of the Equipment.

**11.    BREAKDOWN, REPAIRS AND THEFT**    11.1 The Renter must immediately notify DOZR in writing of any breakdown or the unsatisfactory working of or damage to any part of the Equipment. Any claim for breakdown time will only be considered from the time and date at which written notification is received by the Owner. Allowances for rental charges will be made for stoppage due to breakdown of the Equipment caused by the development of either (a) an inherent fault, (b) ordinary wear and tear or (c) any other problem for which the Owner is expressly responsible under this Agreement. There will be no allowance for downtime or inconvenience caused to the Renter by failure of any tires, tubes, wheels, hoses and/or associated Equipment if resulting from damage which is (a) not ordinary wear and tear or (b) caused by any other problem for which the Renter is expressly responsible under this Agreement. 11.2 Subject to the other provisions of this Agreement, the Renter shall be responsible for all costs and expenses involved arising from any breakdown, unsatisfactory working of or damage to any part of the Equipment due to the Renter's negligence or misuse of the Equipment or due to damage which is not ordinary wear and tear or caused by any other problem for which the Renter is expressly responsible under this Agreement, in any case whether caused by the Renter or its agents (including any operators supplied by the Owner acting at the direction of the Renter), and for rental charges during the period of the Equipment being unable to work due to such breakdown, unsatisfactory working or damage. 11.3 The Renter is responsible for the cost of replacement or repairs due to

**12.    REFUELLING SERVICE CHARGE**    Renter acknowledges that a "Refueling Service Charge" will be applied to all Equipment not returned with a fuel tank at the same fuel level as when Renter received the Equipment. The exact cost of the Refueling Service Charge will vary depending on the date Renter returns the Equipment. Renter acknowledges that the Refueling Service Charge is not a retail sale of fuel. Renter may avoid the Refueling Service Charge if Renter returns the Equipment with a fuel tank at the same fuel level as when Renter received the Equipment. If the rental unit is propane fuelled and requires filling a flat fee will be charged regardless of the amount used.

**13.    TITLE TO EQUIPMENT**    14.1 The Equipment is and shall at all times remain the property of the Owner. The Renter shall have no right, title or interest in the Equipment except as expressly set out in this Agreement. 14.2 The Renter shall not sublease, assign, loan, rent, lease, sell, mortgage, charge, pledge, part with possession of or otherwise transfer to a third party the Equipment. 14.3 The Renter shall not allow the Equipment to be affixed or attached to or otherwise become a fixture or accession to any lands, buildings or chattels and shall not incur or create any liens, encumbrances or charges with respect to the Equipment. 14.4 The Renter shall give the Owner immediate notice in case any of the Equipment is encumbered or becomes liable to seizure and shall protect the Equipment against distress, execution, levy or seizure and shall indemnify the Owner against all losses, damage, costs, charges and expenses arising as a direct result of any failure to observe and perform this obligation.

**15.    CHANGE OF SITE**    The Equipment shall not be moved from the site to which it was delivered or consigned without the prior written consent of the Owner.

**16.    NOTICE OF ACCIDENTS**    If the Equipment is involved in any accident resulting in injury to persons or damage to property, immediate notification must be given by the Renter to the Owner by telephone and confirmed in writing to the Owner no later than twenty-four (24) hours after such telephone notification. In relation to any claim in respect of which the Renter is not bound to fully indemnify the Owner, no admission of liability, offer, promise of payment or indemnity shall be made by the Renter without the Owner's prior written permission.

**17.    INSURANCE**    17.1 The Renter shall, at its own expense, place and maintain during the entire term of this Agreement (a) commercial general liability insurance with an insurance limit not less than $2 million per occurrence and $4 million in the aggregate; and (b) property insurance for the full replacement cost of the Equipment, including coverage for all risks of loss or damage to the Equipment. 17.2 The Owner and DOZR shall be named as additional insured parties on Renter's insurance policies. 17.3 The Renter must satisfy the insurance requirements of this clause 17 at its own expense. In the event of damage amounting to actual or constructive total loss of the Equipment, the Owner shall be entitled to retain from all insurance proceeds an amount equal to the replacement value of the Equipment. 17.4 At the Owner's request the Renter will provide evidence acceptable to the Owner that the insurance coverage is in effect (but the Owner is not obliged to determine or advise the Renter if there is adequate coverage in effect). If the Renter fails to provide proof of adequate insurance coverage, as determined solely by the Owner, the Owner may commit acts which include all parts of this Agreement. The Renter hereby appoints the Owner its agent and attorney to make claims and receive payment in accordance with the provisions of such policies. 17.5 The Owner shall, at its own expense, place and maintain, during the entire term of this Agreement, general public liability and property damage (including bodily injury and contractual liability) insurance and shall include DOZR as a named insured thereon.

**18.    RENTAL EQUIPMENT PROTECTION**    In the event that the Customer accepts and pays for the Rental Equipment Protection option and loss or damage of the Equipment occurs that is covered under the Rental Equipment Protection policy, the Customer is responsible for the payment of the deductible of $3,000, per occurrence, (the "Deductible"), and DOZR waives its claim against the Customer for any amount in excess of the Deductible, up to $100,000.00. The Rental Equipment Protection shall not apply to the Customer if the Equipment is being held against the will and consent of DOZR, or if the cause of the loss or damage is outside of the terms of the Rental Equipment Protection policy. It is at DOZR's sole discretion as to whether the loss or damage is within the terms of the Rental Equipment Protection policy. The Customer's obligation to insure for Public Liability is not waived hereunder.

**19.    RENTAL EQUIPMENT PROTECTION EXCEPTIONS**    Notwithstanding the Customer's acceptance of the Rental Equipment Protection, the Customer shall be liable for all loss or damage from acts or omissions that are negligent, as determined by DOZR in its sole discretion. Examples of items that are NOT COVERED include, but are not limited to: • Equipment that has disappeared under suspicious or mysterious circumstances that would be classified as missing inventory. • Loss where reasonable security precautions were not taken, such as Equipment left unsupervised, unsecured overnight, in a parked motor vehicle (whether it was operative or being used for storage). • Loss or damage caused by or due to employee, sub-trade or agent infidelity. • Damage caused by improper operation or servicing of the Equipment, including, but not limited to, overloading, exceeding rated capacities, improper use, negligent operation, damage caused by: lack of fuel or lubrication, improper fuel or fuel mixtures, failure to maintain proper oil, water, hydraulic or pressure levels, low voltage, or the use of inappropriate extension cords (either too long or too light). • Damage to expected wear items, including but not limited to, carbide and diamond drills, carbide and diamond blades, carbide bits or cutters, brushes, blades or cutter heads. • Damage to tires, tubes, windows, drill bits, cutting blades/chains, points or chisels. • Damage to Equipment while in transit, including but not limited to, damage caused by overturning, or collisions with bridges or overpasses. Any such damage must be covered by the insurance policy of the transport company or the Renter's insurance policy. • Damage to Equipment caused by operators of other moving vehicles or other equipment. Any such damage must be covered/claimed under the insurance policy for the other vehicle or other equipment. • Damage caused by use or operation of the Equipment in violation of the Rental Agreement, construction safety laws including but not limited to the Occupational Health and Safety Act, national building codes, regulatory certification/requirements/licensing or any other applicable laws or regulations. • Cleaning charges. • Loss or damage exceeding $100,000.00, less the deductible.

**20.    SUBROGATION**    In the event of any loss or damage to the Equipment, the Owner will have the right of subrogation with respect to any right of the Renter to recover against any person, firm or corporation. The Renter will execute and deliver any documents and do such acts and things necessary to secure such rights. The Renter will cooperate fully with Owner and or its insurer(s) in the prosecution of those rights and will neither take or permit nor suffer any action to prejudice the Owner's right with respect thereto.

**21.    WARRANTIES**    TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, THE OWNER, BEING NEITHER THE MANUFACTURER, NOR MERCHANT NOR DEALER IN THE EQUIPMENT, MAKES NO WARRANTIES, EXPRESS OR IMPLIED, AS TO ANY MATTER WHATSOEVER, INCLUDING, WITHOUT LIMITATION, THE CONDITION OF THE EQUIPMENT, ITS MERCHANTABILITY, ITS DESIGN, ITS CAPACITY, ITS PERFORMANCE, ITS MATERIAL, ITS WORKMANSHIP, ITS FITNESS FOR ANY PARTICULAR PURPOSE, OR THAT IT WILL MEET THE REQUIREMENTS OF ANY LAWS, RULES, SPECIFICATIONS, OR CONTRACTS, WHICH PROVIDE FOR SPECIFIC APPARATUS OR SPECIAL METHODS.

**22.    LIABILITY OF RENTER**    The Renter shall indemnify and hold harmless the Owner and any operator supplied by the Owner against all loss, expense, penalties, damages, liabilities, fines, costs and expenses which the Owner or its operator may suffer or may be required to incur for all personal injuries, death, Equipment damage or damage to property suffered by any person by reason of the Equipment or the operation, handling, use, transportation or use thereof by or in the hands of the Renter or the Renter's employees or carriers. The Renter shall be responsible for the Equipment until it has been returned to the Owner. The Renter acknowledges and agrees that the Renter assumes all liability for injury, disability and death of workmen, persons and others and damages to property for injury to or destruction of property, in any manner arising out of or incidental or consequential damages of any kind (including, but not limited to economic loss, lost profits or lost savings), whether based in contract, tort, strict liability, or otherwise, arising out of or in any way connected with this Agreement, the Equipment or any operator supplied by the Owner.

**23.    RISK ACKNOWLEDGEMENT**    By renting the Equipment, the Renter: (a) acknowledges and agrees that the use of Equipment is dangerous and may pose a risk to the safety of the Renter and others and to damage to property; (b) represents and warrants that it has the requisite skill, knowledge, preparation and training to operate the Equipment safely and effectively, or if it will use an operator supplied by the Owner that such operator has such requisite skill; and (c) assumes full and complete responsibility for all losses, costs, injuries and damages that may result from the use of the Equipment.

**24.    LIMITATION OF OWNER'S LIABILITY**    To the maximum extent permitted by applicable law, in no event shall DOZR be liable for special, consequential, punitive, incidental or indirect damages arising from any reason whatsoever, whether or not the loss or liability is based on contract, warranty, negligence, indemnity or otherwise. The Renter shall be responsible for all costs and expenses, including legal fees, incurred by DOZR arising in relation to any disputes with the Renter under this Agreement. The Renter agrees to defend, indemnify and hold harmless DOZR, its officers, directors, shareholders, employees, contractors, agents, assigns or suppliers (the "Indemnified Parties") be liable for any injury, loss, claim, damage, or any special, exemplary, punitive, direct, indirect, incidental or consequential damages of any kind (including, but not limited to economic loss, lost profits or lost savings), whether based in contract, tort, strict liability, or otherwise, arising out of or in any way connected with this Agreement, the dealings between the Owner and the Renter or any Equipment, products or services provided under this Agreement. Any of the Indemnified Parties shall be entitled to rely upon this clause 22.5 in the event of any such claim.

**25.    BASIS OF CHARGING**    The Renter shall deliver to the Owner each Rental Period an accurate statement of the number of hours the Equipment has worked each day. When an operator is supplied by the Owner, the Renter shall confirm hours worked, if requested, by writing an electronic communication. The combination of accurate records submitted and the Renter's acceptance of the final signed record shall be binding to confirm.

**26.    TERMINATION**    26.1 The Owner may terminate this Agreement forthwith by written notice to the Renter if one or more of the following events occurs: (a) the Renter defaults in punctual payment of any sum due to the Owner for the rental of the Equipment or other charges payable pursuant to this Agreement; (ii) the Renter fails to observe and perform any of the terms and conditions of this Agreement; (iii) the Renter suffers, or the Owner reasonably believes that the Renter shall suffer, any distress or execution to be levied against the Renter (whether or not relating to the Equipment); (iv) the Renter becomes insolvent (however evidenced) or commits or threatens to commit an act of bankruptcy, (v) petition in bankruptcy, proposal, arrangement or reorganization under the Bankruptcy and Insolvency Act (Canada), Winding-up and Restructuring Act (Canada) or Companies' Creditors Arrangement Act (Canada), the United States Bankruptcy Code or analogous legislation in another jurisdiction is filed by or against the Renter, or if a receiver or receiver manager is appointed for the Renter or any substantial part of the Renter's property; (vi) the Renter does or causes to be done or permit or suffer any act or thing whereby the Owner's rights in the Equipment may be prejudiced or put into jeopardy. 26.2 In the event of termination under sub-paragraph (i) above, the Owner shall have the right to exercise any one or more of the following remedies: (a) declare the entire amount of rent and other amounts owing under this Agreement immediately due and payable; (b) sue for and recover all rent and other amounts owing under this Agreement; (c) take possession of the Equipment wherever located without demand or notice and without legal process; (d) retain all payments made by the Renter under this Agreement; (e) require the Renter to assemble the Equipment and make the Equipment available to the Owner; (f) pursue any other remedy available to the Owner at law or in equity. All remedies are cumulative and may be exercised concurrently or separately.

**27.    REPOSSESSION**    Should the Renter fail to make any payment within 3 days after it becomes due, become bankrupt or insolvent, fail to operate or maintain the Equipment as provided in this Agreement or violate any other provision of this Agreement, DOZR or its employees or agents may, after giving the Renter any notice required under the Agreement, (b) enter into Renter's property and take all actions necessary to take possession of the Equipment, (c) recover from the Renter all Equipment and all costs and expenses associated with the recovery of the Equipment and (d) pursue any other remedies available to it at law or equity. The Renter hereby waives any claim it may have against DOZR or the Owner, and their respective employees and agents, for trespass, damage and other loss in connection with any repossession or re-possession of the Equipment. The Renter consents to any entry by DOZR, the Owner, and their respective employees and agents onto the Renter's property for the purpose of repossessing the Equipment.

**28.    GOVERNING LAW**    This Agreement shall be governed and construed in accordance with the laws of the Province of Ontario and the laws of Canada applicable in the Province of Ontario where the Owner resides or has its principal office in Canada or any jurisdiction other than the United States or the laws of the State of New York if the Owner resides or has its principal office in the United States. The parties irrevocably attorn and submit to the exclusive jurisdiction of the courts of

Case 2:21-cv-03068-BAH Document 40-1 Filed 07/26/22 Page 10 of 36

theft, loss, seizure or vandalism of the Equipment while the Equipment is in the possession or under the control of the Renter.

**12.    RETURN OF EQUIPMENT.** 12.1 Upon termination of the Agreement or expiry of the Rental Period, as may be extended, the Renter shall clean and return the Equipment to the Owner to the location indicated in the Offer at the address, fax number or email operating condition, working order and in the same condition as when the Renter took delivery of the Equipment (ordinary wear and tear excepted). The Renter shall be liable for any costs, liabilities and expenses incurred by DOZR should the Renter fail to comply with this clause. 12.2 In the event that DOZR has agreed to collect the Equipment from the Renter, the Renter shall notify the Owner in writing that the Equipment is "off rent" and the Owner shall confirm receipt of such notice and endeavor to collect the Equipment within a commercially reasonable period of time after the Equipment is called "off rent". 12.3 In the case of an inability or failure to return the Equipment to the Owner for any reason whatsoever, the Renter will promptly pay to the Owner the full replacement value of the Equipment in accordance with the appraisal methodology set out in clause 10 and shall make continuing payments to the Owner as described in clause 4.3 until such replacement value payment is received by the Owner. For the avoidance of doubt, this Agreement shall continue in full force and effect if the Equipment is replaced or substituted by the Owner or the Renter for any reason whatsoever.

Ontario if the Owner resides or has its principal office in Canada or any jurisdiction other than the United States or the courts in the county of Erie, New York if the Owner resides in or has its principal office in the United States.

**29.    NOTICES.** Any notice or other communication to be determined under this Agreement must be in writing and may be given by delivering it to the other party or, in the case of service by notice sent via facsimile or email at the address, fax number or email address indicated in the Offer if such party is the Owner or in the Rental Terms if such party is the Renter or such address, fax number or email address as such party may notify the other of in writing. Such notice shall be deemed to have been given on the day of delivery, if delivered, on the day when the notice was faxed or emailed if on or before 4:30 pm or, on the fifth (5) business day following the date of mailing if mailed.

**30.    COUNTERPARTS, ELECTRONIC DELIVERY, ASSIGNMENTS**    This Agreement may be executed and delivered by the parties in one or more counterparts, each of which will be an original and those counterparts will together constitute one and the same instrument. Delivery of a signed copy of this Agreement by facsimile, e-mail or other functionally equivalent electronic means of transmission constitutes valid and effective delivery. The terms and conditions of this Agreement shall inure to the benefit of and be binding upon the respective successors and permitted assigns of the parties. This Agreement and any of the Renter's rights or obligations hereunder, may not be assigned, subcontracted or transferred by the Renter, in whole or in part, whether voluntary, by operation of contract, law or otherwise, without the prior written consent of the Owner (in its sole discretion). The Owner may at any time and without notice to the Renter, transfer and assign any of its rights under this Agreement to DOZR.

