# EXHIBIT Q

23 June 2022

**Via Email with Delivery & Read Receipts Requested to:**
Brian Patton
Bighorn Construction & Reclamation, LLC
777 Main Street, Suite 2800
Fort Worth, Texas 76102
bpatton@bcrcompanies.com

| | |
|---|---|
| **Project:** | **MD70 Richfield Photovoltaic Power Plant, Hurlock, Maryland** |
| **Re:** | Article 7.3.2 Subcontract Accounting and Payment Demand |
| | June 17, 2021 Subcontract ("Subcontract") and |
| | Performance Bond No. US001014943SU21A ("Bond") |

Dear Mr. Patton:

This letter serves as a follow up to DEPCOM Power, Inc.'s ("DEPCOM" or "Contractor") multiple notices to Bighorn Construction & Reclamation, LLC ("Bighorn" or "BCR" or "Subcontractor") and Bighorn's Performance Bond Surety, XL Specialty Insurance Company ("XL" or "Surety") regarding Bighorn's breach and default of its obligations under the above-referenced Subcontract and Bonds, and initial demand for payment pursuant to the express terms of the Subcontract and Bond. Copies of the Subcontract Terms and Conditions and the Performance Bond are attached as **Exhibits A and B**.

As you are aware, the Project record includes multiple notifications informing Bighorn and XL of Bighorn's defaults, delays, failures to perform, and resulting default/breach and termination for cause. Specifically, DEPCOM has provided notice of Bighorn's failures and default as follows:

- On July 7, 2021, DEPCOM notified Bighorn that Bighorn was more than seven days behind the Progress Schedule as set forth in Exhibit J to the Subcontract. DEPCOM requested that Bighorn provide a Remedial Action Plan as required by the Subcontract by July 12, 2021, and an initial schedule ("First Notice of Delay"). A copy of the First Notice of Delay is attached as **Exhibit C**.

- On August 5, 2021, DEPCOM notified Bighorn that Bighorn was more than 15 days behind the Progress Schedule and had failed to provide an acceptable Remedial Action Plan and initial schedule as requested in the First Notice of Delay ("Second Notice of Delay"). A copy of the Second Notice of Delay is attached as **Exhibit D**.

- On August 10, 2021, DEPCOM notified Bighorn that while Bighorn had provided a Remedial Action Plan on July 14, 2021, Bighorn had yet to recover schedule to be compliant with schedule milestones set forth in Subcontract Exhibit J. DEPCOM informed

June 23, 2022
Bighorn Construction & Reclamation, LLC
Page 2

- Bighorn that it was notifying XL of the potential need to call on the Bond, and requested a proper Remedial Action Plan demonstrating what steps Bighorn was taking to accelerate the Work and recover the schedule requirements ("Third Notice of Delay"). A copy of the Third Notice of Delay is attached as **Exhibit E**.

- On the same day, August 10, 2021, DEPCOM advised the Surety of the First, Second, and Third Notices of Delay and that "should [Bighorn] not show a marked improvement in schedule and performance, then pursuant to the Bond, [DEPCOM] will declare [Bighorn] in default and demand that Surety promptly fulfill its obligations pursuant to the Bond." ("Notification of Principal Potential Default"). A copy of the Notification of Principal Potential Default is attached as **Exhibit F**.

- On August 18, 2021, DEPCOM notified Bighorn of its violation of safety requirements and § 5.7 of the Subcontract ("Notice of Violation of Subcontract Requirements"). A copy of the Notice of Violation of Subcontract Requirements is attached as **Exhibit G**.

- On October 6, 2021, DEPCOM notified Bighorn that Bighorn was in default, and that as of the previous day, October 5, 2021, Bighorn abandoned the Project, removing its personnel and demobilizing its equipment from the Project. DEPCOM also informed Bighorn that DEPCOM was aware of at least nine sub-subcontractors and vendors owed past due balances by Bighorn ("Notice of Default"). A copy of the Notice of Default is attached as **Exhibit H**.

