UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BIGHORN CONSTRUCTION AND RECLAMATION, LLC, BRIDGELINK ENGINEERING, LLC, BRIDGELINK COMMODITIES, LLC, BRIDGELINK INVESTMENTS, LLC, BRIDGELINK DEVELOPMENT, LLC, BRIDGELINK RENEWABLE ENERGY INVESTMENTS LLC, INTERMOUNTAIN ELECTRIC SERVICE, INC., BIGHORN INVESTMENTS AND PROPERTIES, LLC, COLE W. JOHNSON, CORD H. JOHNSON, CASSIE J. HAMILTON<br><br>Defendants. | Civil Action No. 21-3068 (BAH) |

## JUDGMENT

Upon consideration of the Motion for Summary Judgment by the Plaintiff, XL Specialty Insurance Company ("XL"), and any opposition thereto by the Defendants, Bighorn Construction and Reclamation, LLC, Bridgelink Engineering, LLC, Bridgelink Commodities, LLC, Bridgelink Investments, LLC, Bridgelink Development, LLC, Bridgelink Renewable Energy Investments, LLC, Intermountain Electric Service, Inc., Bighorn Investments and Properties, LLC, Cole W. Johnson, Cord H. Johnson and Cassie J. Hamilton (collectively, "Defendants"), it is this _____ day of _____, 2022, hereby ORDERED that the Motion be, and is, GRANTED.

It is furthermore, ORDERED that there are no genuine disputes of material fact, and XL is entitled to summary judgment as a matter of law with respect to Count Three of the Verified Complaint (Indemnity).  Judgment shall be and hereby is entered in favor of XL and against Defendants, jointly and severally, in the amount of Seven Hundred Twenty-Nine Thousand Three

Hundred Seventy-Seven Dollars and Eighty-Five Cents ($729,377.85), plus post-judgment interest at the legal rate, and the costs of this action.

IT is furthermore, ORDERED that there are no genuine disputes of material fact, and XL is entitled to summary judgment as a matter of law with respect to Count One of the Verified Complaint (Specific Performance of Collateral). Judgment shall be and hereby is entered in favor of XL and against Defendants, jointly and severally, directing each of them, and their officers, agents, employees, attorneys and other persons acting on their behalf, to deposit collateral with XL in the amount of $1,627,662.98. To the extent Defendants do not deposit the collateral required within fifteen (15) days of this Order, this Order shall operate as a lien, mortgage or other encumbrance on the assets of each Defendant in the amount of $1,627,662.98 and allowing XL to file such an Order with the secretary of state(s), counties, municipalities, townships, parishes, cities, and/or wherever else the Defendants' property may be located.

IT is furthermore ORDERED that there are no genuine disputes of material fact, and XL is entitled to summary judgment as a matter of law with respect to Count Two of the Verified Complaint (Books and Records). Judgment shall be and hereby is entered in favor of XL and against Defendants, jointly and severally, directing each of them, and their officers, agents, employees, attorneys and other persons acting on their behalf, to provide XL with full and complete access of all of Defendants' books, records and other documents, including financial books, records, documents and accounts maintained by them or any of them in which they may have an interest for inspection and copying.

IT is furthermore, ORDERED that there are no genuine disputes of material fact, and XL is entitled to summary judgment as a matter of law with respect to Count Four of the Verified Complaint (Contractual Indemnity). Judgment shall be and hereby is entered in favor of XL and against Defendant, Bighorn Construction and Reclamation, LLC, in the amount of Seven Hundred

Twenty-Nine Thousand Three Hundred Seventy-Seven Dollars and Eighty-Five Cents ($729,377.85), plus post-judgment interest at the legal rate, and the costs of this action.

IT is furthermore, ORDERED that there are no genuine disputes of material fact, and XL is entitled to summary judgment as a matter of law with respect to Count Five of the Verified Complaint (Exoneration). Judgment shall be and hereby is entered in favor of XL and against Defendant, Bighorn Construction and Reclamation, LLC, directing it and its officers, agents, employees, attorneys and other persons acting on its behalf, to deposit collateral with XL in the amount of $1,627,662.98. To the extent Bighorn Construction and Reclamation, LLC does not deposit the collateral required within fifteen (15) days of this Order, this Order shall operate as a lien, mortgage or other encumbrance on the assets of Bighorn Construction and Reclamation, LLC in the amount of $1,627,662.98 and allowing XL to file such an Order with the secretary of state(s), counties, municipalities, townships, parishes, cities, and/or wherever else Bighorn Construction and Reclamation, LLC's property may be located.

IT is furthermore, ORDERED that there are no genuine disputes of material fact, and XL is entitled to summary judgment as a matter of law with respect to Count Six of the Verified Complaint (Quia Timet). Judgment shall be and hereby is entered in favor of XL and against Defendants, jointly and severally, directing each of them, and their officers, agents, employees, attorneys and other persons acting on their behalf, to deposit collateral with XL in the amount of $1,627,662.98. To the extent Defendants do not deposit the collateral required within fifteen (15) days of this Order, this Order shall operate as a lien, mortgage or other encumbrance on the assets of each Defendant in the amount of $1,627,662.98 and allowing XL to file such an Order with the secretary of state(s), counties, municipalities, townships, parishes, cities, and/or wherever else the Defendants' property may be located.

_____

Hon. Brendan A. Hurson, U.S.M.J.