IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| XL SPECIALTY INSURANCE CO., | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 21-3068-BAH |
| BIGHORN CONSTRUCTION & RECLAMATION, LLC, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Before the Court is Plaintiff XL Specialty Insurance Company's ("XL's" or "Plaintiff's") pending Motion to Compel Discovery in Aid of Execution of Judgment. ECF 46 (hereinafter the "Motion"). The Motion included several attachments, including Plaintiff's counsel's certification and two exhibits constituting email chains between counsel.[1] Defendants, including (1) Bighorn Construction and Reclamation, LLC, (2) Bighorn Investments and Properties, LLC, (3) Bridgelink Engineering, LLC, (4) Bridgelink Commodities, LLC, (5) Bridgelink Investments, LLC, (6) Bridgelink Development, LLC, (7) Bridgelink Renewable Energy Investments, LLC, (8) Intermountain Electric Service, Inc., (9) Cole W. Johnson, (10) Cord H. Johnson, and (11) Cassie J. Hamilton (collectively "Defendants"), did not file any response. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). Accordingly, for the reasons stated below, Plaintiff's Motion is **GRANTED**.

---

[1] The Court references all filings by their respective ECF numbers and all page numbers by the ECF-generated page numbers on the top of the page.

**I.      BACKGROUND**

This case involves an indemnity agreement between XL and Defendants relating to two construction projects. The Court presented the full factual and procedural background in its Memorandum Opinion dated November 23, 2022. ECF 42. In that Memorandum Opinion and the accompanying Order, the Court granted summary judgment in favor of XL as to the following claims: (1) contractual indemnification; (2) specific performance to inspect Defendants' financial books and records; and (3) exoneration under the contract. *Id.*; ECF 43. The Court denied as moot Plaintiff's *quia timet* claim. ECFs 42 and 43. Further, the Court awarded damages to XL in the amount of $729,377.85 for losses, expenses, and costs and ordered Defendants to deposit $1,626,662.98 with XL as collateral. ECFs 42 and 43. On December 9, 2022, after considering correspondence from Plaintiff's counsel, the Court dismissed without prejudice Plaintiff's subrogation claim and *quia timet* claim, and the Clerk closed the case. ECF 45.

Plaintiff represents that it served interrogatories and requests for production of documents on Defendants on December 22, 2022, in aid of execution of the judgment this Court had entered. *Id.* at 1, ECF 46-1 ¶ 1. Email chains attached to Plaintiff's Motion indicate Plaintiff's counsel emailed the discovery requests to Defendants' counsel of record on that date.[2] ECF 46-4, at 2–3. On December 28, Plaintiff's counsel followed up, asking defense counsel to "confirm receipt and service of the attached discovery demands." *Id.* at 2. Defense counsel responded that "[w]e no longer represent Big Horn but until our withdrawal is filed we will attempt to facilitate." *Id.* No motion to withdraw as counsel for Defendants has been filed to date. On February 15, 2023, Plaintiff's counsel again emailed defense counsel of record, indicating that "Defendants' responses

---

[2] Plaintiff's counsel's email also indicates that he sent the same discovery requests "to another attorney (James Key) who indicated he is representing Defendants." ECF 46-4, at 3. Plaintiff did not attach a copy of that communication to the Motion.

to the referenced discovery demands are outstanding," and that Plaintiff intended to move to compel responses if it did not receive the requested responses by February 17, 2023. *Id.* at 5. Plaintiff's counsel represents that XL did not receive any discovery responses. ECF 46-1 ¶ 4. Plaintiff subsequently filed the instant Motion pursuant to Federal Rules of Civil Procedure 69(a)(2) and 37(a)(3)(B)(iii) and (iv) on February 24, 2023. ECF 46.

Under Rule 69, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in [the Federal Rules] or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). A party has thirty days from the date of service of interrogatories and requests for production of documents to respond. Fed. Rs. Civ. P. 33(b)(2), 34(b)(2)(A). "Rule[s] 37(a)(3)(B)(iii) [and (iv)] allow[] a party to move to compel a response if a party fails to answer an interrogatory submitted under Rule 33" or fails to produce documents requested under Rule 34. *McFeeley v. Jackson St. Ent., LLC*, No. DKC 12-1019, 2016 WL 1446780, at *3 (D. Md. Apr. 13, 2016). In moving to compel, the movant "must include a certification that [it] has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Here, Plaintiff served Defendants with interrogatories pursuant to Rule 33 and requests for production of documents pursuant to Rule 34 on December 22, 2022. ECF 46-1 ¶ 1; ECF 46-4, at 5–7. Over thirty days later, Defendants still had not responded, ECF 46-1 ¶ 4, and there does not appear to be any dispute that Defendants have altogether failed to respond to Plaintiff's post-judgment discovery requests. Although email communications indicate that Defendants have new counsel, defense counsel of record has not withdrawn his appearance, and Defendants have not otherwise notified the Court of a change in representation. Plaintiff's Motion also includes the

required certification. ECF 46-1. As such Plaintiff's Motion is GRANTED. Defendants will have thirty days from the date of the accompanying Order to respond fully or otherwise object to Plaintiff's interrogatories and requests for production of documents.

Plaintiff also seeks "an Order . . . awarding XL the reasonable costs and fees in filing this Motion to Compel." ECF 46, at 4. "If [a] motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Plaintiff shall submit a request for attorney's fees and expenses, including itemized documentation of the fees and costs incurred in the filing of the Motion, pursuant to Local Rule 109.2 within fourteen days of the entry of the accompanying Order. Defendants shall have fourteen days from the date of service of the request to file any opposition.

## II.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Discovery in Aid of Execution of Judgment, ECF 46, is GRANTED. An implementing Order will issue separately.

Dated: March 14, 2023                                       /s/
                                                                           Brendan A. Hurson
                                                                           United States Magistrate Judge