IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| XL SPECIALTY INSURANCE CO., | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 21-3068-BAH |
| BIGHORN CONSTRUCTION & RECLAMATION, LLC, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER ON ATTORNEY'S FEES AND EXPENSES RELATED TO XL'S MOTION TO COMPEL

Before the Court is Plaintiff XL Specialty Insurance Company's ("XL's" or "Plaintiff's") unopposed Motion Regarding Attorney's Fees and Expenses. ECF 49. Defendants, including (1) Bighorn Construction and Reclamation, LLC, (2) Bighorn Investments and Properties, LLC, (3) Bridgelink Engineering, LLC, (4) Bridgelink Commodities, LLC, (5) Bridgelink Investments, LLC, (6) Bridgelink Development, LLC, (7) Bridgelink Renewable Energy Investments, LLC, (8) Intermountain Electric Service, Inc., (9) Cole W. Johnson, (10) Cord H. Johnson, and (11) Cassie J. Hamilton (collectively "Defendants"), did not file any response. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). Accordingly, for the reasons stated below, Plaintiff's motion is **GRANTED IN PART**.

This case involves an indemnity agreement between XL and Defendants relating to two construction projects. The Court presented the full factual and procedural background in its Memorandum Opinion dated November 23, 2022. ECF 42. In that Memorandum Opinion and the accompanying Order, the Court granted summary judgment in favor of XL as to the following

claims: (1) contractual indemnification; (2) specific performance to inspect Defendants' financial books and records; and (3) exoneration under the contract. *Id.*; ECF 43. The Court denied as moot Plaintiff's *quia timet* claim. ECFs 42 and 43. Further, the Court awarded damages to XL in the amount of $729,377.85 for losses, expenses, and costs and ordered Defendants to deposit $1,626,662.98 with XL as collateral. ECFs 42 and 43. On December 9, 2022, after considering correspondence from Plaintiff's counsel, the Court dismissed without prejudice Plaintiff's subrogation claim and *quia timet* claim, and the Clerk closed the case. ECF 45.

On February 24, 2023, XL moved to compel discovery in aid of the execution of the Court's judgment against Defendants after Defendants failed to respond to XL's interrogatories and requests for production of documents. ECF 47. The Court granted that motion on March 14 and directed XL to submit a request for attorney's fees and expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and Local Rule 109.2. ECF 48. XL subsequently requested $10,313.50 in attorney's fees and $800.00 in expenses, totaling $11,113.50, related to the motion to compel. ECF 49, at 3. Defendants did not respond to XL's request.

Specifically, XL seeks $2,040.00 for 6.80 hours of work expended on interrogatories, $3,566.50 for 14.40 hours expended on the motion to compel, $738.00 for 2.90 hours expended on "Service of Motion to Compel Upon Defendants," and $3,969.00 for 16.20 hours of work expended on the request for attorney's fees. ECF 49-1, at 3–4. XL also seeks $800 in expenses for service of the motion to compel. *Id.* at 8.

I. **LEGAL FRAMEWORK**

"If [a] motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion,

2

including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  The party seeking attorney's fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  "In determining the proper fee award, the court starts with the 'lodestar' figure, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 787 (D. Md. 2000) (citations omitted).  "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 412 (D. Md. 2014) (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)).  The rates outlined in Appendix B to this Court's Local Rules are presumptively reasonable.  *See id.* (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000)).  Other "[e]vidence of the prevailing market rate usually takes the form of affidavits from other counsel attesting to their rates or the prevailing market rate." *CoStar Grp., Inc.*, 106 F. Supp. 2d at 788.  "[T]he community in which the court sits is the first place to look to in evaluating the prevailing market rate." *Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008) (alteration in *Grissom*) (quoting *Rum Creek Coal Sales, Inc. v. Caperton,* 31 F.3d 169, 179 (4th Cir. 1994)).

The Court "appl[ies] the *Johnson/Barber* factors when making its lodestar determination." *Id.* at 320–21 (citing *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 (4th Cir. 1978); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974), *overruled on other grounds, Blanchard v. Bergeron,* 489 U.S. 87 (1989)).  These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of

the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber,* 577 F.2d at 226 n.28; *see also Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009).

