UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> -against- <br><br> BIGHORN CONSTRUCTION & RECLAMATION, LLC, BRIDGELINK ENGINEERING, LLC, BRIDGELINK COMMODITIES, LLC, BRIDGELINK INVESTMENTS, LLC, BRIDGELINK DEVELOPMENT, LLC, BRIDGELINK RENEWABLE ENERGY INVESTMENTS, LLC, INTERMOUNTAIN ELECTRIC SERVICE, INC., BIGHORN INVESTMENTS AND PROPERTIES, LLC, COLE W. JOHNSON, CORD H. JOHNSON, CASSIE J. HAMILTON <br><br> Defendants. | Civil No. 21-3068 (BAH) |

**PLAINTIFF'S MOTION FOR CIVIL CONTEMPT
AND BRIEF IN SUPPORT**

I. **INTRODUCTION**

Plaintiff, XL Specialty Insurance Company ("XL") hereby moves this Court to find Defendants, Bighorn Construction and Reclamation, LLC, Bridgelink Engineering, LLC, Bridgelink Commodities, LLC, Bridgelink Investments, LLC, Bridgelink Development, LLC, Bridgelink Renewable Energy Investments LLC, Intermountain Electric Service, Inc., Bighorn Investments and Properties LLC, Cole W. Johnson, Cord H. Johnson and Cassie J. Hamilton (collectively, "Defendants") in civil contempt of the United States District Court for the District of Maryland's Order (the "Order") entered on March 14, 2023, which obligated the Defendants, to respond to XL's requests for discovery in aid of execution of the Judgment ("Post-Judgment Discovery Demands"). XL also requests that the Court: (i) order Defendants to pay coercive

1

sanctions in the amount of $500.00 per day until Defendants comply with the Maryland Court's Order directing Defendants to respond to XL's Post-Judgment Discovery Demands; and (ii) award XL costs and attorney's fees incurred as a result of filing this Motion and enforcing the Order.

Accordingly, XL respectfully requests that the Court enter the order as requested.

## II.  PERTINENT FACTS/ PROCEDURAL HISTORY

1. On December 1, 2021, XL filed its Verified Complaint in the United States District Court for the District of Maryland seeking: (i) specific performance of an indemnity agreement to enforce demand for collateral security; (ii) specific performance of an indemnity agreement to inspect books and records; (iii) contractual indemnification; (iv) exoneration; (v) *quia timet*; (vi) common law indemnification; and (vii) subrogation against Defendants. See Certification of Kevin S. Brotspies at ¶ 3 (hereinafter, "Cert.").

2. On February 3, 2022, Defendants filed an Answer to XL's Verified Complaint. See Cert. at ¶ 2.

3. On July 26, 2022, XL submitted a Motion for Summary Judgment against Defendants. See Cert. at ¶ 4.

4. On November 23, 2022, the Court granted judgment against Defendants and in favor of XL in the amount of $729,377.85 in connection with Count III (Contractual Indemnification) and Count IV (Common Law Indemnification) of XL's Verified Complaint. See Cert. at ¶ 5.

5. By email dated December 22, 2022, XL served its' Post-Judgment Discovery Demands pursuant to F.R.C.P. 69(a)(2) on each of the Defendants through their counsel. See Cert. at ¶ 6, Exhibit A.

6. On February 24, 2023, following multiple attempts to confer with Defendants regarding their lack of responses to XL's Post-Judgment Discovery Demands, XL filed a Motion to Compel Discovery in Aid of Execution of Judgment. See Cert. at ¶ 7.

7. On March 14, 2023, this Court issued a Memorandum Opinion and the Maryland Order, granting XL's Motion to Compel Discovery in Aid of Execution of Judgment, declaring that Defendants are responsible for providing responses to XL's Post-Judgment Discovery Demands. See Cert. at ¶ 8, Exhibit B. The Court Ordered Defendants to respond to XL's Post-Judgment Discovery Demands within thirty (30) days from the date of entry of the Order (March 14, 2023). Id.

8. By email dated March 14, 2023, Counsel for XL provided Counsel for Defendants with a copy of the Court's Order granting XL's Motion to Compel Discovery in Aid of Execution of Judgment. See Cert. at ¶ 9, Exhibit C.

