# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY, | Civil No. 21-3068 (BAH) |
| Plaintiff, | |
| -against- | |
| BIGHORN CONSTRUCTION & RECLAMATION, LLC, BRIDGELINK ENGINEERING, LLC, BRIDGELINK COMMODITIES, LLC, BRIDGELINK INVESTMENTS, LLC, BRIDGELINK DEVELOPMENT, LLC, BRIDGELINK RENEWABLE ENERGY INVESTMENTS, LLC, INTERMOUNTAIN ELECTRIC SERVICE, INC., BIGHORN INVESTMENTS AND PROPERTIES, LLC, COLE W. JOHNSON, CORD H. JOHNSON, CASSIE J. HAMILTON | |
| Defendants. | |

I, KEVIN S. BROTSPIES, ESQ., hereby certifies as follows:

1.      I am an attorney at law in the State of Maryland.  I am a member of the law firm of Trif & Modugno LLC, attorneys for Plaintiff, XL Specialty Insurance Company ("XL").  As such, I am fully familiar with the facts set forth herein.

2.      I make this certification in support of XL's motion for contempt.

3.      On December 1, 2021, XL filed its Verified Complaint in the United States District Court for the District of Maryland (ECF No. 1) seeking: (i) specific performance of an indemnity agreement to enforce demand for collateral security; (ii) specific performance of an indemnity agreement to inspect books and records; (iii) contractual indemnification; (iv) exoneration; (v) *quia timet*; (vi) common law indemnification; and (vii) subrogation against Defendants, Bighorn Construction and Reclamation, LLC, Bridgelink Engineering, LLC, Bridgelink Commodities,

1

LLC, Bridgelink Investments, LLC, Bridgelink Development, LLC, Bridgelink Renewable Energy Investments LLC, Intermountain Electric Service, Inc., Bighorn Investments and Properties LLC, Cole W. Johnson, Cord H. Johnson and Cassie J. Hamilton (collectively, "Defendants").

4.      On February 3, 2022, Defendants filed an Answer to XL's Verified Complaint (ECF. No. 15).

5.      On June 10, 2022, the Court entered an Order granting in part, and denying in part, XL's Emergent Motion for Preliminary Injunction (ECF. No. 36).

6.      On July 26, 2022, XL submitted a Motion for Summary Judgment against Defendants (ECF No. 40).

7.      On November 23, 2022, the Court granted summary judgment in the amount of $729,377.85 ("Judgment") in favor of XL as to Counts III and IV of the Verified Complaint (ECF No. 43).

8.      On December 22, 2022, XL served requests for discovery in aid of execution of the Judgment ("Post-Judgment Discovery Demands") on all Defendants. True and accurate copies of the Post-Judgment Discovery Demands are attached as composite **Exhibit A**.

9.      On February 24, 2023, following multiple attempts to confer with Defendants regarding their lack of responses to XL's Post-Judgment Discovery Demands, XL filed a Motion to Compel Discovery in Aid of Execution of Judgment (ECF No. 46).

10.     On March 14, 2023, this Court issued a Memorandum Opinion (ECF No. 47) and Order (ECF No. 48) granting XL's Motion to Compel Discovery in Aid of Execution of Judgment, declaring that Defendants are responsible for providing responses to XL's Post-Judgment Discovery Demands.  The Court Ordered Defendants to respond to XL's Post-Judgment Discovery Demands within thirty (30) days from the date of entry of the Order (March 14, 2023). Attached

hereto as composite **Exhibit B** are true and accurate copies of the Court's March 14, 2023 Memorandum Opinion and Order.

11.     By email dated March 14, 2023, Counsel for XL provided Counsel for Defendants with a copy of the Court's Order granting XL's Motion to Compel Discovery in Aid of Execution of Judgment. A true and accurate copy of XL's March 14th email is attached hereto as **Exhibit C**.

12.     After the Court entered its Order compelling Indemnitors' responses to the Post-Judgment Discovery, XL had conversations with Harris Finley Bogle, a separate firm than that retained by Defendants in this matter who represented that they were retained to reach an amicable resolution of the Judgment.

13.     XL provided the Post-Judgment Discovery Demands to Harris Finley Bogle but no responses were received from Indemnitors.

14.     Without any resolution of the Judgment, Harris Finley, Bogle advised XL that they are no longer representing Indemnitors and they provided XL with your email addresses and last known addresses.

15.     By email and overnight mail (at the addressed provided by Harris, Finley, Bogle) (at the addressed provided by Harris, Finley, Bogle) dated August 28, 2023, XL again demanded that Defendants respond to the Post-Judgment Discovery Demands and advised that XL would seek an order from this Court, holding Defendants in contempt, if Defendants did not respond to the Post-Judgment Discovery Demands by September 1, 2023. True and accurate copies of the email and overnight mail confirmations are attached as composite **Exhibit D**.

16.     As of the date of this motion, Defendants have failed to provide responses to the Post-Judgment Discovery Demands, despite repeated requests from the undersigned to Defendants' counsel.

17.     XL, through clear and convincing evidence, has shown that Defendants had actual knowledge of the Court's March 14, 2023 Order; the Order was in XL's favor; Defendants violated the Order; and Defendant harmed XL as a result.

18.     XL has incurred attorneys' fees in the amount of $1,250 in drafting this motion and conducting the legal research necessary to file same.

I hereby certify that the foregoing statements made by me are true.  I am aware if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 11, 2023

_/s/ Kevin Brotspies_____
Kevin S. Brotspies

# EXHIBIT A

**Kyle Cassidy**

| | |
|---|---|
| **From:** | Kyle Cassidy |
| **Sent:** | Thursday, December 22, 2022 12:04 PM |
| **To:** | Thurman Zollicoffer; matt.sturtz@nelsonmullins.com |
| **Cc:** | Louis Modugno |
| **Subject:** | XL v. Bighorn et al. |
| **Attachments:** | Bighorn Investments and Properties  Info Subpoena.pdf; Bighorn Reclamation Info Subpoena.pdf; Bridgelink Commodities Info Subpoena.pdf; Bridgelink Development Info Subpoena.pdf; Bridgelink Engineering Info Subpoena.pdf; Bridgelink Investments Info Subpoena.pdf; Bridgelink Renewable Energy Info Subpoena.pdf; Cassie Hamilton Info Subpoena.pdf; Cole Johnson Info Subpoena.pdf; Intermountain Electric Info Subpoena.pdf; Cord Johnson Info Subpoena.pdf |

Thurman and Matt:

As you are still counsel of record for Defendants in the above matter, attached are the following requests for discovery in aid of execution:

1. Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Bridgelink Engineering, LLC
2. Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Bridgelink Commodities, LLC
3. Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Bridgelink Investments, LLC
4. Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Bridgelink Development, LLC
5. Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Bridgelink Renewable Energy Investments, LLC
6. Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Bighorn Investments and Properties, LLC
7. Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Intermountain Electric Service, Inc.
8. Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Cole W. Johnson
9. Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Cord H. Johnson
10. Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Cassie J. Hamilton
11. Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Bighorn Construction and Reclamation, LLC

We have also provided copies of same to another attorney (James Key) who indicated he is representing Defendants.

Pursuant to the discovery requests, please ensure that your clients provide responses and documents responsive to the requests within fourteen (14) days of the date hereof.

Thank you,

Kyle

Kyle H. Cassidy
89 Headquarters Plaza
North Tower, Suite 1201
Morristown, New Jersey 07960
973-547-3611 (o)
732-859-5857 (c)
www.tm-firm.com



CONFIDENTIALITY:  This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510--2521 and is legally privileged.  The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (973) 547-3611, and destroy the original message. Thank you.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY, | Civil Action No. 1:21-cv-03068-GLR |
| Plaintiff, | |
| v. | |
| BIGHORN CONSTRUCTION AND RECLAMATION, LLC, BRIDGELINK ENGINEERING, LLC, BRIDGELINK COMMODITIES, LLC, BRIDGELINK INVESTMENTS, LLC, BRIDGELINK DEVELOPMENT, LLC, BRIDGELINK RENEWABLE ENERGY INVESTMENTS LLC, INTERMOUNTAIN ELECTRIC SERVICE, INC.,  BIGHORN INVESTMENTS AND PROPERTIES, LLC, COLE W. JOHNSON, CORD H. JOHNSON, CASSIE J. HAMILTON | |
| Defendants. | |

**DISCOVERY IN AID OF EXECUTION**
**OF MONEY JUDGMENT PURSUANT TO F.R.C.P. 69(a)(2)**

**To:    Bighorn Investments and Properties, LLC**
**c/o James E. Key, Esq.**
**Harris Finley Bogle**
**777 Main Street, Suite 1800**
**Fort Worth, Texas 76102**

Judgment has been entered against Bridgelink Investments and Properties, LLC ("Judgement Debtor") in the United States District Court for the District of Maryland in the amount of $729,377.85, plus post-Judgment interest and costs, which remains due and unpaid. The Judgment also requires the Judgment Debtor and all other defendants to deposit collateral with XL Specialty Insurance Company in the total amount of $1,626,662.98.   Attached to this discovery in aid of execution is a list of questions with requests for documents that require you to

1

answer within 14 days from the date you receive this discovery demand. If you do not answer the attached questions and provide the documents within the time required, the plaintiff will ask the court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear and explain your reasons for your failure to answer.  You must answer each question giving complete answers, attaching additional pages if necessary, and produce the information requested.  False or misleading answers may subject you to punishment by the Court. Be sure to sign and date your answers and return them to the undersigned within 14 days.

Dated: December 21, 2022

**Trif & Modugno, LLC**

By:  /s/    Kevin Brotspies
Attorneys for Plaintiff
kbrotspies@tm-firm.com

**BUSINESS ENTITY DISCOVERY REQUESTS**

1. Name the business including all trades names.

2. Address of all business locations.

3. The name and address of all members, officers and managers.

4. Set forth in detail the name, address and telephone number of all businesses in which the principals of the judgment debtor now have an interest and set forth the nature of the interest.

5. For all bank accounts of the judgment-debtor business entity, list the name of the bank, the bank's address, the account number and the name in which the account is held.

    a. Provide copies of bank statements for October and November 2022 for each bank account.

6. Specifically state the present location of all books and records of the business, including checkbooks.

3

7. State the name and address of the person, persons, or entities who prepare, maintain and/or control the business records and checkbooks.