**31.    FURTHER ASSURANCES**    The parties agree to do all things necessary to execute or obtain all documents as may be required by the other party in order to give effect to or better evidence this Agreement.

**32.    SEVERABILITY**    Each clause of this agreement shall be interpreted to be enforceable under applicable law. If any of these clauses is, nonetheless, held to be unlawful, void or unenforceable, then that clause will be deemed modified to the extent necessary to make it lawful, valid and enforceable. If for any reason such clause is not so modified, such clause shall be severable from the remaining clauses of this Agreement and will not affect the validity and enforceability of the remaining clauses, to the extent permitted by law.

**33.    INDEPENDENT LEGAL ADVICE**    The parties hereto hereby acknowledge that they have been advised to obtain independent legal advice with regard to this Agreement and either have done so or have chosen not to do so.



**Job Site**

6002 Shiloh Church Hurlock Rd, Hurlock,
MD 21643, USA

| Additional Notes: |
| Site Contact: Brad Reynolds |
| Phone #: +14322410569 |

**Billing Address**

Office: +14322410569
Cell:
Email: breynolds@bcrcompanies.com

| | |
|---|---|
| Customer # | : 3023288 |
| Quote Date | : Jul/13/21 |
| Rental Out | : Jul/15/21 |
| Rental In | : Aug/11/21 |
| Job Loc | : 6002 Shiloh Church Hurlock Rd, Hurlock, MD 21643, USA |
| Job # | : 60edd184fda2ea00138dfe2e |
| Customer Job ID | : |
| P.O.# | : N/A |
| Ordered By | : Brad Reynolds |
| Reserved By | : Brad Reynolds |
| Salesperson | : Scott Clark |
| Salesperson Phone # | : +13092760460 |
| Offer Valid Until | : Jul/27/21 |

**Hi Brad Reynolds,**

**Please review items on your quote and click the Reserve Equipment button to reserve your equipment on the DOZR website.**

**If you have any questions please contact us at 1-833-774-6320 or at contact@dozr.com**

**Thanks,**
**The DOZR Team**

| **Quote Amount: $18,299.00** |
|---|
| Quote Number: #QT4UL83 |
| Terms: Due Upon Receipt |
| Payment Options: Contact our credit office 844-599-2586 |
| RESERVE EQUIPMENT |

---

## Quote Number: #QT4UL83

| RENTAL QTY | DESCRIPTION | SUPPLIER | DAY | WEEK | 4 WEEK | AMOUNT |
|---|---|---|---|---|---|---|
| 1 | **Dozer, 50,000 lbs+**<br>Model: Caterpillar D6T<br>Rental Start Date: Jul/15/2021<br>Rental End Date: Aug/11/2021<br>Daily Max: 8 hr<br>Weekly Max: 40 hr<br>4 Weeks Max: 160 hr<br>Excess rates will apply for exceeding max machine hours. | John Dozr DOZR Inc. | $1,378.00 | $4,112.00 | $12,450.00 | $12,450.00 |
| | **Total Delivery Charge** | | | | | $2,800.00 |
| | **Total Pickup Charge** | | | | | $2,800.00 |
| | **Environmental Fee** | | | | | $249.00 |
| | | | | SUBTOTAL | | $18,299.00 |
| | | | | ESTIMATED TAX | | 0 |
| | | | | TOTAL | | **$18,299.00** |

**Important Terms:**

Excess Hours: Excess hours rates will apply for exceeding max machine hours.

Off-renting: Equipment will be extended and charged for until written notice for off-rent is recieved by DOZR. All rental fees and associated costs for any extensions will be billed to the renter.

| RESERVE EQUIPMENT |
|---|

DOZR RENTAL AGREEMENT

**1. DEFINITIONS** 1.1 "Agreement" is this Rental Agreement between the Owner and the Renter for the rental of Equipment. 1.2 "DOZR" means (a) DOZR Inc. if the Owner resides or has its principal office in Canada or any jurisdiction other than the United States; or (b) DOZR USA Inc. if the Owner resides or has its principal office in the United States. 1.3 "Equipment" covers all classes of equipment, machinery, tools, vehicles, accessories and any ancillary items which the Owner agrees to rent to the Renter and the Renter agrees to rent from the Owner. 1.4 "Offer" is the Owner's offer to rent the Equipment to the Renter on the Website which will include details of the Equipment to be rented, the Rental Period, relevant rental rates and charges and any supplementary terms and conditions to be incorporated into this Agreement. 1.5 "Owner" is the person, company, firm or public authority renting the Equipment to be rented and includes their successors, assigns or personal representatives. 1.6 "Renter" is the person, company, firm or public authority renting the Owner's Equipment and includes their successors, assigns or personal representatives. 1.7 "Rental Amount" means the agreed amount to be paid for the Equipment rental, as detailed in the "Confirmation of Rental Terms" document provided by DOZR to each of the Owner and the Renter (as the case may be). 1.8 "Rental Period" means the period during which the Owner shall rent to the Renter, and the Renter shall rent from the Owner, all Equipment as set forth in the Rental Terms. 1.9 "Rental Terms" means the Rental Terms attached to this Agreement. 1.10 "Website" means the website platform operated by DOZR for the purpose of connecting Renters and Owners to enter into rental agreements between themselves.

**2. ENTIRE AGREEMENT** 2. ENTIRE AGREEMENT The Renter and Owner agree that the terms and conditions contained in this Agreement shall govern the rental of Equipment pursuant to the Offer and supersede all prior negotiations, representations or agreements, whether written or oral, unless and to the extent that they are expressly included in writing and signed by both the Owner and Renter. The rental terms specified in the Confirmation of Rental Terms shall prevail over any inconsistency with the terms of the Offer.

**3. ELIGIBILITY** 3. The Renter must be 18 years of age or older to use the Website in any manner and to enter into this Agreement.

**4. RENTAL PERIOD** 4.1 If the Renter is responsible for delivery, the Rental Period shall commence from the time the Equipment leaves the Owner's depot or place where last employed and shall continue until the Equipment is received back at the Owner's named location on the return date described in the Rental Terms (unless the Rental Period is exceeded). 4.2 If the Owner is responsible for delivery, the Rental Period shall commence from the time the Equipment is delivered to the Renter's named location and shall continue until the Equipment is received back at the Owner's named location on the return date described in the Rental Terms (unless the Rental Period is exceeded). 4.3 Subject to Clause 5, Renter agrees that if the Equipment is not returned on the end date of the Rental Period described in the Rental Terms, Renter shall be required to continue to pay the monthly, weekly, daily or hourly Rental Amount (as the case may be) applicable to the Equipment in accordance with the Offer and the Rental Terms; provided that such payment shall not be considered an agreement by the parties to extend the Rental Period. Renter agrees that DOZR reserves the right to charge Renter's credit card for any amount owed by Renter pursuant to this clause due to late return of Equipment.

**5. EXTENSION OF THE RENTAL PERIOD** 5.1 If the Renter wishes to extend the Rental Period, the Renter must give written notice to the DOZR twenty-four (24) hours before the return date described in the Rental Terms, setting out the proposed new return date for the Equipment. In regards to equipment that is being off rented, it requires written communication. Failure to do so will result in an extension until written confirmation is received by DOZR and all additional rental fees and associated costs incurred will be billed to the renter. 5.2 If the Owner agrees to the requested extension of the Rental Period, it shall notify DOZR who shall send an invoice to the Renter which corresponds to the extension of the Rental Period and the Renter agrees that DOZR may charge the Renter's credit card for the amount contained in such invoice before the original return date described in the Rental Terms or as soon as practicable thereafter. 5.3 For the avoidance of doubt, this Agreement shall continue in full force and effect during any extension of the Rental Period.

**6. PAYMENT TERMS** Unless the Renter has an authorized credit account, payments are accepted via credit card only. Machine will be reserved upon receipt of payment. If renter keeps the unit longer than the original rental period, the extension will automatically be processed via credit card at the start of the next period. For long term rentals exceeding one month, the first month's payment will be processed via credit card before the unit goes out. The following months will be automatically charged to the renter's credit card after the first month has finished. The undersigned authorizes DOZR to retain my credit card information provided below and to use such information at any time during the duration of this Agreement to charge my credit card for all rent and incidental amounts (including rent for additional days or hours, and back charges for fuel, cleaning or damages) provided for in this agreement and any other agreements between Owner and Renter. The Rental Amount due under this Agreement shall be paid monthly, weekly, daily or hourly (as the case may be) in advance through the Website in accordance with the Offer. Overdue payments shall bear additional interest at the rate of the lesser of (a) 24% per annum or (b) the maximum rate of interest permitted under any applicable law until payment in full. Any security deposit credited against the cost of any damages or expense incurred by the Owner or DOZR as a result of such breach. Cancellation of your rental 24 hours or less before your specified date/time or if the equipment has been loaded on the truck, will result in a full refund minus the transportation fee as outlined above in the pickup/delivery section of the rental agreement.

**7. CONDITION AND ACCEPTANCE** The Owner represents and warrants that to the best of the Owner's knowledge and belief, the Equipment is in good operating condition and working order. If the Renter does not notify DOZR in writing within twenty four (24) hours of the Equipment being delivered, the Equipment shall be deemed to be in good operating condition and working order.

**8. OPERATION BY RENTER** 8.1 The Renter shall use the Equipment in a careful, prudent and workmanlike manner within the manufacturer's rated capacity and other specifications, in accordance with the manufacturer's and/or the Owner's recommendations and shall not abuse, damage or misuse the Equipment or use the Equipment for any unlawful purpose. 8.2 The Renter shall comply with and conform to all applicable laws, ordinances and regulations relating to the possession, operation or regular maintenance of the Equipment, including (without limitation) the Occupational Health and Safety Act (Ontario) and all environmental laws. 8.3 When renting Equipment without the Owner's operator, the Renter shall supply and pay for all operators of the Equipment and take all reasonable steps to keep itself and its employees and other agents acquainted with the state and condition of the Equipment. If Equipment is used in an unsafe and unsatisfactory manner or environment, the Renter shall be solely responsible for any damage, loss, cost, expense or accidents, whether directly or indirectly, arising therefrom. 8.4 If renting a vehicle with the commercial vehicle operators registration ("CVOR") system applies, both the Owner and Renter are required to hold a valid CVOR certificate which shall be carried in the vehicle at all times together with this Agreement. In all other cases, both the Owner and the Renter are required to hold whatever certificates, permits, licenses or other similar documentation which shall be carried in the vehicle at all times. The Renter shall (a) surrender both the Owner's and Renter's CVOR certificates and such other documentation for inspection by a police officer or other law enforcement agent and (b) take any other action required under applicable law. The Owner shall ensure that any commercial vehicle it rents out complies with applicable safety, registration and licensing requirements. 8.5 The Renter is deemed to have knowledge of the site, property or land where the Equipment is to be delivered and used, and the Renter warrants that the condition of the site or place of delivery of the Equipment is suitable for the use of such Equipment and further acknowledges in taking delivery of the Equipment that the Equipment is appropriate for its intended use. 8.6 When renting Equipment with an operator supplied by the Owner, the Owner shall be responsible for all locations where Equipment will be used. In all other circumstances, the Renter is responsible for all such locations and for the protection of, and liable for any damage to, any underground, surface or above ground services and utilities (including, but not limited to, cables, ducts, water pipes and gas lines, and any pavements, bridges, tunnels and roadways on or adjacent to such locations) and the Renter shall liaise as necessary and comply with all requirements of any applicable law or the relevant statutory authority or similar body. 8.7 Except where the Owner supplies the operator, the Renter is responsible for ensuring that all persons using the Equipment have experience and expertise in the safe operation of the Equipment, are competent operators, hold all necessary permits and licenses (where required), and have received appropriate instructions, information and training in the Equipment's operation. The Renter shall not allow any other person to operate such Equipment without the Owner's prior written consent. 8.8 If the Renter is not fully conversant with the Equipment rented from the Owner, the Renter is advised to contact the Owner for the appropriate operating instructions. 8.9 When an operator is supplied by the Owner with the Equipment, the Owner shall supply a person competent in operating the Equipment. Any operator shall be under the direction of the Renter and shall for all purposes in connection with the working of the Equipment be regarded as the agent of the Renter and the Renter shall be solely responsible for all claims arising in connection with the operation of the Equipment by the operator, save for injury to person or property arising from the negligence, fraud or willful misconduct of the operator which shall be the responsibility of the Owner. If worker's compensation or similar legislation applies to an Owner, the Owner shall ensure that any operator supplied by it with the Equipment is registered for workers compensation or similar insurance coverage. 8.10 The Renter shall indemnify the Owner against any charges or fines which the Owner may become liable for as a result of the operation of the Equipment during the Rental Period, except for any such charges or fines payable solely due to the actions or inactions of an operator supplied by the Owner.

**9. MAINTENANCE / REPAIR** Renter agrees to check filters, oil, fluid levels, air pressure, and clean and visually inspect the Equipment, at least daily and to immediately discontinue use and notify the DOZR and the Owner when the Equipment is found to need repair or maintenance or is not properly functioning. The Owner will have the option of arranging for the repair of the Equipment or relying on DOZR to arrange for repairs and DOZR will invoice the Owner for the cost of such repairs plus its applicable service fee. Other than as set out in clause 10 below, the Owner shall pay, at its expense, the costs of maintaining the Equipment in order to keep it in good operating condition and working order, including the repair or replacement of tires and tubes as a result of ordinary wear and tear. The Renter shall not repair, modify or alter the Equipment without the prior written permission of the Owner. Fuel, oil and grease shall, when supplied by the Owner, be charged at cost or at an agreed estimate of net cost. The Renter shall be solely responsible for all damages, losses, costs and expenses incurred by the Owner if the Renter uses the wrong type of fuel, oil, grease or lubricant.

**10. DAMAGE** The Renter shall be responsible for and indemnify and hold harmless the Owner and DOZR against (a) the cost of any loss or damage (including all repair costs) to the Equipment during the Rental Period, other than ordinary wear and tear, and (b) the cost of any loss suffered by the Owner resulting from the inability of the Owner to rent the Equipment during the time period in which it is being repaired or replaced. The appraisal for any loss or damage to the Equipment shall be based on the replacement cost of the Equipment without deduction for depreciation or the prevailing rental price which could have been achieved for the Equipment during the time period in which it is being repaired or replaced. "Ordinary wear and tear" shall mean the normal deterioration of the Equipment caused by ordinary, reasonable and proper use of the Equipment. Damage which is not ordinary wear and tear includes, but is not limited to, damage due to overloading or exceeding rated capacities or other specifications, breakage, improper or excessive use and abuse. If the Renter is responsible for delivery of the Equipment, the Renter shall also indemnify and hold harmless the Owner and any operator supplied by the Owner against all loss and damage to the Equipment, and injury to person, caused by or in connection with the operation or use of the Equipment.

**11. BREAKDOWN, REPAIRS AND THEFT** 11.1 The Renter must immediately notify DOZR in writing of any breakdown or the unsatisfactory working of or damage to any part of the Equipment. Any claim for breakdown time will only be considered from the time and date at which written notification is received by the Owner. Allowances for rental charges will be made for stoppage due to breakdown of the Equipment caused by the development of either (a) an inherent fault, (b) ordinary wear and tear or (c) any other defect in the Equipment which the Owner is expressly responsible under this Agreement. There will be no allowance for downtime or inconvenience caused to the Renter by failure of any tires, tubes, wheels, hoses and/or associated Equipment if resulting from damage which is (a) not ordinary wear and tear or (b) caused by any other problem for which the Renter is expressly responsible under this Agreement. 11.2 Subject to the other provisions of this Agreement, the Renter shall be responsible for all costs and expenses involved arising from any breakdown, unsatisfactory working of or damage to any part of the Equipment due to the Renter's negligence or misuse of the Equipment or due to damage which is not ordinary wear and tear or caused by any other problem for which the Renter is expressly responsible under this Agreement, in any case whether caused by the Renter or its agents (including any operator supplied by the Owner acting at the direction of the Renter), and for rental charges during the period that Equipment is necessarily idle due to such breakdown, unsatisfactory working or damage. 11.3 The Renter is responsible for the cost of replacement or repairs due to

**12. REFUELLING SERVICE CHARGE** Renter acknowledges that a "Refueling Service Charge" will be applied to all Equipment not returned with a fuel tank at the same fuel level as when Renter received the Equipment. The exact cost of the Refueling Service Charge will vary depending on the date Renter returns the Equipment. Renter acknowledges that the Refueling Service Charge is not a retail sale of fuel. Renter may avoid the Refueling Service Charge if Renter returns the Equipment with a fuel tank at the same fuel level as when Renter received the Equipment. If the rental unit is propane fuelled and requires filling a flat fee will be charged regardless of the amount used.