- DEPCOM notified the Surety of Bighorn's default the same day, and demanded that the Surety "promptly fulfill its obligations pursuant to the Bonds, including but not limited to, mobilizing resources to the Project to complete performance of the Subcontract scope of work and pay all overdue balances owed to all sub-subcontractors and vendors of Principal." ("Notification of Principal Default"). A copy of the Notification of Principal Default is attached as **Exhibit I**.

- On October 21, 2021, DEPCOM notified Bighorn that Bighorn had failed to cure the delays and defaults specified in DEPCOM's First, Second, and Third Notices of Delay and Notice of Default. As a result, DEPCOM terminated Bighorn's performance of the Subcontract for cause in accordance with § 7.3 of the Subcontract ("Notice of Termination for Cause"). A copy of the Notice of Termination for Cause is attached as **Exhibit J**.

- On December 17, 2021, DEPCOM notified Bighorn of DEPCOM's receipt of Bighorn's Notices of Intention to Claim a Mechanic's Lien. DEPCOM reminded Bighorn of its multiple performance delays and defaults and as set forth in the Notices, and disputed any contention by Bighorn that DEPCOM owed any amount to Bighorn under the Subcontract.

June 23, 2022
Bighorn Construction & Reclamation, LLC
Page 3

>   DEPCOM also notified Bighorn of DEPCOM's receipt of notices of intent to claim a lien and amended notices of intent to claim a lien against the Project from one of Bighorn's vendors, Brandywine Trucks and Equipment, Inc. d/b/a Brandywine Rentals ("Lien Actions").

DEPCOM terminated Bighorn's performance for default in accordance with § 7.3.1 of the Subcontract and, specifically, for Bighorn's (i) refusal and/or failure to provide sufficient properly skilled workers, adequate supervision, or materials required by the Subcontract; (ii) failure to prosecute the Work according to the Progress Schedule, including failure to recover schedule after submission of a Remedial Action Plan; (iii) stoppage and delay of or interference with the work of DEPCOM, or DEPCOM's other contractors or subcontractors; (iv) failure to comply with the Subcontract; and (iv) failure to timely pay its sub-subcontractors or suppliers.[1]  See **Exhibit A**, Subcontract § 7.3.1(1)-(4), (7).  After providing the Notices to Bighorn, and after Bighorn's failure to eliminate the conditions specified in the Notices within 15 days, DEPCOM took such steps as were necessary to overcome the conditions and complete the Work, and terminated Bighorn's performance for default in accordance with §§ 7.3.1(i)-(ii).  As a result, Bighorn is liable to DEPCOM for the cost to complete the Work, and for costs and damages as allowed by law and as expressly provided in § 7.3.2 of the Subcontract, which states:

In the event of Termination for Cause, Contractor may, at its option:

   i. take possession of all materials, equipment, and other items of Subcontractor for which Contractor has paid, for the purpose of completing the Work, all of which Subcontractor hereby transfers and assigns to Contractor for such purpose (Contractor shall also have the right to take possession and title to materials and equipment for which Contractor has not paid, in which case the reasonable costs of such materials and equipment shall be offset from the sums owed by Subcontractor to Contractor);
   ii. take assignment of any or all of Subcontractor's subcontracts, and
   iii. either itself or through others complete the Work by whatever method Contractor deems expedient, including procurement of all required materials and equipment.  Subcontractor will not be entitled to receive any further payment for any Work not already performed as of the date of termination until

---

[1] BCR's defaults did not end at termination.  For example, post termination BCR failed and/or refused to pay its subcontractors and suppliers, resulting in the filing of multiple liens by its subcontractors and/or suppliers and requiring DEPCOM to make joint and/or direct payment to satisfy BCR's obligations and expend additional legal fees.  These expenses and costs have been properly charged to BCR as part of the Subcontract Accounting and Payment Demand under Article 7.3.2 and set forth in **Exhibit K**.

June 23, 2022
Bighorn Construction & Reclamation, LLC
Page 4

> the Work is fully completed in accordance with the Subcontract Documents and accepted by Contractor.
> a. At such time, if the unpaid balance of the Subcontract Price exceeds the liabilities, costs, and expenses (including attorneys' fees and defense of claims arising from Subcontractor's default) incurred by Contractor in connection with Subcontractor's default, including reasonable overhead and profit, such excess will be paid by Contractor to Subcontractor.
> b. <u>If such liabilities, costs, and expenses (including attorneys' fees and defense of claims arising from Subcontractor's default) exceed the unpaid balance of the Subcontract Price, Subcontractor will pay the difference to Contractor upon demand</u>.