## II.   ANALYSIS

XL is entitled to attorney's fees and expenses incurred by having to file the motion to compel, but such an award must be reasonable, even if unopposed. *See, e.g.*, *Stephens v. U.S. Bank Nat'l Ass'n*, Civ. No. DKC 15-1780, 2017 WL 1832202, at *2 (D. Md. May 8, 2017) (reducing the fee award stemming from an unopposed motion to compel). Because XL's unopposed motion is supported with the required itemized records and affidavit, the Court will grant the request. However, the Court will reduce the award for the reasons stated below.

A.   Work Unrelated to XL's Drafting and Filing the Motion to Compel

First, XL is not entitled to recover the requested $2,040.00 for 6.80 hours of work expended on interrogatories as these are not "reasonable expenses incurred *in making the motion*." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). These fees were a result of XL seeking to collect on the Court's judgment, not a result of Defendants' failure to comply with the judgment or XL's discovery requests. *See Davis v. Uhh Wee, We Care Inc.*, Civ. No. ELH-17-494, 2019 WL 3457609, at *11 (D. Md. July 31, 2019) (excluding fees where "the attorneys' fees were not incurred because of defendants' failure to comply with the Court's orders").

Additionally, XL's counsel has improperly billed for tasks purportedly related to the motion to compel that are not, in fact, related to the drafting of that motion. The first five entries (dated "2/1/2023" and "2/8/2023") under the "Drafting Motion to Compel" heading relate to the researching and drafting of a motion to compel information subpoena pursuant to "Maryland and

4

Texas enforcement rules," including Md. Rule 3-633. ECF 49-1, at 13. XL's counsel also billed 1.30 hours to "review and analyze requirements for motion to compel under Maryland law, specifically Md. Rule 3-633 and 3-421." *Id.* However, the Maryland Rules (or Texas Rules) do not govern motions to compel discovery in this Court—the Federal Rules do. Indeed, XL moved to compel discovery in aid of execution pursuant to Federal Rules of Civil Procedure 37(a)(3)(B)(iii), (iv), and 69(a)(2). ECF 46, at 1. As such, compensating XL's counsel for time spent analyzing law inapplicable to the motion to compel would be unreasonable. The Court will therefore omit from the lodestar calculation these entries. That leaves 9.0 hours expended on drafting the motion to compel.

B. <u>Reasonable Hourly Rates</u>

XL seeks an hourly rate of $245 for attorney Alyssa Puccio, who has one year of experience. ECF 49-1, at 4. In this District, the presumptively reasonable hourly rate for attorneys with less than five years of experience is $150–225. Loc. R., App. B ¶ 3(a). Though XL has submitted an affidavit of one of its attorneys in support of its fee petition, that affidavit does not contain any support for its assertion that $245 is a reasonable hourly rate for attorneys with one year of experience in New Jersey, let alone in Maryland, the forum in which this case has been litigated. *See Grissom*, 549 F.3d at 322–23 (holding that the district court abused its discretion in failing to reduce an hourly rate when the prevailing party did not offer sufficient specific evidence that the requested rate coincided with prevailing market rate in the forum). As such, the Court will reduce Ms. Puccio's hourly rate to $225.[1]

---

[1] The proposed hourly rate of $300 for Louis A. Modugno, a partner with twenty-seven years of experience, and for Kevin S. Brotspies, a partner with fourteen years of experience, are presumptively reasonable under the Local Rules. Loc. R., App. B ¶¶ 3(c), (e). The Court notes, however, that it has already omitted from the fee calculation Mr. Modugno's time as not properly billed under this fee petition. Additionally, it does not appear from the itemized records that XL