9. After the Court entered its Order compelling Indemnitors' responses to the Post-Judgment Discovery, XL had conversations with Harris Finley Bogle, a separate firm than that retained by Defendants in this matter who represented that they were retained to reach an amicable resolution of the Judgment. See Cert. at ¶ 10.

10. XL provided the Post-Judgment Discovery Demands to Harris Finley Bogle but no responses were received from Indemnitors. See Cert. at ¶ 11.

11. Without any resolution of the Judgment, Harris Finley, Bogle advised XL that they are no longer representing Indemnitors and they provided XL with your email addresses and last known addresses. See Cert. at ¶ 12.

12. By email and overnight mail (at the addressed provided by Harris, Finley, Bogle) (at the addressed provided by Harris, Finley, Bogle) dated August 28, 2023, XL again demanded

3

that Defendants respond to the Post-Judgment Discovery Demands and advised that XL would seek an order from this Court, holding Defendants in contempt, if Defendants did not respond to the Post-Judgment Discovery Demands by September 1, 2023. See Cert. ¶ 13, Exhibit D.

13. As of the date of this motion, Defendants have failed to provide responses to the Post-Judgment Discovery Demands, despite repeated requests from the undersigned to Defendants' counsel. See Cert. at ¶ 14.

### III. LEGAL STANDARD FOR CONTEMPT

Fed. R. Civ. P. 70(a) states that "[i]f a judgment requires a party to…deliver a…document…and the party fails to comply within the time specified, the court may order the act to be done." Moreover, according to Fed R. Civ. P. 70(e), "[t]he court may also hold the disobedient party in contempt."

"To establish civil contempt, the moving party must show by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result." dmarcian, Inc. v. dmarcian Eur. BV, 60 F4th 119, 145 (4th Cir. 2022).

"In determining whether there was a violation of a court order, there is no requirement that the violation was willful." De Simone v. VSL Pharms, Inc., 2016 U.S. Dist. LEXIS 80523 at *40 (D. Md. June 20, 2016).

### IV. ARGUMENT

In XL's February 24, 2023, Motion to Compel Discovery in Aid of Execution of Judgment, XL requested that the Maryland Court issue an Order requiring Defendants to respond to XL's

Post-Judgment Discovery Demands. XL also requested that the Court hold the Defendants in contempt if they fail to comply with the Order. The Maryland Order, granted XL's motion, required Defendants "to respond to Plaintiff's interrogatories and requests for production of documents within thirty (30) days from the date of entry of this Order." See Cert. at ¶ 8, Exhibit B. Additionally, the Maryland Court's Order permitted XL to "submit a request for attorney's fees and expenses, including itemized documentation of the fees and costs incurred in the filing of the Motion." Id. To date, Defendants have supplied no response to the Post-Judgment Discovery Demands. Id. at ¶ 14. XL now submits this motion to request that the Court hold Defendants in contempt for their blatant disregard for the Maryland Court's Order.

### 1. Individual Defendants had Abundant Notice and Opportunity to Provide XL with Discovery Demands

On November 23, 2022, the Court granted XL's motion for summary judgment in the amount of $729,377.85 in favor of XL as to all pertinent issues in their Verified Complaint. Cert. at ¶ 5. Following the Court's decision, XL timely supplied Defendants with the Post-Judgment Discovery Demands on December 22, 2023. Id. at ¶ 6, Exhibit A. Thereafter, after Defendants failed to respond to multiple follow-up requests, XL was forced to request assistance from the Court in the form of a Motion to Compel Discovery in Aid of Execution of Judgment, which was filed on February 24, 2023. *See Cert.* at ¶ 7. Thereafter, the Court granted XL's request and issued the Maryland Order, directing Defendants to respond to XL's Discovery Demands within thirty (30) days. *See Cert.* at ¶ 8, Exhibit B. As an additional precaution, XL forwarded a copy of the Maryland Order to Defendants' Counsel on March 14, 2023, advising that "[i]f we do not receive the information Ordered by the Court, we will file a motion to hold your clients in contempt." See Cert. at ¶ 9, Exhibit C.