8. List all physical assets of the business including equipment and their location. If any asset is subject to a lien, state the name and address of the lienholder and the amount due on the lien.

   a. For each piece of equipment, provide copies of the title for all equipment and/or bill of sale.

9. Does the business own any other real estate? If yes, state the following for each property:

   a. Name in which property is owned
   b. Address of the property
   c. Date property was purchased
   d. Purchase Price
   e. Name and Address of Mortgage Holder(s)
   f. Balance due on the Mortgage(s)
   g. Name and addresses of all tenants and monthly rentals paid by each tenant

10. Provide copies of the deeds, mortgages and lease for any real estate owned.

4

11. List all motor vehicles owned by the business, stating the following for each vehicle:

      a.  Make, model and year
      b.  License plate number
      c.  Vehicle Identification Number
      d.  Mileage
      e.  If there is a lien on the vehicle, state the name and address of the lienholder and the amount due
      f.  Provide copies of all titles for all motor vehicles

12. List all accounts receivable due to the business, stating the name, address and amount due on each receivable.

13. For any transfer of business assets that has occurred within six months from the date of this subpoena, specifically identify:

      a.  The nature of the asset
      b.  The date of transfer
      c.  Name and address of the person to whom the asset was transferred
      d.  The consideration paid for the asset and the form in which it was paid (cash, check, wire, etc.)
      e.  Explain in detail what happened to the consideration paid for the asset.

14. If the business is alleged to be no longer active, set forth

    a. The date of cessation
    b. All assets as of the date of cessation
    c. The present location of those assets
    d. If the assets were sold or transferred, set forth
        i. The nature of the assets
        ii. Date(s) of transfer
        iii. Name and address of the person or entity to whom the assets were transferred.
        iv. The consideration paid for the assets and the form in which it was paid.
        v. Explain in detail what happened to the consideration paid for the assets.

15. Set forth all other judgments that you are aware of that have been entered against you and include:

    a. Creditor's Name
    b. Creditor's Attorney
    c. Amount Due
    d. Name of Court
    e. Docket Number

16. For all litigation in which the business is presently involved, state:

    a. Date litigation commenced
    b. Name of party who started the litigation
    c. Nature of the action
    d. Names of all other parties and the names, addresses and telephone numbers of their attorneys
    e. Trial Date
    f. Status of Case
    g. Name of the Court and the docket number
    h. Provide copies of filed pleadings

17. State the name, address and position of the person answering these questions.

## <u>CERTIFICATION</u>

      I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


_____
Signature


_____
Date

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY, | Civil Action No. 1:21-cv-03068-GLR |
| Plaintiff, | |
| v. | |
| BIGHORN CONSTRUCTION AND RECLAMATION, LLC, BRIDGELINK ENGINEERING, LLC, BRIDGELINK COMMODITIES, LLC, BRIDGELINK INVESTMENTS, LLC, BRIDGELINK DEVELOPMENT, LLC, BRIDGELINK RENEWABLE ENERGY INVESTMENTS LLC, INTERMOUNTAIN ELECTRIC SERVICE, INC., BIGHORN INVESTMENTS AND PROPERTIES, LLC, COLE W. JOHNSON, CORD H. JOHNSON, CASSIE J. HAMILTON | |
| Defendants. | |

**DISCOVERY IN AID OF EXECUTION
OF MONEY JUDGMENT PURSUANT TO F.R.C.P. 69(a)(2)**

**To:    Bighorn Construction and Reclamation, LLC
c/o James E. Key, Esq.
Harris Finley Bogle
777 Main Street, Suite 1800
Fort Worth, Texas 76102**

Judgment has been entered against Bighorn Construction and Reclamation, LLC ("Judgement Debtor") in the United States District Court for the District of Maryland in the amount of $729,377.85, plus post-Judgment interest and costs, which remains due and unpaid. The Judgment also requires the Judgment Debtor and all other defendants to deposit collateral with XL Specialty Insurance Company in the total amount of $1,626,662.98.   Attached to this discovery in aid of execution is a list of questions with requests for documents that require you to

1

answer within 14 days from the date you receive this discovery demand. If you do not answer the attached questions and provide the documents within the time required, the plaintiff will ask the court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear and explain your reasons for your failure to answer.  You must answer each question giving complete answers, attaching additional pages if necessary, and produce the information requested.  False or misleading answers may subject you to punishment by the Court. Be sure to sign and date your answers and return them to the undersigned within 14 days.

Dated: December 21, 2022

**Trif & Modugno, LLC**

By:  /s/    Kevin Brotspies
Attorneys for Plaintiff
kbrotspies@tm-firm.com

## BUSINESS ENTITY DISCOVERY REQUESTS

1.  Name the business including all trades names.

2.  Address of all business locations.

3.  The name and address of all members, officers and managers.

4.  Set forth in detail the name, address and telephone number of all businesses in which the principals of the judgment debtor now have an interest and set forth the nature of the interest.

5.  For all bank accounts of the judgment-debtor business entity, list the name of the bank, the bank's address, the account number and the name in which the account is held.

    a.  Provide copies of bank statements for October and November 2022 for each bank account.

6.  Specifically state the present location of all books and records of the business, including checkbooks.

7. State the name and address of the person, persons, or entities who prepare, maintain and/or control the business records and checkbooks.

8. List all physical assets of the business including equipment and their location. If any asset is subject to a lien, state the name and address of the lienholder and the amount due on the lien.

   a. For each piece of equipment, provide copies of the title for all equipment and/or bill of sale.

9. Does the business own any other real estate? If yes, state the following for each property:

   a. Name in which property is owned
   b. Address of the property
   c. Date property was purchased
   d. Purchase Price
   e. Name and Address of Mortgage Holder(s)
   f. Balance due on the Mortgage(s)
   g. Name and addresses of all tenants and monthly rentals paid by each tenant

10. Provide copies of the deeds, mortgages and lease for any real estate owned.

11. List all motor vehicles owned by the business, stating the following for each vehicle:

      a.  Make, model and year
      b.  License plate number
      c.  Vehicle Identification Number
      d.  Mileage
      e.  If there is a lien on the vehicle, state the name and address of the lienholder and the amount due
      f.  Provide copies of all titles for all motor vehicles

12. List all accounts receivable due to the business, stating the name, address and amount due on each receivable.

13. For any transfer of business assets that has occurred within six months from the date of this subpoena, specifically identify:

      a.  The nature of the asset
      b.  The date of transfer
      c.  Name and address of the person to whom the asset was transferred
      d.  The consideration paid for the asset and the form in which it was paid (cash, check, wire, etc.)
      e.  Explain in detail what happened to the consideration paid for the asset.

14. If the business is alleged to be no longer active, set forth

    a. The date of cessation
    b. All assets as of the date of cessation
    c. The present location of those assets
    d. If the assets were sold or transferred, set forth
        i. The nature of the assets
        ii. Date(s) of transfer
        iii. Name and address of the person or entity to whom the assets were transferred.
        iv. The consideration paid for the assets and the form in which it was paid.
        v. Explain in detail what happened to the consideration paid for the assets.

15. Set forth all other judgments that you are aware of that have been entered against you and include:

    a. Creditor's Name
    b. Creditor's Attorney
    c. Amount Due
    d. Name of Court
    e. Docket Number

16. For all litigation in which the business is presently involved, state:

    a. Date litigation commenced
    b. Name of party who started the litigation
    c. Nature of the action
    d. Names of all other parties and the names, addresses and telephone numbers of their attorneys
    e. Trial Date
    f. Status of Case
    g. Name of the Court and the docket number
    h. Provide copies of filed pleadings

17. State the name, address and position of the person answering these questions.

## **<u>CERTIFICATION</u>**

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


_____
Signature


_____
Date

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>v.<br><br>BIGHORN CONSTRUCTION AND<br>RECLAMATION, LLC, BRIDGELINK<br>ENGINEERING, LLC, BRIDGELINK<br>COMMODITIES, LLC,<br>BRIDGELINK INVESTMENTS, LLC,<br>BRIDGELINK DEVELOPMENT, LLC,<br>BRIDGELINK RENEWABLE ENERGY<br>INVESTMENTS LLC, INTERMOUNTAIN<br>ELECTRIC SERVICE, INC.,  BIGHORN<br>INVESTMENTS AND PROPERTIES, LLC,<br>COLE W. JOHNSON, CORD H. JOHNSON,<br>CASSIE J. HAMILTON<br><br>                    Defendants. | Civil Action No.<br>1:21-cv-03068-GLR |

**DISCOVERY IN AID OF EXECUTION**
**OF MONEY JUDGMENT PURSUANT TO F.R.C.P. 69(a)(2)**

**To:     Bridgelink Commodities, LLC**
**c/o James E. Key, Esq.**
**Harris Finley Bogle**
**777 Main Street, Suite 1800**
**Fort Worth, Texas 76102**

Judgment has been entered against Bridgelink Commodities, LLC ("Judgement Debtor")

in the United States District Court for the District of Maryland in the amount of $729,377.85, plus

post-Judgment interest and costs, which remains due and unpaid. The Judgment also requires the

Judgment Debtor and all other defendants to deposit collateral with XL Specialty Insurance

Company in the total amount of $1,626,662.98.   Attached to this discovery in aid of execution is

a list of questions with requests for documents that require you to answer within 14 days from the

1

date you receive this discovery demand. If you do not answer the attached questions and provide the documents within the time required, the plaintiff will ask the court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear and explain your reasons for your failure to answer.  You must answer each question giving complete answers, attaching additional pages if necessary, and produce the information requested.  False or misleading answers may subject you to punishment by the Court. Be sure to sign and date your answers and return them to the undersigned within 14 days.

Dated: December 21, 2022

**Trif & Modugno, LLC**

By:  /s/    Kevin Brotspies
Attorneys for Plaintiff
kbrotspies@tm-firm.com

**BUSINESS ENTITY DISCOVERY REQUESTS**

1.  Name the business including all trades names.

2.  Address of all business locations.

3.  The name and address of all members, officers and managers.

4.  Set forth in detail the name, address and telephone number of all businesses in which the principals of the judgment debtor now have an interest and set forth the nature of the interest.

5.  For all bank accounts of the judgment-debtor business entity, list the name of the bank, the bank's address, the account number and the name in which the account is held.

     a.  Provide copies of bank statements for October and November 2022 for each bank account.