**13. TITLE TO EQUIPMENT** 14.1 The Equipment is and shall at all times remain the property of the Owner. The Renter shall have no right, title or interest in the Equipment except as expressly set out in this Agreement. 14.2 The Renter shall not sublease, assign, loan, rent, lease, sell, mortgage, charge, pledge, part with possession of or otherwise transfer to a third party the Equipment. 14.3 The Renter shall not allow the Equipment to be affixed or attached to or otherwise become a fixture or accession to any lands, buildings or chattels and shall not incur or permit any lien or other encumbrance on or with respect to the Equipment. 14.4 The Renter shall give the Owner immediate notice in case any of the Equipment is encumbered or becomes liable to seizure and shall protect the Equipment against distress, execution, levy or seizure and shall indemnify the Owner against all losses, damage, costs, charges and expenses arising as a direct result of any failure to observe and perform this obligation.

**15. CHANGE OF SITE** The Equipment shall not be moved from the site to which it was delivered or consigned without the prior written consent of the Owner.

**16. NOTICE OF ACCIDENTS** If the Equipment is involved in any accident resulting in injury to persons or damage to property, immediate notification must be given by the Renter to the Owner by telephone and confirmed in writing to the Owner no later than twenty-four (24) hours after such telephone notification. In relation to any claim in respect of which the Renter is not bound to fully indemnify the Owner, no admission of liability, offer, promise of payment or indemnity shall be made by the Renter without the Owner's prior written permission.

**17. INSURANCE** 17.1 The Renter shall, at its own expense, place and maintain during the entire term of this Agreement (a) commercial general liability insurance with an insurance limit not less than $2 million per occurrence and $4 million in the aggregate; and (b) property insurance for the full replacement cost of the Equipment, including coverage for all risks of loss or damage to the Equipment. 17.2 The Owner and DOZR shall be named as additional insured parties on the Renter's insurance policies. 17.3 The Renter must satisfy the insurance requirements of this clause 17 at its own expense. In the event of damage amounting to actual or constructive total loss of the Equipment, the Owner shall be entitled to retain from all insurance proceeds an amount equal to the replacement value of the Equipment. 17.4 At the Owner's request the Renter will provide evidence acceptable to the Owner that the insurance coverage is in effect (but the Owner is not obliged to determine or advise the Renter if there is adequate coverage in effect). If the Renter fails to provide proof of adequate insurance coverage, as determined solely by the Owner, the Owner may consider this a default of this Agreement. The Renter hereby appoints the Owner its agent and attorney to make claims and receive payment in accordance with the provisions of such policies. 17.5 The Owner shall, at its own expense, place and maintain, during the entire term of this Agreement, general public liability and property damage (including bodily injury and contractual liability) insurance and shall include DOZR as a named insured thereon.

**18. RENTAL EQUIPMENT PROTECTION** In the event that the Customer accepts and pays for the Rental Equipment Protection option and loss or damage of the Equipment occurs that is covered under the Rental Equipment Protection policy, the Customer is responsible for the payment of the deductible of $3,000, per occurrence, (the "Deductible"), and DOZR waives its claim against the Customer for any amount in excess of the Deductible, up to $100,000.00. The Rental Equipment Protection shall not apply to the Customer when the Equipment is being held against the will and consent of DOZR, or if the cause of the loss or damage is outside of the terms of the Rental Equipment Protection policy. It is at DOZR's sole discretion as to whether the loss or damage is covered under the Rental Equipment Protection policy. The Customer's obligation to insure for Public Liability is not waived hereunder.

**19. RENTAL EQUIPMENT PROTECTION EXCEPTIONS** Notwithstanding the Customer's acceptance of the Rental Equipment Protection, the Customer shall be liable for all loss or damage from the following causes, as determined by DOZR in its sole discretion. Examples of items that are NOT COVERED include, but are not limited to: • Equipment that has disappeared under suspicious or mysterious circumstances that would be classified as missing inventory. • Loss where reasonable security precautions were not taken, such as Equipment left unsupervised, unsecured, parked overnight in a parked motor vehicle (whether it was operative or being used for storage). • Loss or damage caused by or due to employee, sub-trade or agent infidelity. • Damage caused by improper operation or servicing of the Equipment, including but not limited to, overloading, exceeding rated capacities, improper use, negligent operation, damage caused by: lack of fuel or lubrication, improper fuel or fuel mixtures, failure to maintain proper oil, water, hydraulic or air pressure levels, low voltage, or the use of inappropriate extension cords (either too long or too light). • Damage to expected wear items, including but not limited to, carbide and diamond drills, carbide and diamond blades, carbide bits or cutters, hammers, or breaker tools. • Damage to tires, tubes, windows, drill bits, cutting blades, chains, points or tines, unless the Equipment while rented, including but not limited to, damage caused by overturning, or collisions with bridges or overpasses. Any such damage must be covered/claimed under the insurance policy for the transport vehicle. • Damage to Equipment caused by operators of other moving vehicles or other equipment. Any such damage must be covered/claimed under the insurance policy for the other vehicle or other equipment. • Damage caused by use or operation of the Equipment in violation of the Rental Agreement, contract, or by-law. • Loss or damage resulting from improper Occupational Health and Safety Act Government building codes, regulatory certification/requirements/licensing or any other applicable laws or regulations. • Cleaning charges. • Loss or damage exceeding $100,000.00, less the Deductible.

**20. SUBROGATION** In the event of any loss or damage to the Equipment, the Owner will have the right of subrogation with respect to any right of the Renter to recover against any person, firm or corporation. The Renter will execute and deliver any documents and do such other acts and things necessary to secure such rights. The Renter will cooperate fully with the Owner and (or its insurer(s) in the prosecution of any claims and will neither take or permit nor suffer to be taken any action to prejudice or impair the Owner's right with respect thereto.

**21. WARRANTIES** TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, THE OWNER, BEING NEITHER THE MANUFACTURER, NOR MERCHANT NOR DEALER IN THE EQUIPMENT, MAKES NO WARRANTIES, EXPRESS OR IMPLIED, AS TO ANY MATTER WHATSOEVER, INCLUDING, WITHOUT LIMITATION, THE CONDITION OF THE EQUIPMENT, ITS MERCHANTABILITY, ITS DESIGN, ITS CAPACITY, ITS PERFORMANCE, ITS MATERIAL, ITS WORKMANSHIP, ITS FITNESS FOR ANY PARTICULAR PURPOSE, OR THAT IT WILL MEET THE REQUIREMENTS OF ANY LAWS, RULES, SPECIFICATIONS, OR CONTRACTS, WHICH PROVIDE FOR SPECIFIED APPARATUS OR SPECIAL METHODS.

**22. LIABILITY OF RENTER** The Renter shall indemnify and hold harmless the Owner and any operator supplied by the Owner against all loss, expenses, penalties, damages, liabilities, fines, costs and expenses which the Owner or its operator may suffer or may be required to incur for all personal injuries, death, Equipment damage or damage to property suffered by any person by reason of the use, operation or possession of the Equipment, whether the Equipment is operated by the Renter, its agents or employees or an operator supplied by the Owner or the Renter's employees or carriers. The Renter shall be responsible for the Equipment until it has been returned to the Owner. The Renter acknowledges and agrees that the Renter assumes all liability for injury, disability and death of workmen, agents and other persons caused by its operation, use, control, handling of the Equipment during the Rental Period as set forth this Agreement.

**23. RISK ACKNOWLEDGEMENT** By renting the Equipment, the Renter: (a) acknowledges and agrees that the use of Equipment is dangerous and may pose a risk to the safety of the Renter and others and further agrees to assume responsibility for such risk; (b) represents and warrants that it has the requisite skill, knowledge, preparation and training to operate the Equipment safely and effectively, or if the Equipment is being operated by an operator supplied by the Owner, the Renter assumes full and complete responsibility for all losses, costs, injuries and damages that

**24. LIMITATION OF OWNER'S LIABILITY** To the maximum extent permitted by applicable law, in no event shall DOZR be liable for special, consequential, incidental, exemplary, punitive or indirect loss or damage of any kind whatsoever, whether or not the loss or liability is based on contract, warranty, negligence, indemnity or otherwise. The Renter shall be responsible for all costs and expenses, including legal fees, incurred by DOZR in enforcing its rights or remedies under this Agreement. The Renter acknowledges and agrees that DOZR provides a technology platform that brings together equipment owners and equipment renters for the purpose of arranging rental agreements between themselves, but will not be a party to the negotiation or conclusion of any rental agreement between the Owner and Renter. The Renter and Owner agree that in no event will DOZR, its subsidiaries, affiliates or any of their respective directors, officers, shareholders, employees, contractors, agents, assigns or suppliers (the "Indemnified Parties") be liable for any loss, claim, damage, or any special, exemplary, punitive, direct, indirect, incidental or consequential damages of any kind (including, but not limited to economic loss, lost profits or lost savings), whether based in contract, tort, strict liability, or otherwise, arising out of or in any way connected with this Agreement, any dealings between the Owner and Renter or use of Equipment or products or services provided under this Agreement. Any of the Indemnified Parties liability to rely on the terms of this clause 22.5 even in the event that such claim.

**25. BASIS OF CHARGING** The Renter shall deliver to the Owner for each Rental Period an accurate statement of the number of hours the Equipment has worked each day. When an operator is supplied by the Owner, the Renter shall confirm hours worked, if requested, by signing or electronic confirmation of the timesheet produced by the Owner's operator. This shall bind the Renter to accept the hours so confirmed.

**26. TERMINATION** 26.1 The Owner may terminate this Agreement forthwith by written notice to the Renter if one or more of the following events occur: (i) the Renter fails to perform or comply with any term due to the Owner for the rental of Equipment or other charges payable pursuant to this Agreement; (ii) the Renter fails to observe and perform any of the terms and conditions of this Agreement; (iii) the Renter suffers, or the Owner reasonably believes that the Renter shall suffer, any distress or execution to be levied against the Renter or any of the Renter's property (however evidenced) or commits or threatens to commit an act of bankruptcy or if a petition in bankruptcy, proposal, arrangement or reorganization under the Bankruptcy and Insolvency Act (Canada), Winding-up and Restructuring Act (Canada) or Companies' Creditors Arrangement Act (Canada), the United States Bankruptcy Code or analogous legislation in another jurisdiction is filed by or against the Renter, or if a receiver or receiver-manager is appointed for the Renter or a substantial part of the Renter's property; or (iv) the Renter does or causes to be done or permit or suffer any act or thing whereby the Owner's rights in the Equipment may be prejudiced or put into jeopardy. 26.2 In the event of termination under sub-paragraph (i) above, the Owner shall have the right to exercise any one or more of the remedies under clause 27 below. 26.3 On expiry or other termination of this Agreement, the Renter shall return the Equipment to the Owner in good working order (subject to ordinary wear and tear) and all other amounts owing under this Agreement immediately shall become due and payable. 26.4 The provisions of this Agreement that by their nature survive termination or expiry of this Agreement shall so survive.

**27. REPOSSESSION** Should the Renter fail to make any payment within 3 days after it becomes due, become bankrupt or insolvent, fail to operate or maintain the Equipment as provided for in this Agreement or violate any other provision of this Agreement, DOZR or the Owner may, at its option, terminate this Agreement; (b) enter any premises where the Equipment is located and take possession of and remove the same and waive all claims for damages arising or caused by any such repossession and/or (c) recover from the Renter all unpaid Rental Amounts and other amounts owing under this Agreement, and all expenses incurred in connection therewith, including legal fees on a full indemnity basis.

**28. GOVERNING LAW** This Agreement shall be governed and construed in accordance with the laws of the Province of Ontario and the laws of Canada applicable in that Province if the Owner resides or has its principal office in Canada or any jurisdiction other than the United States or the laws of the State of New York if the Owner resides or has its principal office in the United States. The parties irrevocably attend and submit to the exclusive jurisdiction of the courts of

theft, loss, seizure or vandalism of the Equipment while the Equipment is in the possession or under the control of the Renter.

**12.      RETURN OF EQUIPMENT** At the expiry of the applicable Rental Term, unless the applicable Rental Term is extended, the Renter shall clean and return the Equipment at its own cost and expense to the Owner in the same good operating condition, working order and in the same condition as when the Renter took delivery of the Equipment (ordinary wear and tear excepted). The Renter shall be liable for any costs, liabilities and expenses incurred by DOZR should the Renter fail to comply with this clause. 12.2 In the event that DOZR has agreed to collect the Equipment from the Renter, the Renter shall notify the Owner in writing that the Equipment is "off rent" and the Owner shall confirm receipt of such notice and endeavor to collect the Equipment within a commercially reasonable period of time after the Equipment is called "off rent". 12.3 In the case of an inability or failure to return the Equipment to the Owner for any reason whatsoever, the Renter will promptly pay to the Owner the full replacement value of the Equipment in accordance with the appraisal methodology set out in clause 10 and shall make continuing payments to the Owner as described in clause 4.3 until such replacement value payment is received by the Owner. For the avoidance of doubt, this Agreement shall continue in full force and effect if the Equipment is replaced or substituted by the Owner or the Renter for any reason whatsoever.

Ontario if the Owner resides or has its principal office in Canada or any jurisdiction other than the United States or the courts in the county of Erie, New York if the Owner resides in or has its principal office in the United States.

**29.      NOTICES** Any notice or other communication permitted or required under this Agreement must be in writing and may be delivered personally or by prepaid mail or facsimile transmission or e-mail to the party at the address, fax number or email address indicated in the Offer if such party is the Owner or in the Rental Terms if such party is the Renter or such address, fax number or email address as such party may notify the other of in writing. Such notice shall be deemed to have been given on the day of delivery, if delivered, on the day when the notice was faxed or emailed if on or before 4:30 pm or, on the fifth (5) business day following the date of mailing if mailed.

**30.      COUNTERPARTS, ELECTRONIC DELIVERY, ASSIGNMENTS** This Agreement may be executed and delivered by the parties in one or more counterparts, each of which will be an original and those counterparts will together constitute one and the same instrument. Delivery of a signed copy of this Agreement by facsimile, e-mail or other functionally equivalent electronic means of transmission constitutes valid and effective delivery. The terms and conditions of this Agreement shall inure to the benefit of and be binding upon the respective successors and permitted assigns of the parties. This Agreement and any of the Renter's rights or obligations hereunder, may not be assigned, subcontracted or transferred by the Renter, in whole or in part, whether voluntary, by operation of contract, law or otherwise, without the prior written consent of the Owner (in its sole discretion). The Owner may at any time and without notice to the Renter, transfer and assign any of its rights under this Agreement to DOZR.

**31.      FURTHER ASSURANCES** The parties agree to do all things necessary to execute or obtain all documents as may be required by the other party in order to give effect to or better evidence this Agreement.

**32.      SEVERABILITY** Each clause of this agreement shall be interpreted to be enforceable under applicable law. If any of these clauses is, nonetheless, held to be unlawful, void or unenforceable, then that clause will be deemed modified to the extent necessary to make it lawful, valid and enforceable. If for any reason such clause is not so modified, such clause shall be severable from the remaining clauses of this Agreement and will not affect the validity and enforceability of the remaining clauses, to the extent permitted by law.