Subcontract at § 7.3.2. (emphasis added).

As summarized below, applying the costs and damages incurred by DEPCOM to complete the Work as necessitated by Bighorn's delays, defaults, and termination, and as expressly provided for and agreed to in the Subcontract, results in a negative adjusted contract sum in the amount of <u>$1,280,847.25</u>, plus legal fees to date of $54,895.90, and requires payment by Bighorn to DEPCOM.

Additionally, § 5.6.4 of the Subcontract entitles DEPCOM to liquidated damages for the delay of the Guaranteed Mechanical Completion and Guaranteed Substantial Completion Dates due to Bighorn. Pursuant to Subcontract Exhibit J, the Guaranteed Mechanical Completion Date was October 15, 2021. The Guaranteed Substantial Completion Date was January 21, 2022. Neither Milestone was met because of Bighorn's delays and default. As a result, Bighorn also owes DEPCOM at least $210,000.00 in Liquidated Damages, increasing the amount due to DEPCOM to **$1,545,743.15**.

| | |
|---|---:|
| Original Contract Sum | $5,551,473.00 |
| Less Amounts Paid to BCR | $862,107.50 |
| **Remaining Unpaid Balance as of Termination** | **$4,689,365.50** |
| Less Amounts Paid to BCR Subs/Vendor + 5% | -$904,696.73 |
| Less Amounts for Replacement/Completion Sub | -$4,774,800.45 |
| Less DEPCOM Self Performance | -$290,715.57 |
| Adjusted Subcontract Balance | -1,280,847.25 |
| Less Legal Costs to Date | -$54,895.90 |
| Less Liquidated Damages | -$210,000.00 |
| Adjusted Contract Sum (Post-Termination) | ($1,545,743.15) |

Pursuant to § 7.3.2(iii) of the Subcontract, DEPCOM hereby provides, attached as **Exhibit K**, a reconciliation of the liabilities, costs, and expenses incurred by DEPCOM in connection with

June 23, 2022
Bighorn Construction & Reclamation, LLC
Page 5

Bighorn's default, which exceed the unpaid balance of the Subcontract Price, and demands payment of the difference from Bighorn. Supporting invoices and records are also provided at **Exhibit K**.

As provided under § 7.3.2(iii), given that the cost to complete the remaining BCR Work and resulting damages exceeded the remaining contract balance, Bighorn shall pay DEPCOM the difference, calculated above and in **Exhibit K** to be **$1,545,743.15** immediately based on this demand.

This request is made by DEPCOM with a full reservation of its contract and legal rights, to include a further application for payment of excess completion costs and ongoing legal costs being incurred but not yet captured in the reconciliation at **Exhibit K**. In this regard, DEPCOM notes that post-termination investigation has revealed that Bighorn improperly graded and otherwise failed to perform the Work, causing DEPCOM to incur additional ongoing costs. It is expected that a further or adjusted reconciliation of the remaining required remedial work will be submitted for additional payment by August 15, 2022.

As noted below, a copy of this Subcontract Accounting and Payment Demand has been copied to the Surety. Should Bighorn fail to make payment of the sums due under the Subcontract due to its failure to perform and default, DEPCOM will seek recourse under Bighorn's Bonds, and recover such costs from XL.

DEPCOM reserves all rights and remedies it may have under the Subcontract, at law or in equity. Nothing set forth herein shall be deemed an admission of fault or liability on the part of DEPCOM.

Please do not hesitate to contact me should you have any questions.

Sincerely,

Daniel Bolden
Project Manager
DEPCOM Power, Inc.
(602) 541-3059
dbolden@depcompower.com

cc:   XL Specialty Insurance Company, Attn: Richard H. Mitchell (via overnight delivery to 70 Seaview Avenue, Stamford, CT 06902)