C.  Reasonable Time Expended

The 9.0 hours expended on the motion to compel are unreasonably high. The motion to compel was straightforward and not factually intensive. The motion spanned four pages, comprised almost entirely of procedural history. ECF 46. It did not include any legal analysis as the issue was straightforward. *Id.* This Court has reduced fee requests for straightforward motions to compel, even when the motion and fee petition are unopposed. *See, e.g.*, *Stephens*, 2017 WL 1832202, at *2 (reducing the requested 4.2 hours spent on drafting an unopposed motion to compel because the successful party "offer[ed] no explanation or justification supporting the need for multiple lawyers to work on [the] case" and because "it appear[ed] that there was some unreasonable duplication of hours"); *Gonzalez v. Caron*, Civ. No. CBD-10-2188, 2011 WL 3886979, at *4 (D. Md. Sept. 2, 2011) (finding the request of reimbursement for 10.9 hours in connection with a motion to compel and fee request "excessive" because the motion to compel "was not complicated or fact-intensive" and ultimately awarding compensation for eight hours). The Court will therefore reduce the compensable attorney hours in connection with preparing the motion to compel to 5.0 total hours.[2]

Additionally, the time expended on the motion for attorney's fees is unreasonably high. Though XL correctly notes that a prevailing party can recover for time spent preparing a fee request, the award must still be reasonable. Expending 16.20 hours—just over two traditional workdays—on the motion for attorney's fees in connection with an unopposed motion to compel is not reasonable. This is especially true where counsel billed a significant amount of time for

---

has billed for any work done by Mr. Brotspies on the motion to compel or motion for attorney's fees.

[2] All of this time is attributed to Ms. Puccio.

tasks that should have taken mere minutes. For example, XL's counsel billed nearly an hour for drafting the following:

> On March 14, 2023, this Court issued a Memorandum Opinion (ECF No. 47) and Order (ECF No. 48) granting XL's Motion to Compel Discovery in Aid of Execution of the Judgment and compelling Defendants to respond to XL's interrogatories, so that XL may begin the process of collecting on their Judgment. Pursuant to the Memorandum Opinion (ECF No. 47) and Order (ECF No. 48.) the Court held that Defendants are directed to respond to XL's interrogatories and requests for production of documents within thirty (30) days from the date of entry of the Order.

ECF 49-1, at 3; *see id.* at 14 (billing 0.8 hours for "draft and revise claims upon which movants prevailed section of memorandum requesting attorneys fees"). Though XL's motion for attorney's fees contains more legal analysis than the motion to compel does, XL has still failed to justify the excessive amount of time spent drafting its fee petition. Reducing the amount of compensable time for preparing the unopposed motion for attorney's fees is warranted here. *See, e.g.*, *Stephens*, 2017 WL 1832202, at *2 (D. Md. May 8, 2017); *Gonzalez v. Caron*, 2011 WL 3886979, at *4 (D. Md. Sept. 2, 2011); *RLI Ins. Co. v. Nexus Servs.*, No. 5:18-CV-00066, 2022 WL 17352443, at *5 (W.D. Va. Dec. 1, 2022) (recommending reducing compensation for time spent preparing a three-page "straightforward, uncontested" fee petition brief to four total hours). The Court therefore reduces the compensable time in connection with preparing the motion for attorney's fees by half to 8.1 hours.

### D. Adjustments to the Attorney's Fee Lodestar Calculation

Based on the above, the Court will award XL $3,600 in attorney's fees. This includes $1,125 related to the motion to compel (5.0 × $225), $1,822.50 related to the motion for attorney's fees (8.1 × $225), and $652.50 (2.90 × $225) related to preparing service of the motion to compel.

### III. CONCLUSION

For the foregoing reasons, it is today, May 17, 2023, ORDERED that:

1. XL's Motion Regarding Attorney's Fees and Expenses, ECF 49, is GRANTED IN PART; and

2. Defendants (1) Bighorn Construction and Reclamation, LLC, (2) Bighorn Investments and Properties, LLC, (3) Bridgelink Engineering, LLC, (4) Bridgelink Commodities, LLC, (5) Bridgelink Investments, LLC, (6) Bridgelink Development, LLC, (7) Bridgelink Renewable Energy Investments, LLC, (8) Intermountain Electric Service, Inc., (9) Cole W. Johnson, (10) Cord H. Johnson, and (11) Cassie J. Hamilton are jointly and severally ORDERED to pay Plaintiff $3,600 in attorney's fees and $800 in expenses pursuant to Fed. R. Civ. P. 37(a)(5)(A).

Dated: May 17, 2023

                /s/
Brendan A. Hurson
United States Magistrate Judge