After the Court entered its Order compelling Indemnitors' responses to the Post-Judgment Discovery, XL had conversations with Harris Finley Bogle, a separate firm than that retained by Defendants in this matter who represented that they were retained to reach an amicable resolution of the Judgment. Id. at ¶ 10. XL provided the Post-Judgment Discovery Demands to Harris Finley Bogle but no responses were received from Indemnitors. Id. at ¶ 11. Without any resolution of the Judgment, Harris Finley, Bogle advised XL that they are no longer representing Indemnitors and they provided XL with your email addresses and last known addresses. Id. at ¶ 12.

By email and overnight mail (at the addressed provided by Harris, Finley, Bogle) (at the addressed provided by Harris, Finley, Bogle) dated August 28, 2023, XL again demanded that Defendants respond to the Post-Judgment Discovery Demands and advised that XL would seek an order from this Court, holding Defendants in contempt, if Defendants did not respond to the Post-Judgment Discovery Demands by September 1, 2023. Id. at ¶ 13. As of the date of this motion, Defendants have failed to provide responses to the Post-Judgment Discovery Demands, despite repeated requests from the undersigned to Defendants' counsel. Id. at ¶ 14.

### 2. The Maryland Court's Order to Compel in Aid of Execution of Judgment was in Effect

On March 14, 2023 the Maryland Court recognized Individual Defendants delinquency and XL's multiple attempts to secure responses to their Discovery Demands. The Court, in its' Maryland Order, made clear that Defendants had thirty days "to respond to Plaintiff's interrogatories and requests for production of documents." See Cert. at ¶ 8, Exhibit B.

### 3. The Maryland Court's Order Required Certain Conduct by the Defendants

To date, Individual Defendants have failed to respond to the Maryland Court's Order in direct violation of its explicit requirements. Specifically, Defendants, (including Individual Defendants), were ordered to "respond to Plaintiff's interrogatories and requests for production of

6

documents within thirty (30) days from the date of entry of this Order." See Cert. at ¶ 8, Exhibit B.

### 4. Defendants Failed to Comply with the Maryland Court's Order Causing Harm to XL

Defendants, (including Individual Defendants) have failed to comply with the Court's explicit direction to respond to XL's Post-Judgment Discovery Demands. See Cert. at ¶ 14. By failing to respond to the Post-Judgment Discovery Demands, XL has been deprived of the information needed to collect on its Judgment.

## V. XL'S REQUEST FOR SANCTIONS AND ATTORNEYS' FEES

Counsel for XL has spent 5 hours and XL has incurred a total of $1,250 in attorneys' fees in their efforts to prepare this Motion for Contempt. See Cert. at ¶ 18.

"The right of the Court to award civil contempt damages, including attorneys' fees, has long been recognized." Folk v. Wallace Bus. Forms, Inc., 394 F.2d 240, 244 (4th Cir. 1968).

Defendants' continued defiance of the Maryland Court's Order and continued violation of Fed. R. Civ. P. 69(a)(2) and 37(a)(3)(B)(iii) and (iv) have led us to this Motion. Accordingly, compensatory sanctions for civil contempt are warranted.

The Court should also impose coercive sanctions in the amount of $500.00 per day until Defendants comply with the Maryland Court's Order directing Defendants to respond to XL's Post-Judgment Discovery Demands, and purge themselves of the contempt. See Lamar Fin. Corp. v. Adams, 918 F.2d 564, 566-567 (5th Cir. 1990) (civil contempt allows the Court to impose coercive sanctions that can end when the contemnor purges himself of the contempt); Spectacular Venture, L.P. v. World Star Int'l, 927 F.Supp. 683 (S.D.N.Y. 1996)(imposing coercive sanctions of $500 per day).

7

## VI. CONCLUSION

For the foregoing reasons, XL asks the Court grant its Motion for Civil Contempt, Sanctions, Attorney Fees and Costs (including interest) and issue an Order to grant all relief necessary to compel Defendants' compliance with the Order entered by the United States District Court for the District of Maryland on March 14, 2023, and granting such further relief as the Court may deem appropriate.

Dated: September 11, 2023                               Respectfully submitted,

                                                      */s/ Kevin Brotspies*
Kevin S. Brotspies (MD No. 0906300001)
Maryland Bar Number: 15101
Trif & Modugno, LLC
89 Headquarters Plaza
North Tower, Suite 1201
Morristown, New Jersey 07960
Phone: 973-547-3611
Email: kbrotspies@tm-firm.com

*ATTORNEY FOR PLAINTIFF*
*XL SPECIALTY INSURANCE COMPANY*