6.  Specifically state the present location of all books and records of the business, including checkbooks.

7. State the name and address of the person, persons, or entities who prepare, maintain and/or control the business records and checkbooks.

8. List all physical assets of the business including equipment and their location. If any asset is subject to a lien, state the name and address of the lienholder and the amount due on the lien.

    a. For each piece of equipment, provide copies of the title for all equipment and/or bill of sale.

9. Does the business own any other real estate? If yes, state the following for each property:

    a. Name in which property is owned
    b. Address of the property
    c. Date property was purchased
    d. Purchase Price
    e. Name and Address of Mortgage Holder(s)
    f. Balance due on the Mortgage(s)
    g. Name and addresses of all tenants and monthly rentals paid by each tenant

10. Provide copies of the deeds, mortgages and lease for any real estate owned.

4

11. List all motor vehicles owned by the business, stating the following for each vehicle:

      a.  Make, model and year

      b.  License plate number

      c.  Vehicle Identification Number

      d.  Mileage

      e.  If there is a lien on the vehicle, state the name and address of the lienholder and the amount due

      f.  Provide copies of all titles for all motor vehicles

12. List all accounts receivable due to the business, stating the name, address and amount due on each receivable.

13. For any transfer of business assets that has occurred within six months from the date of this subpoena, specifically identify:

      a.  The nature of the asset

      b.  The date of transfer

      c.  Name and address of the person to whom the asset was transferred

      d.  The consideration paid for the asset and the form in which it was paid (cash, check, wire, etc.)

      e.  Explain in detail what happened to the consideration paid for the asset.

14. If the business is alleged to be no longer active, set forth

      a. The date of cessation
      b. All assets as of the date of cessation
      c. The present location of those assets
      d. If the assets were sold or transferred, set forth
          i. The nature of the assets
          ii. Date(s) of transfer
          iii. Name and address of the person or entity to whom the assets were transferred.
          iv. The consideration paid for the assets and the form in which it was paid.
          v. Explain in detail what happened to the consideration paid for the assets.

15. Set forth all other judgments that you are aware of that have been entered against you and include:

      a. Creditor's Name
      b. Creditor's Attorney
      c. Amount Due
      d. Name of Court
      e. Docket Number

16. For all litigation in which the business is presently involved, state:

      a. Date litigation commenced
      b. Name of party who started the litigation
      c. Nature of the action
      d. Names of all other parties and the names, addresses and telephone numbers of their attorneys
      e. Trial Date
      f. Status of Case
      g. Name of the Court and the docket number
      h. Provide copies of filed pleadings

17. State the name, address and position of the person answering these questions.

## <u>CERTIFICATION</u>

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


_____
Signature


_____
Date

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY, | Civil Action No. |
| | 1:21-cv-03068-GLR |
| Plaintiff, | |
| | |
| v. | |
| | |
| BIGHORN CONSTRUCTION AND | |
| RECLAMATION, LLC, BRIDGELINK | |
| ENGINEERING, LLC, BRIDGELINK | |
| COMMODITIES, LLC, | |
| BRIDGELINK INVESTMENTS, LLC, | |
| BRIDGELINK DEVELOPMENT, LLC, | |
| BRIDGELINK RENEWABLE ENERGY | |
| INVESTMENTS LLC, INTERMOUNTAIN | |
| ELECTRIC SERVICE, INC.,  BIGHORN | |
| INVESTMENTS AND PROPERTIES, LLC, | |
| COLE W. JOHNSON, CORD H. JOHNSON, | |
| CASSIE J. HAMILTON | |
| | |
| Defendants. | |

**DISCOVERY IN AID OF EXECUTION**
**OF MONEY JUDGMENT PURSUANT TO F.R.C.P. 69(a)(2)**

**To:    Bridgelink Investments, LLC**
**c/o James E. Key, Esq.**
**Harris Finley Bogle**
**777 Main Street, Suite 1800**
**Fort Worth, Texas 76102**

Judgment has been entered against Bridgelink Investments, LLC ("Judgement Debtor")

in the United States District Court for the District of Maryland in the amount of $729,377.85, plus

post-Judgment interest and costs, which remains due and unpaid. The Judgment also requires the

Judgment Debtor and all other defendants to deposit collateral with XL Specialty Insurance

Company in the total amount of $1,626,662.98.   Attached to this discovery in aid of execution is

a list of questions with requests for documents that require you to answer within 14 days from the

1

date you receive this discovery demand. If you do not answer the attached questions and provide the documents within the time required, the plaintiff will ask the court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear and explain your reasons for your failure to answer.  You must answer each question giving complete answers, attaching additional pages if necessary, and produce the information requested.   False or misleading answers may subject you to punishment by the Court. Be sure to sign and date your answers and return them to the undersigned within 14 days.

Dated: December 21, 2022

**Trif & Modugno, LLC**

By:  /s/   Kevin Brotspies
Attorneys for Plaintiff
kbrotspies@tm-firm.com

## BUSINESS ENTITY DISCOVERY REQUESTS

1.  Name the business including all trades names.

2.  Address of all business locations.

3.  The name and address of all members, officers and managers.

4.  Set forth in detail the name, address and telephone number of all businesses in which the principals of the judgment debtor now have an interest and set forth the nature of the interest.

5.  For all bank accounts of the judgment-debtor business entity, list the name of the bank, the bank's address, the account number and the name in which the account is held.

    a.  Provide copies of bank statements for October and November 2022 for each bank account.

6.  Specifically state the present location of all books and records of the business, including checkbooks.

7. State the name and address of the person, persons, or entities who prepare, maintain and/or control the business records and checkbooks.

8. List all physical assets of the business including equipment and their location. If any asset is subject to a lien, state the name and address of the lienholder and the amount due on the lien.

    a. For each piece of equipment, provide copies of the title for all equipment and/or bill of sale.

9. Does the business own any other real estate? If yes, state the following for each property:

    a. Name in which property is owned
    b. Address of the property
    c. Date property was purchased
    d. Purchase Price
    e. Name and Address of Mortgage Holder(s)
    f. Balance due on the Mortgage(s)
    g. Name and addresses of all tenants and monthly rentals paid by each tenant

10. Provide copies of the deeds, mortgages and lease for any real estate owned.

11. List all motor vehicles owned by the business, stating the following for each vehicle:

    a.  Make, model and year
    b.  License plate number
    c.  Vehicle Identification Number
    d.  Mileage
    e.  If there is a lien on the vehicle, state the name and address of the lienholder and the amount due
    f.  Provide copies of all titles for all motor vehicles

12. List all accounts receivable due to the business, stating the name, address and amount due on each receivable.

13. For any transfer of business assets that has occurred within six months from the date of this subpoena, specifically identify:

    a.  The nature of the asset
    b.  The date of transfer
    c.  Name and address of the person to whom the asset was transferred
    d.  The consideration paid for the asset and the form in which it was paid (cash, check, wire, etc.)
    e.  Explain in detail what happened to the consideration paid for the asset.

14. If the business is alleged to be no longer active, set forth

    a. The date of cessation
    b. All assets as of the date of cessation
    c. The present location of those assets
    d. If the assets were sold or transferred, set forth
        i. The nature of the assets
        ii. Date(s) of transfer
        iii. Name and address of the person or entity to whom the assets were transferred.
        iv. The consideration paid for the assets and the form in which it was paid.
        v. Explain in detail what happened to the consideration paid for the assets.

15. Set forth all other judgments that you are aware of that have been entered against you and include:

    a. Creditor's Name
    b. Creditor's Attorney
    c. Amount Due
    d. Name of Court
    e. Docket Number

16. For all litigation in which the business is presently involved, state:

    a. Date litigation commenced
    b. Name of party who started the litigation
    c. Nature of the action
    d. Names of all other parties and the names, addresses and telephone numbers of their attorneys
    e. Trial Date
    f. Status of Case
    g. Name of the Court and the docket number
    h. Provide copies of filed pleadings

17. State the name, address and position of the person answering these questions.

## <u>CERTIFICATION</u>

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Signature

_____
Date

7

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>v.<br><br>BIGHORN CONSTRUCTION AND<br>RECLAMATION, LLC, BRIDGELINK<br>ENGINEERING, LLC, BRIDGELINK<br>COMMODITIES, LLC,<br>BRIDGELINK INVESTMENTS, LLC,<br>BRIDGELINK DEVELOPMENT, LLC,<br>BRIDGELINK RENEWABLE ENERGY<br>INVESTMENTS LLC, INTERMOUNTAIN<br>ELECTRIC SERVICE, INC.,  BIGHORN<br>INVESTMENTS AND PROPERTIES, LLC,<br>COLE W. JOHNSON, CORD H. JOHNSON,<br>CASSIE J. HAMILTON<br><br>               Defendants. | Civil Action No.<br>1:21-cv-03068-GLR |

**DISCOVERY IN AID OF EXECUTION**
**OF MONEY JUDGMENT PURSUANT TO F.R. P. 69(a)(2)**

**To:** **Bridgelink Engineering, LLC**
      **c/o James E. Key, Esq.**
      **Harris Finley Bogle**
      **777 Main Street, Suite 1800**
      **Fort Worth, Texas 76102**

Judgment has been entered against Bridgelink Engineering, LLC ("Judgement Debtor")

in the United States District Court for the District of Maryland in the amount of $729,377.85, plus

post-Judgment interest and costs, which remains due and unpaid. The Judgment also requires the

Judgment Debtor and all other defendants to deposit collateral with XL Specialty Insurance

Company in the total amount of $1,626,662.98.   Attached to this discovery in aid of execution is

a list of questions with requests for documents that require you to answer within 14 days from the

1

date you receive this discovery demand. If you do not answer the attached questions and provide the documents within the time required, the plaintiff will ask the court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear and explain your reasons for your failure to answer.  You must answer each question giving complete answers, attaching additional pages if necessary, and produce the information requested.  False or misleading answers may subject you to punishment by the Court. Be sure to sign and date your answers and return them to the undersigned within 14 days.

Dated: December 21, 2022

**Trif & Modugno, LLC**

By: /s/    Kevin Brotspies
**Attorneys for Plaintiff**
Kbrotspies@tm-firm.com

2

## BUSINESS ENTITY DISCOVERY REQUESTS

1.  Name the business including all trades names.

2.  Address of all business locations.

3.  The name and address of all members, officers and managers.

4.  Set forth in detail the name, address and telephone number of all businesses in which the principals of the judgment debtor now have an interest and set forth the nature of the interest.