**33.      INDEPENDENT LEGAL ADVICE** The parties hereto hereby acknowledge that they have been advised to obtain independent legal advice with regard to this Agreement and either have done so or have chosen not to do so.



| | |
|---|---|
| Customer # | : 3023288 |
| Quote Date | : Aug/03/21 |
| Rental Out | : Jul/19/21 |
| Rental In | : Aug/15/21 |
| Job Loc | : 6002 Shiloh Church Hurlock Rd, Hurlock, MD 21643, USA |
| Job # | : 60ef24cd069de600131bda78 |
| Customer Job ID | : |
| P.O.# | : N/A |
| Ordered By | : Brad Reynolds |
| Reserved By | : Brad Reynolds |
| Salesperson | : Scott Clark |
| Salesperson Phone # | : +13092760460 |
| Offer Valid Until | : Aug/17/21 |

**Job Site**

6002 Shiloh Church Hurlock Rd, Hurlock,
MD 21643, USA

**Billing Address**

Additional Notes:
   Site Contact: Brad Reynolds
   Phone #: +14322410569

Office: +14322410569
Cell:
Email: breynolds@bcrcompanies.com

**Hi Brad Reynolds ,**

**Please review items on your quote and click the Reserve Equipment button to reserve your equipment on the DOZR website.**

**If you have any questions please contact us at 1-833-774-6320 or at contact@dozr.com**

**Thanks,**
**The DOZR Team**

## Quote Amount: $12,608.00

Quote Number:  #RBX73LQ
Terms:  Due Upon Receipt
Payment Options:  Contact our credit office 844-599-2586

RESERVE EQUIPMENT

---

**Quote Number: #RBX73LQ**

| RENTAL QTY | DESCRIPTION | SUPPLIER | DAY | WEEK | 4 WEEK | AMOUNT |
|---|---|---|---|---|---|---|
| 1 | **Articulated Dump Truck, 30 ton+**<br>Rental Start Date: Jul/19/2021<br>Rental End Date: Aug/15/2021<br>Daily Max: 8 hr<br>Weekly Max: 40 hr<br>4 Weeks Max: 160 hr<br>Excess rates will apply for exceeding max machine hours. | John Dozr DOZR Inc. | $1,191.00 | $3,572.00 | $10,400.00 | $10,400.00 |
| | **Total Delivery Charge** | | | | | $1,000.00 |
| | **Total Pickup Charge** | | | | | $1,000.00 |
| | **Environmental Fee** | | | | | $208.00 |
| | | | | SUBTOTAL | | $12,608.00 |
| | | | | ESTIMATED TAX | | 0 |
| | | | | TOTAL | | **$12,608.00** |

**Important Terms:**

Excess Hours: Excess hours rates will apply for exceeding max machine hours.

Off-renting: Equipment will be extended and charged for until written notice for off-rent is recieved by DOZR. All rental fees and associated costs for any extensions will be billed to the renter.

RESERVE EQUIPMENT

**1. DEFINITIONS** 1.1 "Agreement" is this Rental Agreement between the Owner and the Renter for the rental of Equipment. 1.2 "DOZR" means (a) DOZR Inc. if the Owner resides or has its principal office in Canada or any jurisdiction other than the United States; or (b) DOZR Ltd. if the Owner resides or has its principal office in the United States. 1.3 "Equipment" covers all classes of equipment, machinery, tools, vehicles, accessories and any ancillary items which the Owner agrees to rent to the Renter and the Renter agrees to rent from the Owner. 1.4 "Offer" is the Owner's offer to rent the Equipment to the Renter on the Website which will include details of the Equipment to be rented, the Rental Period, relevant rental rates and charges and any supplementary terms and conditions to be incorporated into this Agreement. 1.5 "Owner" is the person, company, firm or public authority renting the Equipment to be rented and includes their successors, assigns or personal representatives. 1.6 "Renter" is the person, company, firm or public authority renting the Owner's Equipment and includes their successors, assigns or personal representatives. 1.7 "Rental Amount" means the agreed amount to be paid for the Equipment rental, as detailed in the "Confirmation of Rental Terms" document provided by DOZR to each of the Owner and the Renter (as the case may be). 1.8 "Rental Period" means the period during which the Owner shall rent to the Renter, and the Renter shall rent from the Owner, all Equipment as set forth in the Rental Terms. 1.9 "Rental Terms" means the Rental Terms attached to this Agreement. 1.10 "Website" means the website platform operated by DOZR for the purpose of connecting Renters and Owners to enter into rental agreements between themselves.

**2. ENTIRE AGREEMENT** 2. ENTIRE AGREEMENT The Renter and Owner agree that the terms and conditions contained in this Agreement shall govern the rental of Equipment pursuant to the Offer and supersede all prior negotiations, representations or agreements, whether written or oral, unless and to the extent that they are expressly incorporated in writing and signed by both the Owner and Renter. The rental terms specified in the Confirmation of Rental Terms shall prevail over any inconsistency with the terms of the Offer.

**3. ELIGIBILITY** You must be 18 years of age or older to use the Website in any manner and to enter into this Agreement.

**4. RENTAL PERIOD** 4.1 If the Renter is responsible for delivery, the Rental Period shall commence from the time the Equipment leaves the Owner's depot or place where last employed and shall continue until the Equipment is received back at the Owner's named location on the return date described in the Rental Terms (unless the Rental Period is exceeded). 4.2 If the Owner is responsible for delivery, the Rental Period shall commence from the time the Equipment is delivered to the Renter's named location and shall continue until the Equipment is collected from the Renter's named location on the return date described in the Rental Terms (unless the Rental Period is exceeded). 4.3 Subject to Clause 5, Renter agrees that if the Equipment is not returned on the end date of the Rental Period described in the Rental Terms, Renter shall be required to continue to pay the monthly, weekly, daily or hourly Rental Amount (as the case may be) applicable to the Equipment in accordance with the Offer and the Rental Terms; provided that such payment shall not be considered an agreement by the parties to extend the Rental Period. Renter agrees that DOZR reserves the right to charge Renter's credit card for any amount owed by Renter pursuant to this clause due to late return of Equipment.

**5. EXTENSION OF THE RENTAL PERIOD** 5.1 If the Renter wishes to extend the Rental Period, the Renter must give written notice to the DOZR twenty-four (24) hours before the return date described in the Rental Terms, setting out the proposed new return date for the Equipment. In regards to equipment that is being off rented, it requires written communication. Failure to do so will result in an extension until written confirmation is received by DOZR and all additional rental fees and associated costs incurred will be billed to the renter. 5.2 If the Owner agrees to the requested extension of the Rental Period, it shall notify DOZR who shall send an invoice to the Renter which corresponds to the extension of the Rental Period and the Renter agrees that DOZR may charge the Renter's credit card for the amount contained in such invoice before the original return date described in the Rental Terms or as soon as practicable thereafter. 5.3 For the avoidance of doubt, this Agreement shall continue in full force and effect during any extension of the Rental Period.

**6. PAYMENT TERMS** Unless the Renter has an authorized credit account, payments are accepted via credit card only. Machine will be reserved upon receipt of payment. If renter keeps the unit longer than the original rental period, the extension will automatically be processed via credit card at the start of the next period. For long term rentals exceeding one month, the first month's payment will be processed via credit card before the unit goes out. The following months will be automatically charged to the renter's credit card after the first month has finished. The undersigned authorizes DOZR to retain my credit card information provided below and to use such information at any time during the term of this Agreement to charge my credit card for all rent and incidental amounts (including rent for additional days or hours, and back charges for fuel, cleaning or damages) provided for in this agreement and any other agreements between Owner and Renter. The Rental Amount due under this Agreement shall be paid monthly, weekly, daily or hourly (as the case may be) in advance through the Website in accordance with the Offer. Overdue payments shall bear additional interest at the rate of the lesser of (a) 24% per annum or (b) the maximum rate of interest permitted under any applicable law until payment in full. Any security deposit credited against the cost of any damages or expenses incurred by the Owner or DOZR as a result of such breach. Cancellation of your rental 24 hours or less before your specified date/time or if the equipment has been loaded on the truck, will result in a full refund minus the transportation fee as outlined above in the pickup/delivery section of the rental agreement.

**7. CONDITION AND ACCEPTANCE** The Owner represents and warrants that to the best of the Owner's knowledge and belief, the Equipment is in good operating condition and working order. If the Renter does not notify DOZR in writing within twenty four (24) hours of the Equipment being delivered, the Equipment shall be deemed to be in good operating condition and working order.

**8. OPERATION BY RENTER** 8.1 The Renter shall use the Equipment in a careful, prudent and workmanlike manner within the manufacturer's rated capacity and other specifications, in accordance with the manufacturer's and/or the Owner's recommendations and shall not abuse, damage or misuse the Equipment or use the Equipment for any unlawful purpose. 8.2 The Renter shall comply with and conform to all applicable laws, ordinances and regulations relating to the possession, operation or regular maintenance of the Equipment, including (without limitation) the Occupational Health and Safety Act (Ontario) and all environmental laws. 8.3 When renting Equipment without the Owner's operator, the Renter shall supply and pay for all operators of the Equipment and take all reasonable steps to keep itself and its employees and other agents acquainted with the state and condition of the Equipment. If Equipment is used in an unsafe and unsatisfactory manner or environment, the Renter shall be solely responsible for any damage, loss, cost, expense or accidents, whether directly or indirectly, arising therefrom. 8.4 If renting a vehicle with the commercial vehicle operators registration ("CVOR") system applies, both the Owner and Renter are required to hold a valid CVOR certificate which shall be carried in the vehicle at all times together with this Agreement. In all other cases, both the Owner and the Renter are required to hold whatever certificates, permits, licenses or other similar documentation, which shall be carried in the vehicle at all times. The Renter shall (a) surrender both the Owner's and Renter's CVOR certificates and such other documentation for inspection by a police officer or other law enforcement agent and (b) take any other action required under applicable law. The Owner shall ensure that any commercial vehicle it rents out complies with applicable safety, registration and licensing requirements. 8.5 The Renter is deemed to have knowledge of the site, property or land where the Equipment is to be delivered and used, and the Renter warrants that the condition of the site or place of delivery of the Equipment is suitable for the use of such Equipment and further acknowledges in taking delivery of the Equipment that the Equipment is appropriate for its intended use. 8.6 When renting Equipment with an operator supplied by the Owner, the Owner shall be responsible for all locations where Equipment will be used. In all other circumstances, the Renter is responsible for all such locations and for the protection of, and liable for any damage to, any underground, surface or above ground services and utilities (including, but not limited to, cables, ducts, water pipes and gas lines, and any pavements, bridges, tunnels and roadways on or adjacent to such locations) and the Renter shall liaise as necessary and comply with all requirements of any applicable law or the relevant statutory authority or similar body). 8.7 Except when the Owner supplies the operator, the Renter is responsible for ensuring that all persons using the Equipment have experience and expertise in the safe operation of the Equipment, are competent operators, hold all necessary permits and licenses (where required), and have received appropriate instructions, information and training in the Equipment's operation. The Renter shall not allow any other person to operate such Equipment without the Owner's prior written consent. 8.8 If the Renter is not fully conversant with the Equipment rented from the Owner, the Renter is advised to contact the Owner for the appropriate operating instructions. 8.9 When an operator is supplied by the Owner with the Equipment, the Owner shall supply a person competent in operating the Equipment. Any operator shall be under the direction of the Renter and shall for all purposes in connection with the working of the Equipment be regarded as the agent of the Renter and the Renter shall be solely responsible for all claims arising in connection with the operation of the Equipment by the operator, save for injury to persons or property arising from the negligence, fraud or willful misconduct of the operator which shall be the responsibility of the Owner. If worker's compensation or similar legislation applies to an Owner, the Owner shall ensure that any operator supplied by it with the Equipment is registered for workers compensation or similar insurance coverage. 8.10 The Renter shall indemnify the Owner against any charges or fines that the Owner may become liable for as a result of the operation of the Equipment during the Rental Period, except for any such charges or fines payable solely due to the actions or inactions of an operator supplied by the Owner.

**9. MAINTENANCE / REPAIR** Renter agrees to check filters, oil, fluid levels, air pressure, and clean and visually inspect the Equipment, at least daily and to immediately discontinue use and notify the DOZR and the Owner when the Equipment is found to need repair or maintenance or is not properly functioning. The Owner will have the option of arranging for the repair of the Equipment or relying on DOZR to arrange for repairs and DOZR will invoice the Owner for the cost of such repairs plus its applicable service fee. Other than as set out in clause 10 below, the Owner shall pay, at its expense, the costs of maintaining the Equipment in order to keep it in good operating condition and working order, including the repair or replacement of tires and tubes as a result of ordinary wear and tear. The Renter shall not repair, modify or alter the Equipment without the prior written permission of the Owner. Fuel, oil and grease shall, when supplied by the Owner, be charged at cost or at an agreed estimate of net cost. The Renter shall be solely responsible for all damages, losses, costs and expenses incurred by the Owner if the Renter uses the wrong fuel, oil, grease or lubricants.

**10. DAMAGE** The Renter shall be responsible for and indemnify and hold harmless the Owner and DOZR against (a) the cost of any loss or damage (including all repair costs) to the Equipment during the Rental Period, other than ordinary wear and tear, and (b) the cost of any loss suffered by the Owner resulting from the inability of the Owner to rent the Equipment during the time period in which it is being repaired or replaced. The appraisal for any loss or damage to the Equipment shall be based on the replacement cost of the Equipment without deduction for depreciation or the prevailing rental price which could have been achieved for the Equipment during the time period in which it is being repaired or replaced. "Ordinary wear and tear" shall mean the normal deterioration of the Equipment caused by ordinary, reasonable and proper use of the Equipment. Damage which is not ordinary wear and tear includes, but is not limited to, damage due to overloading or exceeding rated capacities or other specifications, breakage, improper or excessive use and abuse. If the Renter is responsible for delivery of the Equipment, the Renter shall also indemnify and hold harmless the Owner and any operator supplied by the Owner against all loss and damage to the Equipment, and injury to person, caused by or in connection with the operation of the Equipment during the Rental Period.

**11. BREAKDOWN, REPAIRS AND THEFT** 11.1 The Renter must immediately notify DOZR in writing of any breakdown or the unsatisfactory working of or damage to any part of the Equipment. Any claim for breakdown time will only be considered from the time and date at which written notification is received by the Owner. Allowances for rental charges will be made for stoppage due to breakdown of the Equipment caused by the development of either (a) an inherent fault, (b) ordinary wear and tear or (c) any other problem for which the Owner is expressly responsible under this Agreement. There will be no allowance for downtime or inconvenience caused to the Renter by failure of any tires, tubes, wheels, hoses and/or associated Equipment if resulting from damage which is (a) not ordinary wear and tear or (b) caused by any other problem for which the Renter is expressly responsible under this Agreement. 11.2 Subject to the other provisions of this Agreement, the Renter shall be responsible for all costs and expenses involved arising from any breakdown, unsatisfactory working of or damage to any part of the Equipment due to the Renter's negligence or misuse of the Equipment or due to damage which is not ordinary wear and tear or caused by any other problem for which the Renter is responsible under this Agreement, in any case whether caused by the Renter or its agents (including any operator supplied by the Owner acting at the direction of the Renter), and for rental charges during the period the Equipment is necessarily idle due to such breakdown, unsatisfactory working or damage. 11.3 The Renter is responsible for the cost of replacement or repairs due to

**13. REFUELLING SERVICE CHARGE** Renter acknowledges that a "Refueling Service Charge" will be applied to all Equipment not returned with a fuel tank at the same fuel level as when Renter received the Equipment. The exact cost of the Refueling Service Charge will vary depending on the date Renter returns the Equipment. Renter acknowledges that the Refueling Service Charge is not a retail sale of fuel. Renter may avoid the Refueling Service Charge if Renter returns the Equipment with a fuel tank at the same fuel level as when Renter received the Equipment. If the rental unit is propane fuelled and requires filling a flat fee will be charged regardless of the amount used.

**14. TITLE TO EQUIPMENT** 14.1 The Equipment is and shall at all times remain the property of the Owner. The Renter shall have no right, title or interest in the Equipment except as expressly set out in this Agreement. 14.2 The Renter shall not sublease, assign, loan, event, lease, sell, mortgage, charge, pledge, part with possession of or otherwise transfer to a third party the Equipment. 14.3 The Renter shall not allow the Equipment to be affixed or attached to or otherwise become a fixture or accession to any lands, buildings or chattels and shall not incur or permit any lien or other encumbrance on or with respect to the Equipment. 14.4 The Renter shall give the Owner immediate notice in case any of the Equipment is encumbered or becomes liable to seizure and shall protect the Equipment against distress, execution, levy or seizure and shall indemnify the Owner against all losses, damage, costs, charges and expenses arising as a direct result of any failure to observe and perform this obligation.

**15. CHANGE OF SITE** The Equipment shall not be moved from the site to which it was delivered or consigned without the prior written consent of the Owner.

**16. NOTICE OF ACCIDENTS** If the Equipment is involved in any accident resulting in injury to persons or damage to property, immediate notification must be given by the Renter to the Owner by telephone and confirmed in writing to the Owner no later than twenty-four (24) hours after such telephone notification. In relation to any claim in respect of which the Renter is not bound to fully indemnify the Owner, no admission of liability, offer, promise of payment or indemnity shall be made by the Renter without the Owner's prior written permission.