5.  For all bank accounts of the judgment-debtor business entity, list the name of the bank, the bank's address, the account number and the name in which the account is held.

    a.  Provide copies of bank statements for October and November 2022 for each bank account.

6.  Specifically state the present location of all books and records of the business, including checkbooks.

7. State the name and address of the person, persons, or entities who prepare, maintain and/or control the business records and checkbooks.

8. List all physical assets of the business including equipment and their location. If any asset is subject to a lien, state the name and address of the lienholder and the amount due on the lien.

    a. For each piece of equipment, provide copies of the title for all equipment and/or bill of sale.

9. Does the business own any other real estate? If yes, state the following for each property:

    a. Name in which property is owned
    b. Address of the property
    c. Date property was purchased
    d. Purchase Price
    e. Name and Address of Mortgage Holder(s)
    f. Balance due on the Mortgage(s)
    g. Name and addresses of all tenants and monthly rentals paid by each tenant

10. Provide copies of the deeds, mortgages and lease for any real estate owned.

11. List all motor vehicles owned by the business, stating the following for each vehicle:

     a.  Make, model and year
     b.  License plate number
     c.  Vehicle Identification Number
     d.  Mileage
     e.  If there is a lien on the vehicle, state the name and address of the lienholder and the amount due
     f.  Provide copies of all titles for all motor vehicles

12. List all accounts receivable due to the business, stating the name, address and amount due on each receivable.

13. For any transfer of business assets that has occurred within six months from the date of this subpoena, specifically identify:

     a.  The nature of the asset
     b.  The date of transfer
     c.  Name and address of the person to whom the asset was transferred
     d.  The consideration paid for the asset and the form in which it was paid (cash, check, wire, etc.)
     e.  Explain in detail what happened to the consideration paid for the asset.

14. If the business is alleged to be no longer active, set forth

    a. The date of cessation
    b. All assets as of the date of cessation
    c. The present location of those assets
    d. If the assets were sold or transferred, set forth
        i. The nature of the assets
        ii. Date(s) of transfer
        iii. Name and address of the person or entity to whom the assets were transferred.
        iv. The consideration paid for the assets and the form in which it was paid.
        v. Explain in detail what happened to the consideration paid for the assets.

15. Set forth all other judgments that you are aware of that have been entered against you and include:

    a. Creditor's Name
    b. Creditor's Attorney
    c. Amount Due
    d. Name of Court
    e. Docket Number

16. For all litigation in which the business is presently involved, state:

    a. Date litigation commenced
    b. Name of party who started the litigation
    c. Nature of the action
    d. Names of all other parties and the names, addresses and telephone numbers of their attorneys
    e. Trial Date
    f. Status of Case
    g. Name of the Court and the docket number
    h. Provide copies of filed pleadings

17. State the name, address and position of the person answering these questions.

## **<u>CERTIFICATION</u>**

      I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


_____
Signature


_____
Date

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY, | Civil Action No. 1:21-cv-03068-GLR |
| Plaintiff, | |
| v. | |
| BIGHORN CONSTRUCTION AND RECLAMATION, LLC, BRIDGELINK ENGINEERING, LLC, BRIDGELINK COMMODITIES, LLC, BRIDGELINK INVESTMENTS, LLC, BRIDGELINK DEVELOPMENT, LLC, BRIDGELINK RENEWABLE ENERGY INVESTMENTS LLC, INTERMOUNTAIN ELECTRIC SERVICE, INC.,  BIGHORN INVESTMENTS AND PROPERTIES, LLC, COLE W. JOHNSON, CORD H. JOHNSON, CASSIE J. HAMILTON | |
| Defendants. | |

### DISCOVERY IN AID OF EXECUTION
### OF MONEY JUDGMENT PURSUANT TO F.R.C.P. 69(a)(2)

**To:    Bridgelink Development, LLC**
**c/o James E. Key, Esq.**
**Harris Finley Bogle**
**777 Main Street, Suite 1800**
**Fort Worth, Texas 76102**

Judgment has been entered against Bridgelink Development, LLC ("Judgement Debtor")

in the United States District Court for the District of Maryland in the amount of $729,377.85, plus

post-Judgment interest and costs, which remains due and unpaid. The Judgment also requires the

Judgment Debtor and all other defendants to deposit collateral with XL Specialty Insurance

Company in the total amount of $1,626,662.98.   Attached to this discovery in aid of execution is

a list of questions with requests for documents that require you to answer within 14 days from the

1

date you receive this discovery demand. If you do not answer the attached questions and provide the documents within the time required, the plaintiff will ask the court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear and explain your reasons for your failure to answer.  You must answer each question giving complete answers, attaching additional pages if necessary, and produce the information requested.  False or misleading answers may subject you to punishment by the Court. Be sure to sign and date your answers and return them to the undersigned within 14 days.

Dated: December 21, 2022

**Trif & Modugno, LLC**

By:  /s/    Kevin Brotspies
Attorneys for Plaintiff
kbrotspies@tm-firm.com

**BUSINESS ENTITY DISCOVERY REQUESTS**

1.  Name the business including all trades names.

2.  Address of all business locations.

3.  The name and address of all members, officers and managers.

4.  Set forth in detail the name, address and telephone number of all businesses in which the principals of the judgment debtor now have an interest and set forth the nature of the interest.

5.  For all bank accounts of the judgment-debtor business entity, list the name of the bank, the bank's address, the account number and the name in which the account is held.

    a.  Provide copies of bank statements for October and November 2022 for each bank account.

6.  Specifically state the present location of all books and records of the business, including checkbooks.

7. State the name and address of the person, persons, or entities who prepare, maintain and/or control the business records and checkbooks.

8. List all physical assets of the business including equipment and their location. If any asset is subject to a lien, state the name and address of the lienholder and the amount due on the lien.

    a. For each piece of equipment, provide copies of the title for all equipment and/or bill of sale.

9. Does the business own any other real estate? If yes, state the following for each property:

    a. Name in which property is owned
    b. Address of the property
    c. Date property was purchased
    d. Purchase Price
    e. Name and Address of Mortgage Holder(s)
    f. Balance due on the Mortgage(s)
    g. Name and addresses of all tenants and monthly rentals paid by each tenant

10. Provide copies of the deeds, mortgages and lease for any real estate owned.

4

11. List all motor vehicles owned by the business, stating the following for each vehicle:

    a. Make, model and year
    b. License plate number
    c. Vehicle Identification Number
    d. Mileage
    e. If there is a lien on the vehicle, state the name and address of the lienholder and the amount due
    f. Provide copies of all titles for all motor vehicles

12. List all accounts receivable due to the business, stating the name, address and amount due on each receivable.

13. For any transfer of business assets that has occurred within six months from the date of this subpoena, specifically identify:

    a. The nature of the asset
    b. The date of transfer
    c. Name and address of the person to whom the asset was transferred
    d. The consideration paid for the asset and the form in which it was paid (cash, check, wire, etc.)
    e. Explain in detail what happened to the consideration paid for the asset.

14. If the business is alleged to be no longer active, set forth

    a. The date of cessation
    b. All assets as of the date of cessation
    c. The present location of those assets
    d. If the assets were sold or transferred, set forth
        i. The nature of the assets
        ii. Date(s) of transfer
        iii. Name and address of the person or entity to whom the assets were transferred.
        iv. The consideration paid for the assets and the form in which it was paid.
        v. Explain in detail what happened to the consideration paid for the assets.

15. Set forth all other judgments that you are aware of that have been entered against you and include:

    a. Creditor's Name
    b. Creditor's Attorney
    c. Amount Due
    d. Name of Court
    e. Docket Number

16. For all litigation in which the business is presently involved, state:

    a. Date litigation commenced
    b. Name of party who started the litigation
    c. Nature of the action
    d. Names of all other parties and the names, addresses and telephone numbers of their attorneys
    e. Trial Date
    f. Status of Case
    g. Name of the Court and the docket number
    h. Provide copies of filed pleadings

17. State the name, address and position of the person answering these questions.

6

## **CERTIFICATION**

  I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


               _____
               Signature


_____
Date

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BIGHORN CONSTRUCTION AND RECLAMATION, LLC, BRIDGELINK ENGINEERING, LLC, BRIDGELINK COMMODITIES, LLC, BRIDGELINK INVESTMENTS, LLC, BRIDGELINK DEVELOPMENT, LLC, BRIDGELINK RENEWABLE ENERGY INVESTMENTS LLC, INTERMOUNTAIN ELECTRIC SERVICE, INC.,  BIGHORN INVESTMENTS AND PROPERTIES, LLC, COLE W. JOHNSON, CORD H. JOHNSON, CASSIE J. HAMILTON<br><br>Defendants. | Civil Action No.<br>1:21-cv-03068-GLR |

**DISCOVERY IN AID OF EXECUTION**
**OF MONEY JUDGMENT PURSUANT TO F.R.C.P. 69(a)(2)**

**To:    Bridgelink Renewable Energy Investments, LLC**
**c/o James E. Key, Esq.**
**Harris Finley Bogle**
**777 Main Street, Suite 1800**
**Fort Worth, Texas 76102**

Judgment has been entered against Bridgelink Renewable Energy Investments, LLC ("Judgement Debtor") in the United States District Court for the District of Maryland in the amount of $729,377.85, plus post-Judgment interest and costs, which remains due and unpaid. The Judgment also requires the Judgment Debtor and all other defendants to deposit collateral with XL Specialty Insurance Company in the total amount of $1,626,662.98.   Attached to this discovery in aid of execution is a list of questions with requests for documents that require you to

1

answer within 14 days from the date you receive this discovery demand. If you do not answer the attached questions and provide the documents within the time required, the plaintiff will ask the court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear and explain your reasons for your failure to answer.  You must answer each question giving complete answers, attaching additional pages if necessary, and produce the information requested.  False or misleading answers may subject you to punishment by the Court. Be sure to sign and date your answers and return them to undersigned within 14 days.

Dated: December 21, 2022

**Trif & Modugno, LLC**

By:  /s/    Kevin Brotspies
Attorneys for Plaintiff
kbrotspies@tm-firm.com

## BUSINESS ENTITY DISCOVERY REQUESTS

1.  Name the business including all trades names.

2.  Address of all business locations.

3.  The name and address of all members, officers and managers.

4.  Set forth in detail the name, address and telephone number of all businesses in which the principals of the judgment debtor now have an interest and set forth the nature of the interest.