**17. INSURANCE** 17.1 The Renter shall, at its own expense, place and maintain during the entire term of this Agreement (a) commercial general liability insurance with an insurance limit not less than $2 million per occurrence and $4 million in the aggregate; and (b) property insurance for the full replacement cost of the Equipment, including coverage for all risks of loss or damage to the Equipment. 17.2 The Owner and DOZR shall be named as additional insured parties on Renter's insurance policies. 17.3 The Renter must satisfy the insurance requirements of this clause 17 at its own expense. In the event of damage amounting to actual or constructive total loss of the Equipment, the Owner shall be entitled to retain from all insurance proceeds an amount equal to the replacement value of the Equipment. 17.4 At the Owner's request the Renter will provide evidence acceptable to the Owner that the insurance coverage is in effect (but the Owner is not obliged to determine or advise the Renter if there is adequate coverage in effect). If the Renter fails to provide proof of adequate insurance coverage, as determined solely by the Owner, the Owner may cancel this Agreement. 17.5 The Renter hereby appoints the Owner its agent and attorney to make claims and receive payments in accordance with the provisions of such policies. 17.5 The Owner shall, at its own expense, place and maintain, during the entire term of this Agreement, general public liability and property damage (including bodily injury and contractual liability) insurance and shall include DOZR as a named insured thereon.

**18. RENTAL EQUIPMENT PROTECTION** In the event that the Customer accepts and pays for the Rental Equipment Protection option and loss or damage of the Equipment occurs that is covered under the Rental Equipment Protection policy, the Customer is responsible for the payment of the deductible of $3,000, per occurrence. (the "Deductible"), and DOZR waives its claim against the Customer for any amount in excess of the Deductible, up to $100,000.00. The Rental Equipment Protection shall not apply if the Customer utilizes the Equipment in breach of this Agreement. 18.1 If the cause of the loss or damage is outside of the terms of the Rental Equipment Protection policy, it is at DOZR's sole discretion as to whether the loss or damage is within the terms of the Rental Equipment Protection policy. The Customer's obligation to insure for Public Liability is not waived hereunder.

**19. RENTAL EQUIPMENT PROTECTION EXCEPTIONS** Notwithstanding the Customer's acceptance of the Rental Equipment Protection, the Customer shall be liable for all loss or damage from acts or omissions that are negligent, as determined by DOZR in its sole discretion. Examples of items that are NOT COVERED include, but are not limited to: • Equipment that has disappeared under suspicious or mysterious circumstances that would be classified as missing inventory. • Loss where reasonable security precautions were not taken, such as Equipment left unattended, unsecured overnight, in a parked motor vehicle (whether it was operative or being used for storage). • Loss or damage caused by or due to employee, sub-trade or agent infidelity. • Damage caused by improper operation or servicing of the Equipment, including, but not limited to, overloading, exceeding rated capacities, improper use, negligent operation, damage caused by: lack of fuel or lubrication, improper fuel or fuel mixtures, failure to maintain proper oil, water, hydraulic or air pressure levels, low voltage, or the use of inappropriate extension cords (either too long or too light). • Damage to expected wear items, including but not limited to, carbide and diamond drills, carbide and diamond blades, carbide bits or cutters, hammers, or breaker tools. • Damage to tires, tubes, windows, drill bits, cutting blades/chains, points or chisels. • Damage to Equipment while in transit, including but not limited to, damage caused by overturning, or collisions with bridges or overpasses. Any such damage must be covered/claimed under the insurance policy for the transport of the vehicle. • Damage to Equipment caused by operators of other moving vehicles or other equipment. Any such damage must be covered/claimed under the insurance policy for the other vehicle or other equipment. • Damage caused by use or operation of the Equipment in violation of the Rental Agreement, construction safety laws including but not limited to the Occupational Health and Safety Act, national building codes, regulatory certification/requirements/licensing or any other applicable laws or regulations. • Cleaning charges. • Loss or damage exceeding $100,000.00, less the Deductible.

**20. SUBROGATION** In the event of any loss or damage to the Equipment, the Owner will have the right of subrogation with respect to any right of the Renter to recover against any person, firm or corporation. The Renter will execute and deliver any documents and do such acts and things necessary to secure such rights. The Renter will cooperate fully with the Owner and or its insurer(s) in the prosecution of those rights and will neither take or permit nor suffer any action to prejudice the Owner's right with respect thereto.

**21. WARRANTIES** TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, THE OWNER, BEING NEITHER THE MANUFACTURER, NOR MERCHANT NOR DEALER IN THE EQUIPMENT, MAKES NO WARRANTIES, EXPRESS OR IMPLIED, AS TO ANY MATTER WHATSOEVER, INCLUDING, WITHOUT LIMITATION, THE CONDITION OF THE EQUIPMENT, ITS MERCHANTABILITY, ITS DESIGN, ITS CAPACITY, ITS PERFORMANCE, ITS MATERIAL, ITS WORKMANSHIP, ITS FITNESS FOR ANY PARTICULAR PURPOSE, OR THAT IT WILL MEET THE REQUIREMENTS OF ANY LAWS, RULES, SPECIFICATIONS, OR CONTRACTS, WHICH PROVIDE FOR SPECIFIC APPARATUS OR SPECIAL METHODS.

**22. LIABILITY OF RENTER** The Renter shall indemnify and hold harmless the Owner and any operator supplied by the Owner against all loss, expenses, penalties, damages, liabilities, fines, costs and claims which the Owner or its operator may suffer or may be required to incur for all personal injuries, death, Equipment damage or damage to property suffered by any person by reason of the Equipment or the operation, handling, transportation or use thereof by or while in the hands of the Renter or the Renter's employees or carriers. The Renter shall be responsible for the Equipment until it has been returned to the Owner. The Renter acknowledges and agrees that the Renter assumes all liability for injury, disability and death of workmen, operators and other persons caused by the operation, use, control, handling of the Equipment during the Rental Period as set forth this Agreement.

**23. RISK ACKNOWLEDGEMENT** By renting the Equipment, the Renter: (a) acknowledges and agrees that the use of Equipment is dangerous and may pose a risk to the safety of the Renter and others and to damage to property; (b) represents and warrants that it has the requisite skill, knowledge, preparation and training to operate the Equipment safely and effectively, or if it does not, the Equipment will only be operated by an operator supplied by the Owner; and (c) assumes full and complete responsibility for all losses, costs, injuries and damages that

**24. LIMITATION OF OWNER'S LIABILITY** To the maximum extent permitted by applicable law, in no event shall DOZR be liable for special, indirect, incidental, consequential, punitive or exemplary damages arising from any reason whatsoever, whether or not the loss or liability is based on contract, warranty, negligence, indemnity or otherwise. The Renter shall be responsible for all costs and expenses, including legal fees, incurred by DOZR in defending any claim. In addition to the foregoing under this Agreement, the Renter acknowledges that DOZR provides a technology platform that brings together equipment owners and equipment renters for the purpose of arranging rental agreements between themselves, but will not be a party to the negotiation, contracting or fulfillment of any rental between the Owner and the Renter. Accordingly, the Renter agrees that in no event will DOZR, its subsidiaries, affiliates or any of their respective directors, officers, shareholders, employees, contractors, agents, assigns or suppliers (the "Indemnified Parties") be liable for any injury, loss, claim, damage, or any special, exemplary, punitive, direct, indirect, incidental or consequential damages of any kind (including, but not limited to economic loss, lost profits or lost savings), whether based in contract, tort, strict liability, or otherwise, arising out of or in any way connected with this Agreement, any dealings with the Owner and Renter or any of the Equipment, products or services provided under this Agreement. Any of the Indemnified Parties shall be entitled to rely upon this clause 22.5 in the event of any such claim.

**25. BASIS OF CHARGING** The Renter shall deliver to the Owner for each Rental Period an accurate statement of the number of hours the Equipment has worked each day. When an operator is supplied by the Owner, the Renter shall confirm hours worked, at the request of, the Owner's operator on documentation. The confirmation of the Renter's representative shall bind the Renter to accept the hours so confirmed.

**26. TERMINATION** 26.1 The Owner may terminate this Agreement forthwith by written notice to the Renter if (one or more of the following events occur: (i) the Renter defaults in the payment of any sum due to the Owner for the rental of Equipment or other charges payable pursuant to this Agreement; (ii) the Renter fails to observe and perform any of the terms and conditions of this Agreement; (iii) the Renter suffers, or the Owner reasonably believes that the Renter shall suffer, any distress or execution to be levied against the Renter or the Renter becomes insolvent (however evidenced) or commits or threatens to commit an act of bankruptcy or (if a person in bankruptcy, proposal, arrangement or reorganization under the Bankruptcy and Insolvency Act (Canada), the Winding-up and Restructuring Act (Canada) or Companies' Creditors Arrangement Act (Canada), the United States Bankruptcy Code or analogous legislation in another jurisdiction is filed by or against the Renter, or the Renter passes a resolution or a court makes an order for the winding up of the Renter's business; or (iv) the Renter does or causes to be done or permit or suffer any act or thing whereby the Owner's rights in the Equipment may be prejudiced or put into jeopardy. 26.2 In the event of termination under sub-paragraph (i) above, the Owner shall have the right to exercise any one or more of the following remedies: (a) declare the entire amount of rent and other amounts owing under this Agreement immediately due and payable; (b) so far and recover all rent and other amounts owing under this Agreement; (c) take possession of any or all items of Equipment without notice or demand and the Owner shall be entitled thereupon to sell, dispose or otherwise deal with the Equipment as the Owner sees fit; (d) pursue any other remedy at law or in equity. All remedies are cumulative and may be exercised concurrently or separately.

**27. REPOSSESSION** Should the Renter fail to make any payment within 3 days after it becomes due, become bankrupt or insolvent, fail to observe or maintain the Equipment as provided in this Agreement or violate any other provision of this Agreement, DOZR or its Owner shall have the right, in accordance with the terms of this Agreement, in its sole discretion, to enter upon Renter's property and take all action necessary to repossess the Equipment. (b) enter into Renter's property and take possession of the Equipment, without liability for trespass, and remove the Equipment. Renter hereby consents to any entry to its premises, and shall pay all reasonable costs and expenses associated with the repossession, transportation and storage of the Equipment.

**28. GOVERNING LAW** This Agreement shall be governed and construed in accordance with the laws of the Province of Ontario and the laws of Canada applicable in that Province (if the Owner resides or has its principal office in Canada or any jurisdiction other than the United States or the laws of the State of New York (if the Owner resides or has its principal office in the United States. The parties irrevocably attorn and submit to the exclusive jurisdiction of the courts of

theft, loss, seizure or vandalism of the Equipment while the Equipment is in the possession or under the control of the Renter.

**12. RETURN OF EQUIPMENT** Including, but not limited to the rights of the Owner at law, on the expiration of the Rental Period or termination of this Agreement, unless otherwise agreed to in writing by the Owner or the Rental Period is extended, the Renter shall clean and return the Equipment to the location where the Renter took delivery of the Equipment in the same operating condition, working order and in the same condition as when the Renter took delivery of the Equipment (ordinary wear and tear excepted). The Renter shall be liable for any costs, liabilities and expenses incurred by DOZR should the Renter fail to comply with this clause. 12.2 In the event that DOZR has agreed to collect the Equipment from the Renter, the Renter shall notify the Owner in writing that the Equipment is "off rent" and the Owner shall confirm receipt of such notice and endeavor to collect the Equipment within a commercially reasonable period of time after the Equipment is called "off rent". 12.3 In the case of an inability or failure to return the Equipment to the Owner for any reason whatsoever, the Renter will promptly pay to the Owner the full replacement value of the Equipment in accordance with the appraisal methodology set out in clause 10 and shall make continuing payments to the Owner as described in clause 4.3 until such replacement value payment is received by the Owner. For the avoidance of doubt, this Agreement shall continue in full force and effect if the Equipment is replaced or substituted by the Owner or the Renter for any reason whatsoever.

Ontario if the Owner resides or has its principal office in Canada or any jurisdiction other than the United States or the courts in the county of Erie, New York if the Owner resides in or has its principal office in the United States.

**30. COUNTERPARTS, ELECTRONIC DELIVERY, ASSIGNMENTS** This Agreement may be executed and delivered by the parties in one or more counterparts, each of which will be an original and those counterparts will together constitute one and the same instrument. Delivery of a signed copy of this Agreement by facsimile, e-mail or other functionally equivalent electronic means of transmission constitutes valid and effective delivery. The terms and conditions of this Agreement shall inure to the benefit of and be binding upon the respective successors and permitted assigns of the parties. This Agreement and any of the Renter's rights or obligations hereunder, may not be assigned, subcontracted or transferred by the Renter, in whole or in part, whether voluntary, by operation of contract, law or otherwise, without the prior written consent of the Owner (in its sole discretion). The Owner may at any time and without notice to the Renter, transfer and assign any of its rights under this Agreement to DOZR.

**31. FURTHER ASSURANCES** The parties agree to do all things necessary to execute or obtain all documents as may be required by the other party in order to give effect to or better evidence this Agreement.

**32. SEVERABILITY** Each clause of this agreement shall be interpreted to be enforceable under applicable law. If any of these clauses is, nonetheless, held to be unlawful, void or unenforceable, then that clause will be deemed modified to the extent necessary to make it lawful, valid and enforceable. If for any reason such clause is not so modified, such clause shall be severable from the remaining clauses of this Agreement and will not affect the validity and enforceability of the remaining clauses, to the extent permitted by law.

**33. INDEPENDENT LEGAL ADVICE** The parties hereto hereby acknowledge that they have been advised to obtain independent legal advice with regard to this Agreement and either have done so or have chosen not to do so.



**Job Site**

6002 Shiloh Church Hurlock Rd, Hurlock,
MD 21643, USA

**Billing Address**

| | |
|---|---|
| Customer # | : 3023288 |
| Quote Date | : Aug/13/21 |
| Rental Out | : Aug/16/21 |
| Rental In | : Sep/12/21 |
| Job Loc | : 6002 Shiloh Church Hurlock Rd, Hurlock, MD 21643, USA |
| Job # | : 61140bd15000790014258e38 |
| Customer Job ID | : |
| P.O.# | : N/A |
| Ordered By | : Brad Reynolds |
| Reserved By | : Brad Reynolds |
| Salesperson | : Scott Clark |
| Salesperson Phone # | : +13092760460 |
| Offer Valid Until | : Aug/27/21 |

Additional Notes:
  Site Contact: Brad Reynolds
  Phone #: +14322410569

Office: +14322410569
Cell:
Email: breynolds@bcrcompanies.com

**Hi Brad Reynolds ,**

**Please review items on your quote and click the Reserve Equipment
button to reserve your equipment on the DOZR website.**

**If you have any questions please contact us at 1-833-774-6320 or at
contact@dozr.com**

**Thanks,**
**The DOZR Team**

### Quote Amount: $72,018.00

Quote Number:  #QSGPKG5

Terms:  Due Upon Receipt
Payment Options:  Contact our credit office 844-599-2586

**RESERVE EQUIPMENT**

---

## Quote Number: #QSGPKG5

| RENTAL QTY | DESCRIPTION | SUPPLIER | DAY | WEEK | 4 WEEK | AMOUNT |
|---|---|---|---|---|---|---|
| 1 | **Articulated Dump Truck, 25 ton+** <br> Notes: Cat 725 <br> Rental Start Date: Aug/16/2021 <br> Rental End Date: Sep/12/2021 <br> Daily Max: 8 hr <br> Weekly Max: 40 hr <br> 4 Weeks Max: 160 hr <br> Excess rates will apply for exceeding max machine hours. | John Dozr DOZR Inc. | $860.00 | $2,567.00 | $7,700.00 | $7,700.00 |
| 1 | **Articulated Dump Truck, 30 ton+** <br> Notes: Terrex 300 <br> Rental Start Date: Aug/16/2021 <br> Rental End Date: Sep/12/2021 <br> Daily Max: 8 hr <br> Weekly Max: 40 hr <br> 4 Weeks Max: 160 hr <br> Excess rates will apply for exceeding max machine hours. | DOZR Ltd. | $1,177.00 | $3,534.00 | $10,600.00 | $10,600.00 |
| 1 | **Excavator, 25 ton+** <br> Notes: Case 250 <br> Rental Start Date: Aug/16/2021 <br> Rental End Date: Sep/12/2021 <br> Daily Max: 8 hr <br> Weekly Max: 40 hr <br> 4 Weeks Max: 160 hr <br> Excess rates will apply for exceeding max machine hours. | John Dozr DOZR Inc. | $934.00 | $2,800.00 | $8,400.00 | $8,400.00 |
| 1 | **Excavator, 30 ton+** <br> Notes: Case 300 <br> Rental Start Date: Aug/16/2021 <br> Rental End Date: Sep/12/2021 <br> Daily Max: 8 hr <br> Weekly Max: 40 hr <br> 4 Weeks Max: 160 hr <br> Excess rates will apply for exceeding max machine hours. | John Dozr DOZR Inc. | $945.00 | $2,833.00 | $8,500.00 | $8,500.00 |

| | | | | | |
|---|---|---|---|---|---|
| 1 **Dozer, 50,000 lbs+**<br>Notes: Cat D6T 6 way<br>Rental Start Date: Aug/16/2021<br>Rental End Date: Sep/12/2021<br>Daily Max: 8 hr<br>Weekly Max: 40 hr<br>4 Weeks Max: 160 hr<br>Excess rates will apply for<br>exceeding max machine hours. | John Dozr DOZR Inc. | $989.00 | $2,967.00 | $8,500.00 | $8,500.00 |
| 1 **Dozer, 40,000 lbs+**<br>Notes: John Deere 850<br>Rental Start Date: Aug/16/2021<br>Rental End Date: Sep/12/2021<br>Daily Max: 8 hr<br>Weekly Max: 40 hr<br>4 Weeks Max: 160 hr<br>Excess rates will apply for<br>exceeding max machine hours. | John Dozr DOZR Inc. | $1,355.00 | $4,067.00 | $12,200.00 | $12,200.00 |
| **Total Delivery Charge** | | | | | $7,500.00 |
| **Total Pickup Charge** | | | | | $7,500.00 |
| **Environmental Fee** | | | | | $1,118.00 |
| | | SUBTOTAL | | | $72,018.00 |
| | | ESTIMATED TAX | | | 0 |
| | | TOTAL | | | **$72,018.00** |

**Important Terms:**

Excess Hours: Excess hours rates will apply for exceeding max machine hours.