5.  For all bank accounts of the judgment-debtor business entity, list the name of the bank, the bank's address, the account number and the name in which the account is held.

    a.  Provide copies of bank statements for October and November 2022 for each bank account.

6.  Specifically state the present location of all books and records of the business, including checkbooks.

7.  State the name and address of the person, persons, or entities who prepare, maintain and/or control the business records and checkbooks.

8.  List all physical assets of the business including equipment and their location. If any asset is subject to a lien, state the name and address of the lienholder and the amount due on the lien.

    a.  For each piece of equipment, provide copies of the title for all equipment and/or bill of sale.

9.  Does the business own any other real estate? If yes, state the following for each property:

    a.  Name in which property is owned
    b.  Address of the property
    c.  Date property was purchased
    d.  Purchase Price
    e.  Name and Address of Mortgage Holder(s)
    f.  Balance due on the Mortgage(s)
    g.  Name and addresses of all tenants and monthly rentals paid by each tenant

10. Provide copies of the deeds, mortgages and lease for any real estate owned.

4

11. List all motor vehicles owned by the business, stating the following for each vehicle:

      a.  Make, model and year
      b.  License plate number
      c.  Vehicle Identification Number
      d.  Mileage
      e.  If there is a lien on the vehicle, state the name and address of the lienholder and the amount due
      f.  Provide copies of all titles for all motor vehicles

12. List all accounts receivable due to the business, stating the name, address and amount due on each receivable.

13. For any transfer of business assets that has occurred within six months from the date of this subpoena, specifically identify:

      a.  The nature of the asset
      b.  The date of transfer
      c.  Name and address of the person to whom the asset was transferred
      d.  The consideration paid for the asset and the form in which it was paid (cash, check, wire, etc.)
      e.  Explain in detail what happened to the consideration paid for the asset.

14. If the business is alleged to be no longer active, set forth

     a. The date of cessation
     b. All assets as of the date of cessation
     c. The present location of those assets
     d. If the assets were sold or transferred, set forth
          i. The nature of the assets
          ii. Date(s) of transfer
          iii. Name and address of the person or entity to whom the assets were transferred.
          iv. The consideration paid for the assets and the form in which it was paid.
          v. Explain in detail what happened to the consideration paid for the assets.

15. Set forth all other judgments that you are aware of that have been entered against you and include:

     a. Creditor's Name
     b. Creditor's Attorney
     c. Amount Due
     d. Name of Court
     e. Docket Number

16. For all litigation in which the business is presently involved, state:

     a. Date litigation commenced
     b. Name of party who started the litigation
     c. Nature of the action
     d. Names of all other parties and the names, addresses and telephone numbers of their attorneys
     e. Trial Date
     f. Status of Case
     g. Name of the Court and the docket number
     h. Provide copies of filed pleadings

17. State the name, address and position of the person answering these questions.

## **CERTIFICATION**

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


_____
Signature

_____
Date

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY, | Civil Action No. |
| | 1:21-cv-03068-GLR |
| Plaintiff, | |
| v. | |
| BIGHORN CONSTRUCTION AND RECLAMATION, LLC, BRIDGELINK ENGINEERING, LLC, BRIDGELINK COMMODITIES, LLC, BRIDGELINK INVESTMENTS, LLC, BRIDGELINK DEVELOPMENT, LLC, BRIDGELINK RENEWABLE ENERGY INVESTMENTS LLC, INTERMOUNTAIN ELECTRIC SERVICE, INC.,  BIGHORN INVESTMENTS AND PROPERTIES, LLC, COLE W. JOHNSON, CORD H. JOHNSON, CASSIE J. HAMILTON | |
| Defendants. | |

**DISCOVERY IN AID OF EXECUTION**
**OF MONEY JUDGMENT PURSUANT TO F.R.C.P. 69(a)(2)**

**To:**  **Cassie J. Hamilton**
**c/o James E. Key, Esq.**
**Harris Finley Bogle**
**777 Main Street, Suite 1800**
**Fort Worth, Texas 76102**

Judgment has been entered against Cassie J. Hamilton ("Judgement Debtor") in the United

States District Court for the District of Maryland in the amount of $729,377.85, plus post-

Judgment interest and costs, which remains due and unpaid. The Judgment also requires the

Judgment Debtor and all other defendants to deposit collateral with XL Specialty Insurance

Company in the total amount of $1,626,662.98.   Attached to this discovery in aid of execution is

a list of questions with requests for documents that require you to answer within 14 days from the

1

date you receive this discovery demand. If you do not answer the attached questions and provide the documents within the time required, the plaintiff will ask the court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear and explain your reasons for your failure to answer.  You must answer each question giving complete answers, attaching additional pages if necessary, and produce the information requested.   False or misleading answers may subject you to punishment by the Court. Be sure to sign and date your answers and return them to the undersigned within 14 days.

Dated: December 21, 2022

**Trif & Modugno, LLC**

By:  /s/    Kevin Brotspies
Attorneys for Plaintiff
Kbrotspies@tm-firm.com

## INDIVIDUAL DISCOVERY REQUESTS

1. Full Legal Name

2. Current Address

3. Birth Date

4. Social Security Number

5. Driver's license number and expiration date

6. Passport Number and expiration date

7. Telephone Number

8. Full and address of employer

9. Your weekly salary – gross and net

   a. Provide copies of last two pay stubs

10. If not employed, name and address of last employer

11. Is there currently a wage execution on your salary?

12. List the names, addresses and account numbers of all bank accounts on which your name appears.

    a. For each bank account, provide copies of the last two monthly bank statements.

13. If you receive money from any of the following sources, list the amount, how often and the name and address of the source:

3

    a.   Alimony
    b.   Loan Payments
    c.   Rental Income
    d.   Pensions
    e.   Bank Interest
    f.   Stock Dividends
    g.   Other

14. Do you receive any of the following, which are exempt from levy?  If so, list the amount per month and identify the bank account into which the funds are deposited

    a.   Social Security
    b.   S.S.I. benefits
    c.   Welfare benefits
    d.   V.A. benefits
    e.   Unemployment benefits
    f.   Workers' compensation benefits
    g.   Child support payments

15. Do you own the property where you reside? If so, state the name of the owners, date the property was purchased, the purchase price, the name and address of the mortgage holder and the balance due on the mortgage.

16. Do you own any other real estate?  If so, state the name of the owners, date the property was purchased, the purchase price, the name and address of the mortgage holder, the balance due on the mortgage, the name and address of all tenants and the monthly rent paid by each.

17. Does the present value of your personal property, which includes automobiles, furniture, appliances, stocks, bonds, and cash on hand, exceed $1,000? If the answer is "yes," you must itemize all personal property owned by you.

18. How much cash do you have on hand?

19. If any personal property is financed, provide the name and address to whom payments are made and the balance due.

20. Do you own a vehicle?  If yes, state the make, model, year and mileage of the vehicle, the name, address and balance due any lienholder, the license number and the vehicle identification number.

    a.   Provide copies of all titles to all vehicles

21. Do you have an ownership interest in a business?  If yes, state the name of the business, the address of the business, the type of business (partnership, LLC, Corporation, sole proprietorship), name and address of all stockholders, members, officers, directors, partners, and/or managers, and the amount of income received by you from the business during the last twelve months.

22. Do you own any stocks, bonds or similar investments?  If yes, state the name and address of any financial institutions where the investments are held, the account number(s), identify the number of shares, units, bonds, and interests you own, the date purchased, the cost basis and the most current value of the investments.

    a.   Provide copies of two most recent monthly statements for all investments.

23. Set forth all other judgments that you are aware of that have been entered against you and include creditor's name, creditor's attorney, amount due, name of court and docket number.

## **CERTIFICATION**

     I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


_____

Cassie J. Hamilton

_____

Date

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BIGHORN CONSTRUCTION AND RECLAMATION, LLC, BRIDGELINK ENGINEERING, LLC, BRIDGELINK COMMODITIES, LLC, BRIDGELINK INVESTMENTS, LLC, BRIDGELINK DEVELOPMENT, LLC, BRIDGELINK RENEWABLE ENERGY INVESTMENTS LLC, INTERMOUNTAIN ELECTRIC SERVICE, INC.,  BIGHORN INVESTMENTS AND PROPERTIES, LLC, COLE W. JOHNSON, CORD H. JOHNSON, CASSIE J. HAMILTON<br><br>Defendants. | Civil Action No.<br>1:21-cv-03068-GLR |

## DISCOVERY IN AID OF EXECUTION
## OF MONEY JUDGMENT PURSUANT TO F.R.C.P. 69(a)(2)

**To:    Cole W. Johnson**
**c/o James E. Key, Esq.**
**Harris Finley Bogle**
**777 Main Street, Suite 1800**
**Fort Worth, Texas 76102**

Judgment has been entered against Cole W. Johnson ("Judgement Debtor") in the United

States District Court for the District of Maryland in the amount of $729,377.85, plus post-

Judgment interest and costs, which remains due and unpaid. The Judgment also requires the

Judgment Debtor and all other defendants to deposit collateral with XL Specialty Insurance

Company in the total amount of $1,626,662.98.   Attached to this discovery in aid of execution is

a list of questions with requests for documents that require you to answer within 14 days from the

1

date you receive this discovery demand. If you do not answer the attached questions and provide

the documents within the time required, the plaintiff will ask the court to conduct a hearing in

order to determine if you should be held in contempt. You will be compelled to appear and explain

your reasons for your failure to answer.  You must answer each question giving complete answers,

attaching additional pages if necessary, and produce the information requested.  False or

misleading answers may subject you to punishment by the Court. Be sure to sign and date your

answers and return them to the undersigned within 14 days.

Dated: December 21, 2022

**Trif & Modugno, LLC**

By: /s/   Kevin Brotspies
Attorneys for Plaintiff
kbrotspies@tm-firm.com

## INDIVIDUAL DISCOVERY REQUESTS

1. Full Legal Name

2. Current Address

3. Birth Date

4. Social Security Number

5. Driver's license number and expiration date

6. Passport Number and expiration date

7. Telephone Number

8. Full and address of employer

9. Your weekly salary – gross and net

   a. Provide copies of last two pay stubs

10. If not employed, name and address of last employer

11. Is there currently a wage execution on your salary?

12. List the names, addresses and account numbers of all bank accounts on which your name appears.

    a. For each bank account, provide copies of the last two monthly bank statements.