Off-renting: Equipment will be extended and charged for until written notice for off-rent is recieved by DOZR. All rental fees and associated costs for any extensions will be billed to the renter.

RESERVE EQUIPMENT

**1. DEFINITIONS** 1.1 "Agreement" is this Rental Agreement between the Owner and the Renter for the rental of Equipment. 1.2 "DOZR" means (a) DOZR Inc. if the Owner resides or has its principal office in Canada or any jurisdiction other than the United States; or (b) DOZR Inc. if the Owner resides or has its principal office in the United States. 1.3 "Equipment" covers all classes of equipment, machinery, tools, vehicles, accessories and any ancillary items which the Owner agrees to rent to the Renter and the Renter agrees to rent from the Owner. 1.4 "Offer" is the Owner's offer to rent the Equipment to the Renter on the Website which will include details of the Equipment to be rented, the Rental Period, relevant rental rates and charges and any supplementary terms and conditions to be incorporated into this Agreement. 1.5 "Owner" is the person, company, firm or public authority renting the Equipment to be rented and includes their successors, assigns or personal representatives. 1.6 "Renter" is the person, company, firm or public authority renting the Owner's Equipment and includes their successors, assigns or personal representatives. 1.7 "Rental Amount" means the agreed amount to be paid for the Equipment rental, as detailed in the "Confirmation of Rental Terms" document provided by DOZR to each of the Owner and the Renter (as the case may be). 1.8 "Rental Period" means the period during which the Owner shall rent to the Renter, and the Renter shall rent from the Owner, all Equipment as set forth in the Rental Terms. 1.9 "Rental Terms" means the Rental Terms attached to this Agreement. 1.10 "Website" means the website platform operated by DOZR for the purpose of connecting Renters and Owners to enter into rental agreements between themselves.

**2. ENTIRE AGREEMENT** 2. ENTIRE AGREEMENT The Renter and Owner agree that the terms and conditions contained in this Agreement shall govern the rental of Equipment pursuant to the Offer and supersede all prior negotiations, representations or agreements, whether written or oral, unless and to the extent that they are expressly incorporated in writing and signed by both the Owner and Renter. The rental terms specified in the Confirmation of Rental Terms shall prevail over any inconsistency with the terms of the Offer.

**3. ELIGIBILITY** The Renter must be 18 years of age or older to use the Website in any manner and to enter into this Agreement.

**4. RENTAL PERIOD** 4.1 If the Renter is responsible for delivery, the Rental Period shall commence from the time the Equipment leaves the Owner's depot or place where last employed and shall continue until the Equipment is received back at the Owner's named location on the return date described in the Rental Terms (unless the Rental Period is exceeded). 4.2 If the Owner is responsible for delivery, the Rental Period shall commence from the time the Equipment is delivered to the Renter's named location and shall continue until the Equipment is returned to the Renter's named location on the return date described in the Rental Period is exceeded). 4.3 Subject to Clause 5, the Renter agrees that if the Equipment is not returned on the end date of the Rental Period described in the Rental Terms, Renter shall be required to continue to pay the monthly, weekly, daily or hourly Rental Amount (as the case may be) applicable to the Equipment in accordance with the Offer and the Rental Terms; provided that such payment shall not be considered an agreement by the parties to extend the Rental Period. Renter agrees that DOZR reserves the right to charge Renter's credit card for any amount owed by Renter pursuant to this clause due to late return of Equipment.

**5. EXTENSION OF THE RENTAL PERIOD** 5.1 If the Renter wishes to extend the Rental Period, the Renter must give written notice to the DOZR twenty-four (24) hours before the return date described in the Rental Terms, setting out the proposed new return date for the Equipment. In regards to equipment that is being off rented, it requires written communication. Failure to do so will result in an extension until written confirmation is received by DOZR and all additional rental fees and associated costs incurred will be billed to the renter. 5.2 If the Owner agrees to the requested extension of the Rental Period, it shall notify DOZR who shall send an invoice to the Renter which corresponds to the extension of the Rental Period and the Renter agrees that DOZR may charge the Renter's credit card for the amount contained in such invoice before the original return date described in the Rental Terms or as soon as practicable thereafter. 5.3 For the avoidance of doubt, this Agreement shall continue in full force and effect during any extension of the Rental Period.

**6. PAYMENT TERMS** Unless the Renter has an authorized credit account, payments are accepted via credit card only. Machine will be reserved upon receipt of payment. If renter keeps the unit longer than the original rental period, the extension will automatically be processed via credit card at the start of the next period. For long term rentals exceeding one month, the first month's payment will be processed via credit card before the unit goes out. The following months will be automatically charged to the renter's credit card after the first month has finished. The undersigned authorizes DOZR to retain my credit card information provided below and to use such information at any time during the duration of this Agreement to charge my credit card for all rent and incidental amounts (including rent for additional days or hours, and back charges for fuel, cleaning or damages) provided for in this agreement and any other agreements between Owner and Renter. The Rental Amount due under this Agreement shall be paid monthly, weekly, daily or hourly (as the case may be) in advance through the Website in accordance with the Offer. Overdue payments shall bear additional interest at the rate of the lesser of (a) 24% per annum or (b) the maximum rate of interest permitted under any applicable law until payment in full. Any security deposit be credited against the cost of any damages or expense incurred by the Owner or DOZR as a result of such breach. Cancellation of your rental 24 hours or less before your specified date/time or if the equipment has been loaded on the truck, will result in a full refund minus the transportation fee as outlined above in the pickup/delivery section of the rental agreement.

**7. CONDITION AND ACCEPTANCE** The Owner represents and warrants that to the best of the Owner's knowledge and belief, the Equipment is in good operating condition and working order. If the Renter does not notify DOZR in writing within twenty four (24) hours of the Equipment being delivered, the Equipment shall be deemed to be in good operating condition and working order.

**8. OPERATION BY RENTER** 8.1 The Renter shall use the Equipment in a careful, prudent and workmanlike manner within the manufacturer's rated capacity and other specifications, in accordance with the manufacturer's and/or the Owner's recommendations and shall not abuse, damage or misuse the Equipment or use the Equipment for any unlawful purpose. 8.2 The Renter shall comply with and conform to all applicable laws, ordinances and regulations relating to the possession, operation or regular maintenance of the Equipment, including (without limitation) the Occupational Health and Safety Act (Ontario) and all environmental laws. 8.3 When renting Equipment without the Owner's operator, the Renter shall supply and pay for all operators of the Equipment and take all reasonable steps to keep itself and its employees and other agents acquainted with the state and condition of the Equipment. If Equipment is used in an unsafe and unsatisfactory manner or environment, the Renter shall be solely responsible for any damage, loss, cost, expense or accidents, whether directly or indirectly, arising therefrom. 8.4 If renting a vehicle with the commercial vehicle operator's registration ("CVOR") system applies, both the Owner and Renter are required to hold a valid CVOR certificate which shall be carried in the vehicle at all times together with this Agreement. In all other cases, both the Owner and the Renter are required to hold whatever certificates, permits, licenses or other similar documentation, which shall be carried in the vehicle at all times. The Renter shall (a) surrender both the Owner's and Renter's CVOR certificates and such other documentation for inspection by a police officer or other law enforcement agent and (b) take any other action required under applicable law. The Owner shall ensure that any commercial vehicle it rents out complies with applicable safety, registration and licensing requirements. 8.5 The Renter is deemed to have knowledge of the site, property or land where the Equipment is to be delivered and used, and the Renter warrants that the condition of the site or place of delivery of the Equipment is suitable for the use of such Equipment and further acknowledges in taking delivery of the Equipment that the Equipment is appropriate for its intended use. 8.6 When renting Equipment with an operator supplied by the Owner, the Owner shall be responsible for all locations where Equipment will be used. In all other circumstances, the Renter is responsible for all such locations and for the protection of, and liable for any damage to, any underground, surface or above ground services and utilities (including, but not limited to, cables, ducts, water pipes and gas lines, and any pavements, bridges, tunnels and roadways on or adjacent to such locations) and the Renter shall liaise as necessary and comply with all requirements of any applicable law or the relevant statutory authority or similar body. 8.7 Except when the Owner supplies the operator, the Renter is responsible for ensuring that all persons using the Equipment have experience and expertise in the safe operation of the Equipment, are competent operators, hold all necessary permits and licenses (where required), and have received appropriate instructions, information and training in the Equipment's operation. The Renter shall not allow any other person to operate such Equipment without the Owner's prior written consent. 8.8 If the Renter is not fully conversant with the Equipment rented from the Owner, the Renter is advised to contact the Owner for the appropriate operating instructions. 8.9 When an operator is supplied by the Owner with the Equipment, the Owner shall supply a person competent in operating the Equipment. Any operator shall be under the direction of the Renter and shall for all purposes in connection with the working of the Equipment be regarded as the agent of the Renter and the Renter shall be solely responsible for all claims arising in connection with the operation of the Equipment by the operator, save for injury to persons or property arising from the negligence, fraud or willful misconduct of the operator which shall be the responsibility of the Owner. If worker's compensation or similar legislation applies to an Owner, the Owner shall ensure that any operator supplied by it with the Equipment is registered for workers compensation or similar insurance coverage. 8.10 The Renter shall indemnify the Owner against any charges or fines that the Owner may become liable for as a result of the operation of the Equipment during the Rental Period, except for any such charges or fines payable solely due to the actions or inactions of an operator supplied by the Owner.

**9. MAINTENANCE / REPAIR** Renter agrees to check filters, oil, fluid levels, air pressure, and clean and visually inspect the Equipment, at least daily and to immediately discontinue use and notify the DOZR and the Owner when the Equipment is found to need repair or maintenance or is not properly functioning. The Owner will have the option of arranging for the repair of the Equipment or relying on DOZR to arrange for repairs and DOZR will invoice the Owner for the cost of such repairs plus its applicable service fee. Other than as set out in clause 10 below, the Owner shall pay, at its expense, the costs of maintaining the Equipment in order to keep it in good operating condition and working order, including the repair or replacement of tires and tubes as a result of ordinary wear and tear. The Renter shall not repair, modify or alter the Equipment without the prior written permission of the Owner. Fuel, oil and grease shall, when supplied by the Owner, be charged at cost to the Renter as a result of ordinary wear and tear. The Renter shall be responsible for all damages, losses, costs and expenses incurred by the Owner if the Renter uses the wrong fuel, oil, grease or lubricants.

**10. DAMAGE** The Renter shall be responsible for and indemnify and hold harmless the Owner and DOZR against (a) the cost of any loss or damage (including all repair costs) to the Equipment during the Rental Period, other than ordinary wear and tear, and (b) the cost of any loss suffered by the Owner resulting from the inability of the Owner to rent the Equipment during the time period in which it is being repaired or replaced. The appraisal for any loss or damage to the Equipment shall be based on the replacement cost of the Equipment without deduction for depreciation or the prevailing rental price which could have been achieved for the Equipment during the time period in which it is being repaired or replaced. "Ordinary wear and tear" shall mean the normal deterioration of the Equipment caused by ordinary, reasonable and proper use of the Equipment. Damage which is not ordinary wear and tear includes, but is not limited to, damage due to overloading or exceeding rated capacities or other specifications, breakage, improper or excessive use and abuse. If the Renter is responsible for delivery of the Equipment, the Renter shall also indemnify and hold harmless the Owner and any operator supplied by the Owner against all loss and damage to the Equipment, and injury to person, caused by or in connection with the transport, loading and unloading of the Equipment.

**11. BREAKDOWN, REPAIRS AND THEFT** 11. The Renter must immediately notify DOZR in writing of any breakdown or the unsatisfactory working of or damage to any part of the Equipment. Any claim for breakdown time will only be considered from the time and date at which written notification is received by the Owner. Allowances for rental charges will be made for stoppage due to breakdown of the Equipment caused by the development of either (a) an inherent fault, (b) ordinary wear and tear or (c) any other cause not attributable to the Renter to expressly responsible under this Agreement. There will be no allowance for downtime or inconvenience caused to the Renter by failure of any tires, tubes, wheels, hoses and/or associated Equipment if resulting from damage which is (a) not ordinary wear and tear or (b) caused by any other problem for which the Renter is expressly responsible under this Agreement. 11.2 Subject to the other provisions of this Agreement, the Renter shall be responsible for all costs and expenses involved arising from any breakdown, unsatisfactory working of or damage to any part of the Equipment due to the Renter's negligence or misuse of the Equipment or due to damage which is not ordinary wear and tear or caused by any other problem for which the Renter is expressly responsible under this Agreement, in any case whether caused by the Renter or its agents (including any operator supplied by the Owner acting as the direction of the Renter), and for rental charges during the period the Equipment is necessarily idle due to such breakdown, unsatisfactory working or damage. 11.3 The Renter is responsible for the cost of replacement or repairs due to

**12. REFUELING SERVICE CHARGE** Renter acknowledges that a "Refueling Service Charge" will be applied to all Equipment not returned with a fuel tank at the same fuel level as when the Renter received the Equipment. The exact cost of the Refueling Service Charge will vary depending on the date Renter receives the Equipment. Renter acknowledges that the Refueling Service Charge is not a retail sale of fuel. Renter may avoid the Refueling Service Charge if Renter returns the Equipment with a fuel tank at the same fuel level as when Renter received the Equipment. If the rental unit is propane fuelled and requires filling a flat fee will be charged regardless of the amount used.

**14. TITLE TO EQUIPMENT** 14.1 The Equipment is and shall at all times remain the property of the Owner. The Renter shall have no right, title or interest in the Equipment except as expressly set out in this Agreement. 14.2 The Renter shall not sublease, assign, loan, rent, lease, sell, mortgage, charge, pledge, part with possession of or otherwise transfer to a third party the Equipment. 14.3 The Renter shall not allow the Equipment to be affixed or attached to or otherwise become a fixture or accession to any lands, buildings or chattels and shall not incur or permit any lien or other encumbrance on or with respect to the Equipment. 14.4 The Renter shall give the Owner immediate notice in case any of the Equipment is encumbered or becomes liable to seizure and shall protect the Equipment against distress, execution, levy or seizure and shall indemnify the Owner against all losses, damage, costs, charges and expenses arising as a direct result of any failure to observe and perform this obligation.

**15. CHANGE OF SITE** The Equipment shall not be moved from the site to which it was delivered or consigned without the prior written consent of the Owner.

**16. NOTICE OF ACCIDENTS** If the Equipment is involved in any accident resulting in injury to persons or damage to property, immediate notification must be given by the Renter to the Owner by telephone and confirmed in writing to the Owner no later than twenty-four (24) hours after such telephone notification. In relation to any claim in respect of which the Renter is not found to fully indemnify the Owner, no admission of liability, offer, promise of payment or indemnity shall be made by the Renter without the Owner's prior written permission.

**17. INSURANCE** 17.1 The Renter shall, at its own expense, place and maintain during the entire term of this Agreement (a) commercial general liability insurance with an insurance limit not less than $2 million per occurrence and $4 million in the aggregate; and (b) property insurance for the full replacement cost of the Equipment, including coverage for all risks of loss or damage to the Equipment. 17.2 The Owner and DOZR shall be named as additional insured parties on Renter's insurance policies. 17.3 The Renter must satisfy the insurance requirements of this clause 17 at its own expense. In the event of damage amounting to actual or constructive total loss of the Equipment, the Owner shall be entitled to retain from all insurance proceeds an amount equal to the replacement value of the Equipment. 17.4 At the Owner's request the Renter will provide evidence acceptable to the Owner that the insurance coverage is in effect (but the Owner is not obliged to determine or advise the Renter if there is adequate coverage in effect). If the Renter fails to provide proof of adequate insurance coverage, as determined solely by the Owner, the Owner may consider this a default of this Agreement. The Renter hereby appoints the Owner its agent and attorney to make claims and receive payment in accordance with the provisions of such policies. 17.5 The Owner shall, at its own expense, place and maintain, during the entire term of this Agreement, general public liability and property damage (including bodily injury and contractual liability) insurance and shall include DOZR as a named insured thereon.