13. If you receive money from any of the following sources, list the amount, how often and the name and address of the source:

3

      a.   Alimony
      b.   Loan Payments
      c.   Rental Income
      d.   Pensions
      e.   Bank Interest
      f.   Stock Dividends
      g.   Other

14. Do you receive any of the following, which are exempt from levy?  If so, list the amount per month and identify the bank account into which the funds are deposited

      a.   Social Security
      b.   S.S.I. benefits
      c.   Welfare benefits
      d.   V.A. benefits
      e.   Unemployment benefits
      f.   Workers' compensation benefits
      g.   Child support payments

15. Do you own the property where you reside? If so, state the name of the owners, date the property was purchased, the purchase price, the name and address of the mortgage holder and the balance due on the mortgage.

16. Do you own any other real estate?  If so, state the name of the owners, date the property was purchased, the purchase price, the name and address of the mortgage holder, the balance due on the mortgage, the name and address of all tenants and the monthly rent paid by each.

17. Does the present value of your personal property, which includes automobiles, furniture, appliances, stocks, bonds, and cash on hand, exceed $1,000? If the answer is "yes," you must itemize all personal property owned by you.

18. How much cash do you have on hand?

19. If any personal property is financed, provide the name and address to whom payments are made and the balance due.

20. Do you own a vehicle?  If yes, state the make, model, year and mileage of the vehicle, the name, address and balance due any lienholder, the license number and the vehicle identification number.

    a.   Provide copies of all titles to all vehicles

21. Do you have an ownership interest in a business?  If yes, state the name of the business, the address of the business, the type of business (partnership, LLC, Corporation, sole proprietorship), name and address of all stockholders, members, officers, directors, partners, and/or managers, and the amount of income received by you from the business during the last twelve months.

22. Do you own any stocks, bonds or similar investments?  If yes, state the name and address of any financial institutions where the investments are held, the account number(s), identify the number of shares, units, bonds, and interests you own, the date purchased, the cost basis and the most current value of the investments.

    a.   Provide copies of two most recent monthly statements for all investments.

23. Set forth all other judgments that you are aware of that have been entered against you and include creditor's name, creditor's attorney, amount due, name of court and docket number.

## **<u>CERTIFICATION</u>**

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____

Cole W. Johnson

_____

Date

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> BIGHORN CONSTRUCTION AND RECLAMATION, LLC, BRIDGELINK ENGINEERING, LLC, BRIDGELINK COMMODITIES, LLC, BRIDGELINK INVESTMENTS, LLC, BRIDGELINK DEVELOPMENT, LLC, BRIDGELINK RENEWABLE ENERGY INVESTMENTS LLC, INTERMOUNTAIN ELECTRIC SERVICE, INC.,  BIGHORN INVESTMENTS AND PROPERTIES, LLC, COLE W. JOHNSON, CORD H. JOHNSON, CASSIE J. HAMILTON <br><br> Defendants. | Civil Action No. 1:21-cv-03068-GLR |

**DISCOVERY IN AID OF EXECUTION
OF MONEY JUDGMENT PURSUANT TO F.R.C.P. 69(a)(2)**

**To:    Cord H. Johnson
        c/o James E. Key, Esq.
        Harris Finley Bogle
        777 Main Street, Suite 1800
        Fort Worth, Texas 76102**

Judgment has been entered against Cord H. Johnson ("Judgement Debtor") in the United

States District Court for the District of Maryland in the amount of $729,377.85, plus post-

Judgment interest and costs, which remains due and unpaid. The Judgment also requires the

Judgment Debtor and all other defendants to deposit collateral with XL Specialty Insurance

Company in the total amount of $1,626,662.98.   Attached to this discovery in aid of execution is

a list of questions with requests for documents that require you to answer within 14 days from the

1

date you receive this discovery demand. If you do not answer the attached questions and provide the documents within the time required, the plaintiff will ask the court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear and explain your reasons for your failure to answer. You must answer each question giving complete answers, attaching additional pages if necessary, and produce the information requested. False or misleading answers may subject you to punishment by the Court. Be sure to sign and date your answers and return them to the undersigned within 14 days.

Dated: December 21, 2022

**Trif & Modugno, LLC**


By: /s/   Kevin Brotspies
Attorneys for Plaintiff
kbrotspies@tm-firm.com

2

## INDIVIDUAL DISCOVERY REQUESTS

1. Full Legal Name

2. Current Address

3. Birth Date

4. Social Security Number

5. Driver's license number and expiration date

6. Passport Number and expiration date

7. Telephone Number

8. Full and address of employer

9. Your weekly salary – gross and net

   a. Provide copies of last two pay stubs

10. If not employed, name and address of last employer

11. Is there currently a wage execution on your salary?

12. List the names, addresses and account numbers of all bank accounts on which your name appears.

    a. For each bank account, provide copies of the last two monthly bank statements.

13. If you receive money from any of the following sources, list the amount, how often and the name and address of the source:

      a.   Alimony
      b.   Loan Payments
      c.   Rental Income
      d.   Pensions
      e.   Bank Interest
      f.   Stock Dividends
      g.   Other

14. Do you receive any of the following, which are exempt from levy?  If so, list the amount per month and identify the bank account into which the funds are deposited

      a.   Social Security
      b.   S.S.I. benefits
      c.   Welfare benefits
      d.   V.A. benefits
      e.   Unemployment benefits
      f.   Workers' compensation benefits
      g.   Child support payments

15. Do you own the property where you reside? If so, state the name of the owners, date the property was purchased, the purchase price, the name and address of the mortgage holder and the balance due on the mortgage.

16. Do you own any other real estate?  If so, state the name of the owners, date the property was purchased, the purchase price, the name and address of the mortgage holder, the balance due on the mortgage, the name and address of all tenants and the monthly rent paid by each.

17. Does the present value of your personal property, which includes automobiles, furniture, appliances, stocks, bonds, and cash on hand, exceed $1,000? If the answer is "yes," you must itemize all personal property owned by you.

18. How much cash do you have on hand?

19. If any personal property is financed, provide the name and address to whom payments are made and the balance due.

20. Do you own a vehicle?  If yes, state the make, model, year and mileage of the vehicle, the name, address and balance due any lienholder, the license number and the vehicle identification number.

    a.   Provide copies of all titles to all vehicles

21. Do you have an ownership interest in a business?  If yes, state the name of the business, the address of the business, the type of business (partnership, LLC, Corporation, sole proprietorship), name and address of all stockholders, members, officers, directors, partners, and/or managers, and the amount of income received by you from the business during the last twelve months.

22. Do you own any stocks, bonds or similar investments?  If yes, state the name and address of any financial institutions where the investments are held, the account number(s), identify the number of shares, units, bonds, and interests you own, the date purchased, the cost basis and the most current value of the investments.

    a.   Provide copies of two most recent monthly statements for all investments.

23. Set forth all other judgments that you are aware of that have been entered against you and include creditor's name, creditor's attorney, amount due, name of court and docket number.

## <u>CERTIFICATION</u>

      I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


_____

Cord H. Johnson


_____

Date

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BIGHORN CONSTRUCTION AND RECLAMATION, LLC, BRIDGELINK ENGINEERING, LLC, BRIDGELINK COMMODITIES, LLC, BRIDGELINK INVESTMENTS, LLC, BRIDGELINK DEVELOPMENT, LLC, BRIDGELINK RENEWABLE ENERGY INVESTMENTS LLC, INTERMOUNTAIN ELECTRIC SERVICE, INC.,  BIGHORN INVESTMENTS AND PROPERTIES, LLC, COLE W. JOHNSON, CORD H. JOHNSON, CASSIE J. HAMILTON<br><br>Defendants. | Civil Action No.<br>1:21-cv-03068-GLR |

## DISCOVERY IN AID OF EXECUTION
## OF MONEY JUDGMENT PURSUANT TO F.R.C.P. 69(a)(2)

**To:    Intermountain Electric Service, Inc.**
**c/o James E. Key, Esq.**
**Harris Finley Bogle**
**777 Main Street, Suite 1800**
**Fort Worth, Texas 76102**

Judgment has been entered against Intermountain Electric Service, Inc. ("Judgement Debtor") in the United States District Court for the District of Maryland in the amount of $729,377.85, plus post-Judgment interest and costs, which remains due and unpaid. The Judgment also requires the Judgment Debtor and all other defendants to deposit collateral with XL Specialty Insurance Company in the total amount of $1,626,662.98.   Attached to this discovery in aid of execution is a list of questions with requests for documents that require you to answer within 14

1

days from the date you receive this discovery demand. If you do not answer the attached questions and provide the documents within the time required, the plaintiff will ask the court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear and explain your reasons for your failure to answer.   You must answer each question giving complete answers, attaching additional pages if necessary, and produce the information requested. False or misleading answers may subject you to punishment by the Court. Be sure to sign and date your answers and return them to the undersigned within 14 days.

Dated: December 21, 2022

**Trif & Modugno, LLC**

By: /s/    Kevin Brotspies
Attorneys for Plaintiff
Kbrotspies@tm-firm.com

**BUSINESS ENTITY DISCOVERY REQUESTS**

1. Name the business including all trades names.

2. Address of all business locations.

3. The name and address of all shareholders, officers and directors.

4. Set forth in detail the name, address and telephone number of all businesses in which the principals of the judgment debtor now have an interest and set forth the nature of the interest.

5. For all bank accounts of the judgment-debtor business entity, list the name of the bank, the bank's address, the account number and the name in which the account is held.

   a. Provide copies of bank statements for October and November 2022 for each bank account.

6. Specifically state the present location of all books and records of the business, including checkbooks.

7. State the name and address of the person, persons, or entities who prepare, maintain and/or control the business records and checkbooks.

8. List all physical assets of the business including equipment and their location. If any asset is subject to a lien, state the name and address of the lienholder and the amount due on the lien.

    a. For each piece of equipment, provide copies of the title for all equipment and/or bill of sale.