**18. RENTAL EQUIPMENT PROTECTION** In the event that the Customer accepts and pays for the Rental Equipment Protection option and loss or damage of the Equipment occurs that is covered under the Rental Equipment Protection policy, the Customer is responsible for the payment of the deductible of $3,000, per occurrence. (the "Deductible"), and DOZR waives its claim against the Customer for any amount in excess of the Deductible, up to $100,000.00. The Rental Equipment Protection shall not apply to the Customer if the Equipment is being held against the will and consent of DOZR, or if the cause of the loss or damage is outside of the terms of the Rental Equipment Protection policy. It is at DOZR's sole discretion as to whether the loss or damage is within the terms of the Rental Equipment Protection policy. The Customer's obligation to insure for Public Liability is not waived however.

**19. RENTAL EQUIPMENT PROTECTION EXCEPTIONS** Notwithstanding the Customer's acceptance of the Rental Equipment Protection, the Customer shall be liable for all loss or damage from acts or omissions that are negligent, as determined by DOZR in its sole discretion. Examples of items that are NOT COVERED include, but are not limited to: • Equipment that has disappeared under suspicious or mysterious circumstances that would be classified as missing inventory. • Loss where reasonable security precautions were not taken, such as Equipment left unsecured and unsecured overnight, in a parked motor vehicle (whether it was operative or being used for storage). • Loss or damage caused by or due to employee, sub-trade or agent infidelity. • Damage caused by improper operation or servicing. • Loss or damage caused by fire, explosion, including, but not limited to, overloading, exceeding rated capacities, improper use, negligent operation, damage caused by: lack of fuel or lubrication, improper fuel or fuel mixtures, failure to maintain proper oil, water, hydraulic or air pressure levels, low voltage, or the use of inappropriate extension cords (either too long or too light). • Damage to expected wear items, including but not limited to, carbide and diamond drills, carbide and diamond blades, carbide bits or cutters, hammers, or breaker tools. • Damage to tires, tubes, windows, drill bits, cutting blades/chains, points or chisels. • Damage to Equipment while in transit, including but not limited to, damage caused by overturning, or collisions with bridges or overpasses. Any such damage must be covered/claimed under the insurance policy for the transport vehicle. • Damage to Equipment caused by operators of other moving vehicles or other equipment. Any such damage must be covered/claimed under the insurance policy for the other vehicle or other equipment. • Damage caused by use or operation of the Equipment in violation of the Rental Agreement, construction safety laws or including but not limited to the Occupational Health and Safety Act, national building codes, regulatory certification/requirements/licensing or any other applicable laws or regulations. • Cleaning charges. • Loss or damage exceeding $100,000.00, per Rental Equipment.

**20. SUBROGATION** In the event of any loss or damage to the Equipment, the Owner will have the right of subrogation with respect to any right of the Renter to recover against any person, firm or corporation. The Renter will execute and deliver any documents and do such acts and things necessary to secure such rights. The Renter will cooperate fully with Owner and or its insurer(s) in the prosecution of any claims arising, and will neither take or permit nor suffer any act to prejudice the Owner's right with respect thereto.

**21. WARRANTIES** TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, THE OWNER, BEING NEITHER THE MANUFACTURER, NOR MERCHANT NOR DEALER IN THE EQUIPMENT, MAKES NO WARRANTIES, EXPRESS OR IMPLIED, AS TO ANY MATTER WHATSOEVER, INCLUDING WITHOUT LIMITATION, THE CONDITION OF THE EQUIPMENT, ITS MERCHANTABILITY, ITS DESIGN, ITS CAPACITY, ITS PERFORMANCE, ITS MATERIAL, ITS WORKMANSHIP, ITS FITNESS FOR ANY PARTICULAR PURPOSE, OR THAT IT WILL MEET THE REQUIREMENTS OF ANY LAWS, RULES, SPECIFICATIONS, OR CONTRACTS, WHICH PROVIDE FOR SPECIFIC APPARATUS OR SPECIAL METHODS.

**22. LIABILITY OF RENTER** The Renter shall indemnify and hold harmless the Owner and any operator supplied by the Owner against all loss, expenses, penalties, damages, liabilities, fines, costs and expenses which the Owner or its operator may suffer or may be required to incur for all personal injuries, death, Equipment damage or damage to property suffered by any person by reason of the Equipment or the operation, handling, transportation or use thereof by or while in the hands of the Renter or the Renter's employees or carriers. The Renter shall be responsible for the Equipment until it has been returned to the Owner. The Renter acknowledges and agrees that the Renter assumes all liability for injury, disability and death of workers and other persons as well as damage to and destruction of property of any kind including any property of the Owner, however arising out of the operation, use, control, handling of the Equipment during the Rental Period as set forth in this Agreement.

**23. RISK ACKNOWLEDGEMENT** By renting the Equipment, the Renter: (a) acknowledges and agrees that the use of Equipment is dangerous and may pose a risk to the safety of the Renter and others and to damage to property; (b) represents and warrants that it has the requisite skill, knowledge, preparation and training to operate the Equipment safely and effectively, and if it does not, the Equipment will only be operated by an operator supplied by the Owner; and (c) assumes full and complete responsibility for all losses, costs, injuries and damages that

**24. LIMITATION OF OWNER'S LIABILITY** To the maximum extent permitted by applicable law, in no event shall DOZR be liable for special, consequential, incidental, exemplary or punitive damages arising from any reason whatsoever, whether or not the loss or liability is based on contract, warranty, negligence, indemnity or otherwise. The Renter shall be responsible for all costs and expenses, including legal fees, incurred by DOZR in enforcing its rights or remedies under this Agreement. The Renter acknowledges that DOZR provides a technology platform that brings together equipment owners and equipment renters for the purpose of arranging rental agreements between themselves, but will not be a party to the negotiation, contracting or fulfillment of any rental between the Owner and the Renter. The Renter and the Owner agree that in no event will DOZR, its subsidiaries, affiliates or any of their respective directors, officers, shareholders, employees, contractors, agents, assigns or suppliers (the "Released Parties") be liable for any injury, loss, claim, damage, or any special, punitive, exemplary, punitive, direct, indirect, incidental or consequential damages of any kind (including, but not limited to economic loss, lost profits or lost savings), whether based in contract, tort, strict liability, or otherwise, arising out of or in any way connected with this Agreement, any rentals between Owner and Renter or any Equipment, products or services provided under this Agreement. Any of the Indemnified Parties shall be entitled to rely upon this clause 22 in the event of any such claim.

**25. BASIS OF CHARGING** The Renter shall deliver to the Owner for each Rental Period an accurate statement of the number of hours the Equipment has worked each day. When an operator is supplied by the Owner, the Renter shall confirm such worked hours, as requested, by written endorsement. In the event of the Renter's representative not being available, the Owner's representative shall bind the Renter to accept the hours so confirmed.

**26. TERMINATION** 26.1 The Owner may terminate this Agreement forthwith by written notice to the Renter if one or more of the following events occur: (i) the Renter defaults in punctual payment of any sum due to the Owner for rental of Equipment or other charges payable pursuant to this Agreement; (ii) the Renter fails to observe and perform any of the terms and conditions of this Agreement; (iii) the Renter suffers, or the Owner reasonably believes that the Renter shall suffer, any distress or execution to be levied against the Renter, or fails to make any payment under a substantial part of the Renter's property; or (iv) the Renter does or causes to be done or permit or suffer any act or thing whereby the Owner's rights in the Equipment may be prejudiced or put into jeopardy. 26.2 In the event of termination under sub-paragraph (i) above, the Owner shall have the right to exercise any one or more of the following remedies: (a) declare the entire amount of rent and other amounts owing under this Agreement immediately due and payable; (b) sue for and recover all rent and other amounts owing under this Agreement; (c) take possession of the Equipment without notice or demand and without legal process. In the course of repossession, the Owner or its agents immediate unobstructed access to wherever the Equipment may be and remove same or waive any damages arising by virtue of the Owner possessing such Equipment; and (d) pursue any other remedy at law or in equity. All remedies are cumulative and may be exercised concurrently or separately.

**27. REPOSSESSION** Should the Renter fail to make any payment within 3 days after it becomes due, become bankrupt or insolvent, fail to operate or maintain the Equipment as provided in this Agreement or violate any other provision of this Agreement, DOZR or its employees or agents may, after giving the Renter 3 days notice in writing, (a) terminate this Agreement; (b) enter onto Renter's property and take all action necessary to repossess the Equipment; (c) recover from the Renter all monies due and unpaid under this Agreement plus all expenses incurred in connection with the return of the Equipment and any other remedies available by law. The Renter hereby consents to such repossession and to such entry, re-entry and re-possession provided for in this clause and hereby waives all claims for trespass, damages and losses, physical and pecuniary, caused thereby.

**28. GOVERNING LAW** This Agreement shall be governed and construed in accordance with the laws of the Province of Ontario and the laws of Canada applicable in that Province (if the Owner resides or has its principal office in Canada or any jurisdiction other than the United States or the laws of the State of New York if the Owner resides or has its principal office in the United States. The parties irrevocably attorn and submit to the exclusive jurisdiction of the courts of

theft, loss, seizure or vandalism of the Equipment while the Equipment is in the possession or under the control of the Renter.

**12.    RETURN OF EQUIPMENT**    Upon the expiration or termination of the Rental Period, and unless the Rental Period is extended, the Renter shall clean and return the Equipment to the location from which it was delivered or to such other location as the Owner may specify, in good operating condition, working order and in the same condition as when the Renter took delivery of the Equipment (ordinary wear and tear excepted). The Renter shall be liable for any costs, liabilities and expenses incurred by DOZR should the Renter fail to comply with this clause. 12.2 In the event that DOZR has agreed to collect the Equipment from the Renter, the Renter shall notify the Owner in writing that the Equipment is "off rent" and the Owner shall confirm receipt of such notice and endeavor to collect the Equipment within a commercially reasonable period of time after the Equipment is called "off rent". 12.3 In the case of an inability or failure to return the Equipment to the Owner for any reason whatsoever, the Renter will promptly pay to the Owner the full replacement value of the Equipment in accordance with the appraisal methodology set out in clause 10 and shall make continuing payments to the Owner as described in clause 4.3 until such replacement value payment is received by the Owner. For the avoidance of doubt, this Agreement shall continue in full force and effect if the Equipment is replaced or substituted by the Owner or the Renter for any reason whatsoever.

Ontario if the Owner resides or has its principal office in Canada or any jurisdiction other than the United States or the courts in the county of Erie, New York if the Owner resides in or has its principal office in the United States.

**29.    NOTICES**    Any notice required or permitted to be given under this Agreement must be in writing and may be given by delivering, emailing or faxing any such notice to the other party at the address, fax number or email address indicated in the Offer if such party is the Owner or in the Rental Terms if such party is the Renter or such address, fax number or email address as such party may notify the other of in writing. Such notice shall be deemed to have been given on the day of delivery, if delivered, on the day when the notice was faxed or emailed if on or before 4:30 pm or, on the fifth (5) business day following the date of mailing if mailed.

**30.    COUNTERPARTS, ELECTRONIC DELIVERY, ASSIGNMENTS**    This Agreement may be executed and delivered by the parties in one or more counterparts, each of which will be an original and those counterparts will together constitute one and the same instrument. Delivery of a signed copy of this Agreement by facsimile, e-mail or other functionally equivalent electronic means of transmission constitutes valid and effective delivery. The terms and conditions of this Agreement shall inure to the benefit of and be binding upon the respective successors and permitted assigns of the parties. This Agreement and any of the Renter's rights or obligations hereunder, may not be assigned, subcontracted or transferred by the Renter, in whole or in part, whether voluntary, by operation of contract, law or otherwise, without the prior written consent of the Owner (in its sole discretion). The Owner may at any time and without notice to the Renter, transfer and assign any of its rights under this Agreement to DOZR.

**31.    FURTHER ASSURANCES**    The parties agree to do all things necessary to execute or obtain all documents as may be required by the other party in order to give effect to or better evidence this Agreement.

**32.    SEVERABILITY**    Each clause of this agreement shall be interpreted to be enforceable under applicable law. If any of these clauses is, nonetheless, held to be unlawful, void or unenforceable, then that clause will be deemed modified to the extent necessary to make it lawful, valid and enforceable. If for any reason such clause is not so modified, such clause shall be severable from the remaining clauses of this Agreement and will not affect the validity and enforceability of the remaining clauses, to the extent permitted by law.

**33.    INDEPENDENT LEGAL ADVICE**    The parties hereto hereby acknowledge that they have been advised to obtain independent legal advice with regard to this Agreement and either have done so or have chosen not to do so.

# **<u>EXHIBIT B</u>**

**DOZR Ltd.**

+1 8445992586
accounting@dozr.com
www.dozr.com



# INVOICE

**BILL TO**
Renee Vallin
Bighorn Construction
777 Main St, STE 2800
Fort Worth, Texas  76102
United States

| | |
|---|---|
| **INVOICE #** | 318004713-001 |
| **DATE** | 2021-07-15 |
| **DUE DATE** | 2021-08-14 |
| **TERMS** | Net 30 |

**PO NUMBER**
09-1147-2078-50800

**OELI**
DZ29351

| ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|
| **Rental**<br>Dozer, 50,000 lbs+ (July 15- August 11) | 1 | 12,450.00 | 12,450.00T |
| **Transportation**<br>Delivery and Pickup | 2 | 2,800.00 | 5,600.00T |
| **Administrative Charges**<br>Environmental Fee 2% | 1 | 249.00 | 249.00T |

6002 Shiloh Church Hurlock Rd, Hurlock, MD
21643, USA

submitted to OI 08.04.21

Thank you - we appreciate your business!

For questions about your equipment call 1-888-725-7008

To make a payment on your account call 1-844-599-2586

If you have service or repair questions call 1-844-956-3040

| | |
|---|---|
| SUBTOTAL | 18,299.00 |
| TAX (0) | 0.00 |
| TOTAL | 18,299.00 |
| BALANCE DUE | **USD 18,299.00** |

We accept payments via credit card, ACH banking and check.

Please mail all checks to DOZR Ltd. at:
1501 North Plano Rd Ste 100
Richardson, TX  75081

**DOZR Ltd.**

+1 8445992586
accounting@dozr.com
www.dozr.com



# INVOICE

**BILL TO**
Renee Vallin
Bighorn Construction
777 Main St, STE 2800
Fort Worth, Texas  76102
United States

**INVOICE #** 318004713-002
**DATE** 2021-08-12
**DUE DATE** 2021-09-11
**TERMS** Net 30

**PO NUMBER**
09-1147-2078-50800

**OELI**
DZ29351

| ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|
| **Rental**<br>Dozer, 50,000 lbs+ (August 12- September 8) | 1 | 12,450.00 | 12,450.00T |
| **Administrative Charges**<br>Environmental Fee 2% | 1 | 249.00 | 249.00T |

6002 Shiloh Church Hurlock Rd, Hurlock, MD
21643, USA

Thank you - we appreciate your business!

For questions about your equipment call 1-888-725-7008

To make a payment on your account call 1-844-599-2586

If you have service or repair questions call 1-844-956-3040

| | |
|---|---|
| SUBTOTAL | 12,699.00 |
| TAX (0) | 0.00 |
| TOTAL | 12,699.00 |
| BALANCE DUE | **USD 12,699.00** |

We accept payments via credit card, ACH banking and check.

Please mail all checks to DOZR Ltd. at:
1501 North Plano Rd Ste 100
Richardson, TX  75081

**DOZR Ltd.**

+1 8445992586
accounting@dozr.com
www.dozr.com



# INVOICE

**BILL TO**
Renee Vallin
Bighorn Construction
777 Main St, STE 2800
Fort Worth, Texas  76102
United States

**INVOICE #** 318004713-003
**DATE** 2021-08-31
**DUE DATE** 2021-09-30
**TERMS** Net 30

**PO NUMBER**
09-1147-2078-50800

**OELI**
DZ29351

| ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|
| **Transportation**<br>Pickup | 1 | 2,800.00 | 2,800.00T |

6002 Shiloh Church Hurlock Rd, Hurlock, MD
21643, USA

Thank you - we appreciate your business!