9. Does the business own any other real estate? If yes, state the following for each property:

    a. Name in which property is owned
    b. Address of the property
    c. Date property was purchased
    d. Purchase Price
    e. Name and Address of Mortgage Holder(s)
    f. Balance due on the Mortgage(s)
    g. Name and addresses of all tenants and monthly rentals paid by each tenant

10. Provide copies of the deeds, mortgages and lease for any real estate owned.

11. List all motor vehicles owned by the business, stating the following for each vehicle:

    a.  Make, model and year
    b.  License plate number
    c.  Vehicle Identification Number
    d.  Mileage
    e.  If there is a lien on the vehicle, state the name and address of the lienholder and the amount due
    f.  Provide copies of all titles for all motor vehicles

12. List all accounts receivable due to the business, stating the name, address and amount due on each receivable.

13. For any transfer of business assets that has occurred within six months from the date of this subpoena, specifically identify:

    a.  The nature of the asset
    b.  The date of transfer
    c.  Name and address of the person to whom the asset was transferred
    d.  The consideration paid for the asset and the form in which it was paid (cash, check, wire, etc.)
    e.  Explain in detail what happened to the consideration paid for the asset.

14. If the business is alleged to be no longer active, set forth

    a. The date of cessation
    b. All assets as of the date of cessation
    c. The present location of those assets
    d. If the assets were sold or transferred, set forth
        i. The nature of the assets
        ii. Date(s) of transfer
        iii. Name and address of the person or entity to whom the assets were transferred.
        iv. The consideration paid for the assets and the form in which it was paid.
        v. Explain in detail what happened to the consideration paid for the assets.

15. Set forth all other judgments that you are aware of that have been entered against you and include:

    a. Creditor's Name
    b. Creditor's Attorney
    c. Amount Due
    d. Name of Court
    e. Docket Number

16. For all litigation in which the business is presently involved, state:

    a. Date litigation commenced
    b. Name of party who started the litigation
    c. Nature of the action
    d. Names of all other parties and the names, addresses and telephone numbers of their attorneys
    e. Trial Date
    f. Status of Case
    g. Name of the Court and the docket number
    h. Provide copies of filed pleadings

17. State the name, address and position of the person answering these questions.

6

## __CERTIFICATION__

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


_____
Signature


_____
Date

7

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| | * |
| XL SPECIALTY INSURANCE CO., | |
| | * |
| Plaintiff, | |
| | * |
| v. | |
| | *          Civil No. 21-3068-BAH |
| BIGHORN CONSTRUCTION & | |
| RECLAMATION, LLC, et al., | * |
| | |
| Defendants. | * |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## **ORDER**

Upon consideration of XL Specialty Insurance Co.'s ("Plaintiff's") Motion to Compel

Discovery in Aid of Execution of Judgment ("Motion"), ECF 46, and for the reasons stated in the

accompanying Memorandum Opinion, it is this 14th day of March 2023, ORDERED that:

(1) Plaintiff's Motion, ECF 46, is GRANTED;

(2) Defendants Bighorn Construction and Reclamation, LLC, Bighorn Investments and
   Properties, LLC, Bridgelink Engineering, LLC, Bridgelink Commodities, LLC, Bridgelink
   Investments, LLC, Bridgelink Development, LLC, Bridgelink Renewable Energy
   Investments, LLC, Intermountain Electric Service, Inc., Cole W. Johnson, Cord H.
   Johnson, and Cassie J. Hamilton (collectively "Defendants") are directed to respond to
   Plaintiff's interrogatories and requests for production of documents within thirty (30) days
   from the date of entry of this Order;

(3) Plaintiff is directed to submit a request for attorney's fees and expenses, including itemized
   documentation of the fees and costs incurred in the filing of the Motion, pursuant to Federal

Rule of Civil Procedure 37(a)(5)(A) and Local Rule 109.2 within fourteen (14) days of the entry of this Order; and

(4) Defendants shall have fourteen (14) days from the date of service of the request for attorney's fees and expenses to file any opposition.

_____/s/_____
Brendan A. Hurson
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| | * |
| XL SPECIALTY INSURANCE CO., | |
| | * |
| Plaintiff, | |
| | * |
| v. | |
| | *  Civil No. 21-3068-BAH |
| BIGHORN CONSTRUCTION & | |
| RECLAMATION, LLC, et al., | * |
| | |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM OPINION</u>

Before the Court is Plaintiff XL Specialty Insurance Company's ("XL's" or "Plaintiff's") pending Motion to Compel Discovery in Aid of Execution of Judgment. ECF 46 (hereinafter the "Motion"). The Motion included several attachments, including Plaintiff's counsel's certification and two exhibits constituting email chains between counsel.[1] Defendants, including (1) Bighorn Construction and Reclamation, LLC, (2) Bighorn Investments and Properties, LLC, (3) Bridgelink Engineering, LLC, (4) Bridgelink Commodities, LLC, (5) Bridgelink Investments, LLC, (6) Bridgelink Development, LLC, (7) Bridgelink Renewable Energy Investments, LLC, (8) Intermountain Electric Service, Inc., (9) Cole W. Johnson, (10) Cord H. Johnson, and (11) Cassie J. Hamilton (collectively "Defendants"), did not file any response. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). Accordingly, for the reasons stated below, Plaintiff's Motion is **GRANTED**.

---

[1] The Court references all filings by their respective ECF numbers and all page numbers by the ECF-generated page numbers on the top of the page.

I.      **BACKGROUND**

This case involves an indemnity agreement between XL and Defendants relating to two construction projects.  The Court presented the full factual and procedural background in its Memorandum Opinion dated November 23, 2022.  ECF 42.  In that Memorandum Opinion and the accompanying Order, the Court granted summary judgment in favor of XL as to the following claims: (1) contractual indemnification; (2) specific performance to inspect Defendants' financial books and records; and (3) exoneration under the contract.  *Id.*; ECF 43.  The Court denied as moot Plaintiff's *quia timet* claim.  ECFs 42 and 43.  Further, the Court awarded damages to XL in the amount of $729,377.85 for losses, expenses, and costs and ordered Defendants to deposit $1,626,662.98 with XL as collateral.  ECFs 42 and 43.  On December 9, 2022, after considering correspondence from Plaintiff's counsel, the Court dismissed without prejudice Plaintiff's subrogation claim and *quia timet* claim, and the Clerk closed the case.  ECF 45.

Plaintiff represents that it served interrogatories and requests for production of documents on Defendants on December 22, 2022, in aid of execution of the judgment this Court had entered.  *Id.* at 1, ECF 46-1 ¶ 1.  Email chains attached to Plaintiff's Motion indicate Plaintiff's counsel emailed the discovery requests to Defendants' counsel of record on that date.[2]  ECF 46-4, at 2–3.  On December 28, Plaintiff's counsel followed up, asking defense counsel to "confirm receipt and service of the attached discovery demands."  *Id.* at 2.  Defense counsel responded that "[w]e no longer represent Big Horn but until our withdrawal is filed we will attempt to facilitate."  *Id.*  No motion to withdraw as counsel for Defendants has been filed to date.  On February 15, 2023, Plaintiff's counsel again emailed defense counsel of record, indicating that "Defendants' responses

---

[2] Plaintiff's counsel's email also indicates that he sent the same discovery requests "to another attorney (James Key) who indicated he is representing Defendants."  ECF 46-4, at 3.  Plaintiff did not attach a copy of that communication to the Motion.

to the referenced discovery demands are outstanding," and that Plaintiff intended to move to compel responses if it did not receive the requested responses by February 17, 2023. *Id.* at 5. Plaintiff's counsel represents that XL did not receive any discovery responses. ECF 46-1 ¶ 4. Plaintiff subsequently filed the instant Motion pursuant to Federal Rules of Civil Procedure 69(a)(2) and 37(a)(3)(B)(iii) and (iv) on February 24, 2023. ECF 46.

Under Rule 69, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in [the Federal Rules] or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). A party has thirty days from the date of service of interrogatories and requests for production of documents to respond. Fed. Rs. Civ. P. 33(b)(2), 34(b)(2)(A). "Rule[s] 37(a)(3)(B)(iii) [and (iv)] allow[] a party to move to compel a response if a party fails to answer an interrogatory submitted under Rule 33" or fails to produce documents requested under Rule 34. *McFeeley v. Jackson St. Ent., LLC*, No. DKC 12-1019, 2016 WL 1446780, at *3 (D. Md. Apr. 13, 2016). In moving to compel, the movant "must include a certification that [it] has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Here, Plaintiff served Defendants with interrogatories pursuant to Rule 33 and requests for production of documents pursuant to Rule 34 on December 22, 2022. ECF 46-1 ¶ 1; ECF 46-4, at 5–7. Over thirty days later, Defendants still had not responded, ECF 46-1 ¶ 4, and there does not appear to be any dispute that Defendants have altogether failed to respond to Plaintiff's post-judgment discovery requests. Although email communications indicate that Defendants have new counsel, defense counsel of record has not withdrawn his appearance, and Defendants have not otherwise notified the Court of a change in representation. Plaintiff's Motion also includes the

required certification. ECF 46-1. As such Plaintiff's Motion is GRANTED. Defendants will have thirty days from the date of the accompanying Order to respond fully or otherwise object to Plaintiff's interrogatories and requests for production of documents.

Plaintiff also seeks "an Order . . . awarding XL the reasonable costs and fees in filing this Motion to Compel." ECF 46, at 4. "If [a] motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Plaintiff shall submit a request for attorney's fees and expenses, including itemized documentation of the fees and costs incurred in the filing of the Motion, pursuant to Local Rule 109.2 within fourteen days of the entry of the accompanying Order. Defendants shall have fourteen days from the date of service of the request to file any opposition.

## II.    **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Compel Discovery in Aid of Execution of Judgment, ECF 46, is GRANTED. An implementing Order will issue separately.


Dated: <u>March 14, 2023</u>                              <u>               /s/               </u>
                                                          Brendan A. Hurson
                                                          United States Magistrate Judge

# EXHIBIT C

## Kyle Cassidy

**From:**        Louis Modugno
**Sent:**        Tuesday, March 14, 2023 3:12 PM
**To:**          James Key; Heather Phillips; Lauren Riley
**Cc:**          Kevin Brotspies; Kyle Cassidy
**Subject:**     XL Specialty v. Bighorn, et al.
**Attachments:** Bighorn Order.pdf; show_temp (2).pdf


Jim,

The Maryland District Court issued the attached decision and entered the attached Order a few minutes ago.  If we do not receive the information Ordered by the Court, we will file a motion to hold your clients in contempt.