For questions about your equipment call 1-888-725-7008

To make a payment on your account call 1-844-599-2586

If you have service or repair questions call 1-844-956-3040

| | |
|---|---|
| SUBTOTAL | 2,800.00 |
| TAX (0) | 0.00 |
| TOTAL | 2,800.00 |
| BALANCE DUE | **USD 2,800.00** |

We accept payments via credit card, ACH banking and check.

Please mail all checks to DOZR Ltd. at:
1501 North Plano Rd Ste 100
Richardson, TX  75081

**DOZR Ltd.**

+1 8445992586
accounting@dozr.com
www.dozr.com



# INVOICE

**BILL TO**
Renee Vallin
Bighorn Construction
777 Main St, STE 2800
Fort Worth, Texas  76102
United States

**INVOICE #** 318004714-001
**DATE** 2021-07-14
**DUE DATE** 2021-08-13
**TERMS** Net 30

**PO NUMBER**
09-1147-2078-50800

**OELI**
DZ28968/DZ28967

| ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|
| **Rental**<br>Dozer, 50,000 lbs+ (July 14- August 10) | 1 | 12,450.00 | 12,450.00T |
| **Rental**<br>Dozer, 30,000 lbs+ (July 14- August 10) | 1 | 10,220.00 | 10,220.00T |
| **Transportation**<br>Delivery and Pickup | 2 | 2,800.00 | 5,600.00T |
| **Transportation**<br>Delivery and Pickup | 2 | 1,000.00 | 2,000.00T |
| **Administrative Charges**<br>Environmental Fee 2% | 1 | 453.40 | 453.40T |
| **Transportation**<br>remove pick up fee - bill on close of rental | 1 | -2,800.00 | -2,800.00T |
| **Transportation**<br>remove pick up fee - bill on close of rental | 1 | -1,000.00 | -1,000.00T |

6002 Shiloh Church Hurlock Rd, Hurlock, MD
21643, USA

submitted to OI 08.04.21

Thank you - we appreciate your business!

For questions about your equipment call 1-888-725-7008

To make a payment on your account call 1-844-599-2586

| | |
|---|---|
| SUBTOTAL | 26,923.40 |
| TAX (0) | 0.00 |
| TOTAL | 26,923.40 |
| BALANCE DUE | **USD 26,923.40** |

We accept payments via credit card, ACH banking and check.

Please mail all checks to DOZR Ltd. at:
1501 North Plano Rd Ste 100
Richardson, TX  75081

If you have service or repair questions call 1-844-956-3040

We accept payments via credit card, ACH banking and check.

Please mail all checks to DOZR Ltd. at:
1501 North Plano Rd Ste 100
Richardson, TX  75081

**DOZR Ltd.**

+1 8445992586
accounting@dozr.com
www.dozr.com



# INVOICE

**BILL TO**
Renee Vallin
Bighorn Construction
777 Main St, STE 2800
Fort Worth, Texas  76102
United States

**INVOICE #** 318004714-002
**DATE** 2021-08-11
**DUE DATE** 2021-09-10
**TERMS** Net 30

**PO NUMBER**
09-1147-2078-50800

**OELI**
DZ28968/DZ29004/DZ28967

| ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|
| **Rental**<br>Dozer, 50,000 lbs+ (August 11- September 7) | 1 | 12,450.00 | 12,450.00T |
| **Rental**<br>Dozer, 30,000 lbs+ (August 11- September 7) | 1 | 10,220.00 | 10,220.00T |
| **Administrative Charges**<br>Environmental Fee 2% | 1 | 453.40 | 453.40T |

6002 Shiloh Church Hurlock Rd, Hurlock, MD
21643, USA

Thank you - we appreciate your business!

For questions about your equipment call 1-888-725-7008

To make a payment on your account call 1-844-599-2586

If you have service or repair questions call 1-844-956-3040

| | |
|---|---|
| SUBTOTAL | 23,123.40 |
| TAX (0) | 0.00 |
| TOTAL | 23,123.40 |
| BALANCE DUE | **USD 23,123.40** |

We accept payments via credit card, ACH banking and check.

Please mail all checks to DOZR Ltd. at:
1501 North Plano Rd Ste 100
Richardson, TX  75081

**DOZR Ltd.**

accounting@dozr.com
www.dozr.com



# INVOICE

**BILL TO**
Renee Vallin
Bighorn Construction
777 Main St, STE 2800
Fort Worth, Texas  76102
United States

**INVOICE #** 318004714-004
**DATE** 2021-09-08
**DUE DATE** 2021-10-08
**TERMS** Net 30

**PO NUMBER**
09-1147-2078-50800

**OELI**
DZ29351

| ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|
| **Rental**<br>Dozer, 30,000 lbs+ (Sept 8 - Oct 5) | 1 | 10,220.00 | 10,220.00T |
| **Administrative Charges**<br>Environmental Fee 2% | 1 | 204.40 | 204.40T |

6002 Shiloh Church Hurlock Rd, Hurlock, MD 21643, USA

Thank you - we appreciate your business!

For questions about your equipment call 1-888-725-7008

To make a payment on your account call 1-844-599-2586

If you have service or repair questions call 1-844-956-3040

| | |
|---|---|
| SUBTOTAL | 10,424.40 |
| TAX (0) | 0.00 |
| TOTAL | 10,424.40 |
| BALANCE DUE | **USD 10,424.40** |

We accept payments via credit card, ACH banking and check.

Please mail all checks to DOZR Ltd. at:
1501 North Plano Rd Ste 100
Richardson, TX  75081

**DOZR Ltd.**

+1 8445992586
accounting@dozr.com
www.dozr.com



# INVOICE

**BILL TO**
Renee Vallin
Bighorn Construction
777 Main St, STE 2800
Fort Worth, Texas  76102
United States

**INVOICE #** 318004715-001
**DATE** 2021-07-14
**DUE DATE** 2021-08-13
**TERMS** Net 30

**PO NUMBER**
09-1147-2078-50800

**OELI**
DZ29331

| ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|
| **Rental** <br> Dozer, 50,000 lbs+ (July 14- August 10) | 1 | 11,200.00 | 11,200.00T |
| **Transportation** <br> Delivery and Pickup | 2 | 2,500.00 | 5,000.00T |
| **Administrative Charges** <br> Environmental Fee 2% | 1 | 224.00 | 224.00T |

6002 Shiloh Church Hurlock Rd, Hurlock, MD 21643, USA

submitted to OI 08.04.21

Thank you - we appreciate your business!

For questions about your equipment call 1-888-725-7008

To make a payment on your account call 1-844-599-2586

If you have service or repair questions call 1-844-956-3040

| | |
|---|---|
| SUBTOTAL | 16,424.00 |
| TAX (0) | 0.00 |
| TOTAL | 16,424.00 |
| BALANCE DUE | **USD 16,424.00** |

We accept payments via credit card, ACH banking and check.

Please mail all checks to DOZR Ltd. at:
1501 North Plano Rd Ste 100
Richardson, TX  75081

**DOZR Ltd.**

+1 8445992586
accounting@dozr.com
www.dozr.com



# INVOICE

**BILL TO**
Renee Vallin
Bighorn Construction
777 Main St, STE 2800
Fort Worth, Texas  76102
United States

| | |
|---|---|
| **INVOICE #** | 318004715-002 |
| **DATE** | 2021-08-11 |
| **DUE DATE** | 2021-09-10 |
| **TERMS** | Net 30 |

**PO NUMBER**
09-1147-2078-50800

**OELI**
DZ29331

| ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|
| **Rental**<br>Dozer, 50,000 lbs+ (August 11- September 7) | 1 | 11,200.00 | 11,200.00T |
| **Administrative Charges**<br>Environmental Fee 2% | 1 | 224.00 | 224.00T |

6002 Shiloh Church Hurlock Rd, Hurlock, MD 21643, USA

---

Thank you - we appreciate your business!

For questions about your equipment call 1-888-725-7008

To make a payment on your account call 1-844-599-2586

If you have service or repair questions call 1-844-956-3040

| | |
|---|---|
| SUBTOTAL | 11,424.00 |
| TAX (0) | 0.00 |
| TOTAL | 11,424.00 |
| BALANCE DUE | **USD 11,424.00** |

We accept payments via credit card, ACH banking and check.

Please mail all checks to DOZR Ltd. at:
1501 North Plano Rd Ste 100
Richardson, TX  75081

**DOZR Ltd.**

accounting@dozr.com
www.dozr.com



# INVOICE

**BILL TO**
Renee Vallin
Bighorn Construction
777 Main St, STE 2800
Fort Worth, Texas  76102
United States

**INVOICE #** 318004715-003
**DATE** 2021-09-08
**DUE DATE** 2021-10-08
**TERMS** Net 30

**PO NUMBER**
09-1147-2078-50800

**OELI**
DZ29331

| ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|
| **Rental**<br>Dozer, 50,000 lbs+ (Sept 8 - Oct 5) | 1 | 11,200.00 | 11,200.00T |
| **Administrative Charges**<br>Environmental Fee 2% | 1 | 224.00 | 224.00T |

6002 Shiloh Church Hurlock Rd, Hurlock, MD
21643, USA

Thank you - we appreciate your business!

For questions about your equipment call 1-888-725-7008

To make a payment on your account call 1-844-599-2586

If you have service or repair questions call 1-844-956-3040

| | |
|---|---|
| SUBTOTAL | 11,424.00 |
| TAX (0) | 0.00 |
| TOTAL | 11,424.00 |
| BALANCE DUE | **USD 11,424.00** |

We accept payments via credit card, ACH banking and check.

Please mail all checks to DOZR Ltd. at:
1501 North Plano Rd Ste 100
Richardson, TX  75081

**DOZR Ltd.**

+1 8445992586
accounting@dozr.com
www.dozr.com



# INVOICE

**BILL TO**
Renee Vallin
Bighorn Construction
777 Main St, STE 2800
Fort Worth, Texas  76102
United States

**INVOICE #** 318005046-001
**DATE** 2021-07-31
**DUE DATE** 2021-08-30
**TERMS** Net 30

**PO NUMBER**
09-1147-1021-50800

**OELI**
DZ30186

| ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|
| **Rental**<br>Articulated Dump Truck, 30 ton+ (August 4- 31) | 1 | 10,400.00 | 10,400.00T |
| **Transportation**<br>Delivery and Pickup | 2 | 1,000.00 | 2,000.00T |
| **Administrative Charges**<br>Environmental Fee 2% | 1 | 208.00 | 208.00T |
| **Transportation**<br>Credited Pick up charge - cust will pay on termination of rental as necessary<br><br>6002 Shiloh Church Hurlock Rd, Hurlock, MD 21643, USA | 1 | -1,000.00 | -1,000.00T |

Thank you - we appreciate your business!

For questions about your equipment call 1-888-725-7008

To make a payment on your account call 1-844-599-2586

If you have service or repair questions call 1-844-956-3040

| | |
|---|---|
| SUBTOTAL | 11,608.00 |
| TAX (0) | 0.00 |
| TOTAL | 11,608.00 |
| BALANCE DUE | **USD 11,608.00** |

We accept payments via credit card, ACH banking and check.

Please mail all checks to DOZR Ltd. at:
1501 North Plano Rd Ste 100
Richardson, TX  75081

**DOZR Ltd.**

+1 8445992586
accounting@dozr.com
www.dozr.com



# INVOICE

**BILL TO**
Renee Vallin
Bighorn Construction
777 Main St, STE 2800
Fort Worth, Texas  76102
United States

**INVOICE #** 318005046-002
**DATE** 2021-09-07
**DUE DATE** 2021-10-07
**TERMS** Net 30

**PO NUMBER**
09-1147-1021-50800

**OELI**
DZ30186

| ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|
| **Rental**<br>Articulated Dump Truck, 30 ton+ - Extension<br>(September 1-27) | 1 | 10,400.00 | 10,400.00T |
| **Administrative Charges**<br>Environmental Fee 2%<br><br>6002 Shiloh Church Hurlock Rd, Hurlock, MD<br>21643, USA | 1 | 208.00 | 208.00T |

Thank you - we appreciate your business!

For questions about your equipment call 1-888-725-7008

To make a payment on your account call 1-844-599-2586

If you have service or repair questions call 1-844-956-3040

| | |
|---|---|
| SUBTOTAL | 10,608.00 |
| TAX (0) | 0.00 |
| TOTAL | 10,608.00 |
| BALANCE DUE | **USD 10,608.00** |

We accept payments via credit card, ACH banking and check.

Please mail all checks to DOZR Ltd. at:
1501 North Plano Rd Ste 100
Richardson, TX  75081

**DOZR Ltd.**

accounting@dozr.com
www.dozr.com



# INVOICE

**BILL TO**
Renee Vallin
Bighorn Construction
777 Main St, STE 2800
Fort Worth, Texas  76102
United States

**INVOICE #** 318005046-003
**DATE** 2021-09-28
**DUE DATE** 2021-10-28
**TERMS** Net 30

**PO NUMBER**
09-1147-1021-50800

**OELI**
DZ30186

| ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|
| **Rental**<br>Articulated Dump Truck, 30 ton+ - Extension<br>(Sept 28 - Oct 25) | 1 | 10,400.00 | 10,400.00T |
| **Administrative Charges**<br>Environmental Fee 2%<br><br>6002 Shiloh Church Hurlock Rd, Hurlock, MD 21643, USA | 1 | 208.00 | 208.00T |

Thank you - we appreciate your business!

For questions about your equipment call 1-888-725-7008

To make a payment on your account call 1-844-599-2586

If you have service or repair questions call 1-844-956-3040

| | |
|---|---|
| SUBTOTAL | 10,608.00 |
| TAX (0) | 0.00 |
| TOTAL | 10,608.00 |
| BALANCE DUE | **USD 10,608.00** |

We accept payments via credit card, ACH banking and check.

Please mail all checks to DOZR Ltd. at:
1501 North Plano Rd Ste 100
Richardson, TX  75081

**DOZR Ltd.**

+1 8445992586
accounting@dozr.com
www.dozr.com



# INVOICE

**BILL TO**
Renee Vallin
Bighorn Construction
777 Main St, STE 2800
Fort Worth, Texas  76102
United States

**INVOICE #** 318005280-001
**DATE** 2021-08-18
**DUE DATE** 2021-09-17
**TERMS** Net 30

**PO NUMBER**
09-1147-1047-50800

**OELI**
DZ31762/DZ31759/DZ31760/DZ31761

| ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|
| **Rental**<br>Articulated Dump Truck, 25 ton+ (August 18- September 13) | 1 | 7,700.00 | 7,700.00T |
| **Rental**<br>Articulated Dump Truck, 30 ton+ (August 18- September 13) | 1 | 10,600.00 | 10,600.00T |
| **Rental**<br>Excavator, 25 ton+ (August 18- September 13) | 1 | 8,400.00 | 8,400.00T |
| **Rental**<br>Excavator, 30 ton+ (August 18- September 13) | 1 | 8,500.00 | 8,500.00T |
| **Rental**<br>Dozer, 50,000 lbs+ (August 18- September 13) | 1 | 8,500.00 | 8,500.00T |
| **Rental**<br>Dozer, 40,000 lbs+ (August 18- September 13) | 1 | 12,200.00 | 12,200.00T |
| **Transportation**<br>Delivery and Pickup | 2 | 1,100.00 | 2,200.00T |
| **Transportation**<br>Delivery and Pickup | 2 | 1,100.00 | 2,200.00T |
| **Transportation**<br>Delivery and Pickup | 2 | 300.00 | 600.00T |
| **Transportation**<br>Delivery and Pickup | 2 | 300.00 | 600.00T |
| **Transportation**<br>Delivery and Pickup | 2 | 2,100.00 | 4,200.00T |
| **Transportation** | 2 | 2,600.00 | 5,200.00T |

We accept payments via credit card, ACH banking and check.

Please mail all checks to DOZR Ltd. at:
1501 North Plano Rd Ste 100
Richardson, TX  75081

| ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|
| Delivery and Pickup | | | |
| **Administrative Charges** | 1 | 1,118.00 | 1,118.00T |
| Environmental Fee 2% | | | |

6002 Shiloh Church Hurlock Rd, Hurlock, MD
21643, USA

Thank you - we appreciate your business!

For questions about your equipment call 1-888-725-7008

To make a payment on your account call 1-844-599-2586

If you have service or repair questions call 1-844-956-3040

| | |
|---|---|
| SUBTOTAL | 72,018.00 |
| TAX (0) | 0.00 |
| TOTAL | 72,018.00 |
| BALANCE DUE | **USD 72,018.00** |

We accept payments via credit card, ACH banking and check.

Please mail all checks to DOZR Ltd. at:
1501 North Plano Rd Ste 100
Richardson, TX  75081