Lou


Louis A. Modugno
89 Headquarters Plaza
North Tower, Suite 1201
Morristown, New Jersey 07960
973-547-3611 (o)
201-874-4596 (c)
www.tm-firm.com



CONFIDENTIALITY:  This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510--2521 and is legally privileged.  The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (973) 547-3611, and destroy the original message. Thank you.

1

## Kyle Cassidy

**From:** Kyle Cassidy
**Sent:** Tuesday, March 14, 2023 3:35 PM
**To:** Thurman Zollicoffer
**Cc:** Louis Modugno
**Subject:** RE: XL v. Bighorn et al.
**Attachments:** show_temp (2).pdf; Bighorn Order.pdf

Thurman:

Please see the attached Order granting XL's motion to compel. Please note that there has been no withdrawal filed by Nelson Mullins on the docket. If you can please assist in getting responses to these disclosures, per the Order, we would greatly appreciate it. We have also separately served the attached Order on James Key, Esq., who is representing Defendants in settlement discussions.

Feel free to call my cell (732-859-5857) if you wish to discuss.

Kyle

**From:** Thurman Zollicoffer <thurman.zollicoffer@nelsonmullins.com>
**Sent:** Wednesday, February 15, 2023 11:09 AM
**To:** Kyle Cassidy <kcassidy@tm-firm.com>
**Subject:** RE: XL v. Bighorn et al.

Kyle we withdrew form the case in December and we haven't been able to locate Mr. Johnson. Please call me and I will do whatever I can to assist you.



NELSON MULLINS

THURMAN W. ZOLLICOFFER, JR. PARTNER
thurman.zollicoffer@nelsonmullins.com
100 S. CHARLES STREET | SUITE 1600
BALTIMORE, MD 21201
T 443.392.9419  F 443.392.9499
NELSONMULLINS.COM   VCARD   VIEW BIO

**From:** Kyle Cassidy <kcassidy@tm-firm.com>
**Sent:** Wednesday, February 15, 2023 10:07 AM
**To:** Thurman Zollicoffer <thurman.zollicoffer@nelsonmullins.com>
**Cc:** Kevin Brotspies <kbrotspies@tm-firm.com>; Alyssa Puccio <apuccio@tm-firm.com>
**Subject:** RE: XL v. Bighorn et al.

Good morning Thurman:

Defendants' responses to the referenced discovery demands are outstanding. Please be advised that we intend to file a motion to compel responses to the discovery requests (in aid of execution of judgment) if XL does not receive full and complete responses from each Defendant by close of business on February 17, 2023.

Please do not hesitate to contact me should you wish to discuss.

Thank you,

Kyle

---

**From:** Thurman Zollicoffer <thurman.zollicoffer@nelsonmullins.com>
**Sent:** Wednesday, December 28, 2022 3:25 PM
**To:** Kyle Cassidy <kcassidy@tm-firm.com>
**Subject:** Re: XL v. Bighorn et al.

We no longer represent Big Horn but until our withdrawal is filed we will attempt to facilitate.

Sent from my iPhone

> On Dec 28, 2022, at 1:26 PM, Kyle Cassidy <kcassidy@tm-firm.com> wrote:

> ◄**External Email►** - From: kcassidy@tm-firm.com

> Thurman:

> Can you please confirm receipt and service of the attached discovery demands?

> Thank you,

> Kyle

---

**From:** Kyle Cassidy
**Sent:** Thursday, December 22, 2022 12:04 PM
**To:** Thurman Zollicoffer <thurman.zollicoffer@nelsonmullins.com>; matt.sturtz@nelsonmullins.com
**Cc:** Louis Modugno <lmodugno@tm-firm.com>
**Subject:** XL v. Bighorn et al.

Thurman and Matt:

As you are still counsel of record for Defendants in the above matter, attached are the following requests for discovery in aid of execution:

1. Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Bridgelink Engineering, LLC
2. Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Bridgelink Commodities, LLC
3. Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Bridgelink Investments, LLC
4. Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Bridgelink Development, LLC

5.  Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Bridgelink Renewable Energy Investments, LLC

6.  Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Bighorn Investments and Properties, LLC

7.  Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Intermountain Electric Service, Inc.

8.  Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Cole W. Johnson

9.  Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Cord H. Johnson

10. Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Cassie J. Hamilton

11. Discovery in Aid of Execution of Money Judgment Pursuant to F.R.C.P. 69(a)(2) for Bighorn Construction and Reclamation, LLC

We have also provided copies of same to another attorney (James Key) who indicated he is representing Defendants.

Pursuant to the discovery requests, please ensure that your clients provide responses and documents responsive to the requests within fourteen (14) days of the date hereof.

Thank you,

Kyle

Kyle H. Cassidy
89 Headquarters Plaza
North Tower, Suite 1201
Morristown, New Jersey 07960
973-547-3611 (o)
732-859-5857 (c)
www.tm-firm.com



CONFIDENTIALITY:  This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510--2521 and is legally privileged.  The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (973) 547-3611, and destroy the original message. Thank you.

**Confidentiality Notice**
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

# EXHIBIT D

## Kyle Cassidy

**From:** Kyle Cassidy
**Sent:** Monday, August 28, 2023 10:11 AM
**To:** cole.johnson@cwj-bl.com; Cord Johnson
**Cc:** Louis Modugno; Thurman Zollicoffer; Kevin Brotspies
**Subject:** XL Specialty Insurance Co v. Bighorn Construction et al. - District of Maryland - 1:21-3068
**Attachments:** Cord Johnson Info Subpoena.pdf; Cole Johnson Info Subpoena.pdf; Intermountain Electric Info Subpoena.pdf; Cassie Hamilton Info Subpoena.pdf; Bridgelink Renewable Energy Info Subpoena.pdf; Bridgelink Investments Info Subpoena.pdf; Bridgelink Engineering Info Subpoena.pdf; Bridgelink Development Info Subpoena.pdf; Bridgelink Commodities Info Subpoena.pdf; Bighorn Reclamation Info Subpoena.pdf; Bighorn Investments and Properties  Info Subpoena.pdf; US_DIS_MDD_1_ 21cv3068_d66461943e3050_ORDER_granting_46_Directing_Defendants_to_respond_.pdf

Messrs. Johnson and Johnson:

We represent XL Specialty Insurance Co. ("XL") in the referenced matter.  On November 23, 2022, the District of Maryland issued an Order and Decision which, among other things, entered judgment in the amount of $729,377.85 ("Judgment") against: (i) Bighorn Construction and Reclamation, LLC; (ii) Bridgelink Engineering, LLC; (iii) Bridgelink Commodities; (iv) Bridgelink Investments; (v) Bridgelink Development; (vi) Bridgelink Renewable Energy Investments, LLC; (vii) Intermountain Electric Service, Inc.; (viii) Bighorn Investments and Properties, LLC; (ix) Cole W. Johnson; (x) Cord H. Johnson; and (xi) Cassie J. Hamilton (collectively, "Indemnitors").

By email dated December 22, 2022, XL served your attorneys in the referenced matter, Nelson Mullins, with the attached information subpoenas ("Subpoenas") seeking information in aid of execution of the Judgment. After Indemnitors failed to supply responses to the Subpoenas, XL filed a motion to compel Indemnitors' responses to the Subpoenas.  By Order dated March 14, 2023, the District of Maryland ordered Indemnitors to respond to the Subpoenas within thirty (30) days. Attached is a copy of the Court's Order. To date, Indemnitors have never responded to the Subpoenas.

After the Court entered its Order compelling Indemnitors' responses to the Subpoenas, XL had conversations with Harris Finley Bogle, a separate firm who represented that they were retained by Idemnitors to reach an amicable resolution of the Judgment. XL provided the Subpoenas to Harris Finley Bogle but no responses were received from Indemnitors.  Without any resolution of the Judgment, Harris Finley Bogle advised XL that they are no longer representing Indemnitors and they provided XL with your email addresses and last known addresses.

As Nelson Mullins never withdrew as counsel in the referenced matter, and to the extent you are still represented by them, we copy those attorneys in this email.

Please be advised that, unless XL receives full and complete responses to the Subpoenas by **close of business on Friday, September 1, 2023**, XL intends to file a Motion with the District of Maryland seeking an order holding Indemnitors' in contempt of the Court's March 14, 2023 Order, requiring that Indemnitors answer the Subpoenas.

The contents of this email, along with the attachments, are being sent to you by overnight mail at your last known addresses.

Please do not hesitate to contact us should you have any questions or wish to discuss.

Kyle

Kyle H. Cassidy
89 Headquarters Plaza
North Tower, Suite 1201
Morristown, New Jersey 07960
973-547-3611 (o)
732-859-5857 (c)
www.tm-firm.com



CONFIDENTIALITY:  This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510--2521 and is legally privileged.  The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (973) 547-3611, and destroy the original message. Thank you.



TO **CORD JOHNSON**

**777 MAIN STREET**
**SUITE 3000**
**FORT WORTH TX 76102**

ORIGIN ID:LKKA (973) 547-3611
GREG TRIF
TRIF & MODUGNO
89 HEADQUARTERS PLAZA
SUITE 1201
MORRISTOWN, NJ 07960
UNITED STATES US

REF:
INV:
PO:
DEPT:

SHIP DATE: 28AUG23
ACTWGT: 1.00 LB
CAD: 13625959/INET4535

BILL SENDER

TRK# 7732 2584 8570
0201

TUE – 29 AUG 10:30A
PRIORITY OVERNIGHT

TX-US DFW

76102

**XA GRKA**

FedEx Express

J233123073101uv

583J5/7584/9AE3

---

After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

$64.67



**TO COLE JOHNSON**
777 MAIN STREET
SUITE 3000
FORT WORTH TX 76102

ORIGIN ID:LKKA
GREG B TRIP
TRIFE & MORDLIGNO
89 HEADQUARTERS PLAZA
SUITE 1201
MORRISTOWN, NJ 07960
UNITED STATES US

(973) 547-3611

SHIP DATE: 28AUG23
ACTWGT: 1.00 LB
CAD: 130206804/INET4535

BILL SENDER

XA GRKA

TRK# 7732 2581 4311

TUE - 29 AUG 10:30A
PRIORITY OVERNIGHT

TX-US
DFW
76102

FedEx
Express

**After printing this label:**
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

$64.67