IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| XL SPECIALTY INSURANCE COMPANY, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 21-3068-CDA |
| BIGHORN CONSTRUCTION & RECLAMATION, LLC, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

On October 17, 2023, this Court ordered Defendants to show "why they should not be held in contempt of Court for failing to comply with this Court's March 14, 2023 Order, ECF 48, within fourteen days." ECF 52. Having received no response from Defendants by the deadline, the Court now considers Plaintiff's Motion for Sanctions and Civil Contempt, ECF 51 (the "Motion") and Plaintiff's supplemented Memorandums, ECFs 55 & 59 (collectively "Supplements"). The Motion asks the Court to find Defendants in civil contempt and "(i) order Defendants to pay coercive sanctions in the amount of $500.00 per day until Defendants comply with the Maryland Court's Order directing Defendants to respond to [Plaintiff's] Post-Judgment Discovery Demands [ECF 48]; and (ii) award [Plaintiff] costs and attorney's fees incurred as a result of filing this Motion and enforcing the Order." ECF 51, at 1–2. For the reasons below, Plaintiff's Motion is GRANTED.

Plaintiff filed its initial complaint on December 1, 2021, bringing seven claims arising under an indemnity agreement related to certain construction projects.[1]  ECF 1.  On November 23, 2022, this Court granted Plaintiff's Motion for Summary Judgment on five claims and denied one claim as moot.  ECF 43.  The Court awarded damages to Plaintiff in the amount of $729,377.85 for losses, expenses, and costs; ordered Defendants to deposit $1,626,662.98 with Plaintiff as collateral; and directed Defendants to "provide XL full and immediate access to all of their financial records and books."  ECFs 42 and 43.  On December 9, 2022, the Court dismissed the seventh claim without prejudice.  ECF 45.

Thereafter, Plaintiff served Defendants' counsel of record with interrogatories and requests for production on December 22, 2022, in order to facilitate execution of the Court's judgment.  ECF 46-4, at 2.  Defense counsel responded that "[w]e no longer represent Big Horn but until our withdrawal is filed we will attempt to facilitate."[2]  *Id.*  After receiving no answer to the discovery requests for more than 30 days, Plaintiff followed up on the request by contacting Defendants' counsel of record on February 15, 2023.  *Id.* at 5.  Not having received a response by February 24, 2023, Plaintiff moved to compel discovery.  ECF 46.  The Court granted the motion and, on March 14, 2023, ordered Defendants to respond to the discovery requests within 30 days.  ECF 48.  Plaintiff represents that, despite the March 2023 Order, the Court's Show Cause Order dated

---

[1] The Court presented a more robust explanation of the factual background of this case in its Memorandum Opinion dated November 23, 2022.  ECF 42.

[2] Counsel of record did not move to withdraw until after the Court contacted the parties in December 2023 to schedule a status conference regarding the pending sanctions request.  *See* ECF 56, 57.

October 17, 2023, ECF 52, and multiple follow-up requests from Plaintiff, it has received no answers to its discovery requests from certain Defendants to date.[3]  ECF 51, at 7–13.

As a result of a telephone conference held on December 19, 2023 by the undersigned, Plaintiff supplemented its motion to comply with the Local Rules.  ECF 58.  Plaintiff, in its supplement, noted that it "received responses to its [discovery requests from] Cord Johnson and Cassie Johnson."  ECF 56, at 4.  As a result of the responses, Plaintiff no longer sought contempt against Defendants Cord Johnson and Cassie J. Hamilton.  *Id.*  Plaintiff further contended that as of December 14, 2023, Plaintiff had not received responses from any of the other Defendants.[4]

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt."  *Shillitani v. United States*, 384 U.S. 364, 370 (1966).  When a party disobeys a court's order relating to the enforcement of a judgment, the court may "hold the disobedient party in contempt."  Fed. R. Civ. P. 70 (e); *see also Breen v. Tucker*, 821 F.Supp.2d 375, 383 (D.D.C. 2011); *Distributors Ass'n Warehousemen's Pension Trust v. Foreign Trade Zone 3, Inc.*, No. SBA-05-1161, 2009 WL 844064, *2 (N.D. Cal. Mar. 30, 2009) ("Federal Rule[] of Civil Procedure 70 provides relief for judgment creditors who need court assistance to enforce a judgment requiring the performance of a specific act by the judgment debtor. . . . Rule 70(e) permits a court to hold the disobedient party in contempt.").  To support a finding of civil contempt, the moving party must show by clear and convincing evidence: "(1) the existence of a valid decree of which the

---

[3] Plaintiff asserts that it contacted not only Defendants' counsel of record but also the law firm of Harris Finley Bogle, "a separate firm than that retained by Defendants in this matter who represented that they were retained to reach an amicable resolution of the Judgment" but that later, "[w]ithout any resolution of the Judgment, Harris Finley, Bogle advised XL that they are no longer representing Indemnitors."  ECF 51, at 9, 11.

[4] When referencing "Defendants" throughout the rest of this Memorandum Opinion, the Court is referring to the non-answering Defendants.

alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that [the] movant suffered harm as a result." *Trustees of Heating, Piping & Refrigeration Pension Fund v. Clean Air Mech., Inc.*, No. JKB-17-3690, 2021 WL 5760906, at *2 (D. Md. Dec. 3, 2021) (citation omitted) (quoting *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)).

All four elements are satisfied here. First, the Court's March 14, 2023 Order (which directed Defendants to respond to Plaintiff's discovery request) is a "valid decree" "in the movant's favor." *See* ECF 48. That Order was sent to Defendants' counsel of record, to additional counsel presenting themselves as representing Defendants, and to the last known addresses of each Defendant. ECF 51-1, 9–15. As such, Defendants had "at least constructive knowledge" of the Order and its requirements. *See Commonwealth Constr. Co. v. Redding*, No. GLR-14-3568, 2016 WL 8671536, at *3 (D. Md. May 6, 2016) (finding defendant had constructive knowledge of subpoena when it had been served upon them). The Order required Defendants to respond to Plaintiff's discovery requests within 30 days of its issuance, i.e., by April 13, 2023. When that deadline passed with no response, Defendants violated the Order. This violation harmed Plaintiff by preventing it from obtaining information required to collect on its Court-ordered judgment and, further, by causing it to incur additional attorney's fees in attempting to acquire said information. ECF 51, at 7. Thus, civil contempt is warranted.

The Court next turns to the question of remedy. "The appropriate remedy for civil contempt is within the court's broad discretion." *In re Gen. Motors Corp.*, 61 F.3d 256, 259 (4th Cir. 1995). Appropriate remedies "include ordering the contemnor to reimburse the complainant for losses sustained and for reasonable attorney's fees." *Id.* "It is [also] well-settled that the

imposition of a daily fine to coerce a party into complying with a court's order is within a district court's civil contempt power." *Certain Underwriters at Lloyd's, London v. AdvanFort Co.*, No. TSE-18-1421, 2020 WL 877981, at *1 n.3 (E.D. Va. Feb. 21, 2020) (collecting cases imposing daily fines).  In imposing such sanctions upon a contemnor, however, the Court emphasizes that the sanctions "must be remedial and compensatory and, unlike criminal contempt, nonpunitive." *In re Gen. Motors Corp.*, 61 F.3d at 259.

Given Defendants' history of non-compliance and ongoing refusal to contact Plaintiff or the Court, the requested remedies are reasonable.[5]  But for Defendants' violations of the Court's discovery Order, Plaintiff would not have incurred the additional attorney's fees associated with preparing and filing its Motion.  Therefore, it is reasonable to require Defendant to compensate Plaintiff for these costs.  *See, e.g., Trustees of Heating, Piping & Refrigeration Pension*, No. JKB-17-3690, 2021 WL 5760906, at *3 (ordering attorneys' fees as sanction when Defendant failed to comply with court-issued subpoena).

"[I]n imposing a coercive fine, a court must 'consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'"  *Davis v. Uhh Wee, We Care Inc.*, No. ELH-17-494, 2019 WL 3457609, at *9 (D. Md. July 31, 2019) (quoting *United States v. United Mine Workers of Am.*,

---

[5] The Court also notes that this is not the first court in which Bighorn Construction and Reclamation, LLC, has failed to comply with court orders and procedure after proceedings began. *See J&J Rentals, LLC v. Bighorn Constr. & Reclamation, LLC*, No. DHU-221-0626, 2023 WL 5748759, at *1–5 (D.N.M. Sept. 6, 2023) (granting plaintiff's motion for default judgment against Bighorn after Bighorn's counsel withdrew, Bighorn failed to retain new counsel, and Bighorn "'failed to plead or otherwise defend' as provided by Federal Rule of Civil Procedure 55(a)"); *Bighorn Constr. & Reclamation, LLC v. RES Am. Constr. Inc.*, No. 21-0113, 2023 WL 4643800, at *1 (D.N.D. July 20, 2023) (dismissing case filed by Bighorn for failure to prosecute after Bighorn's counsel withdrew due to lack of payment and Bighorn failed to retain new counsel or "taken any other action to prosecute" the case).

330 U.S. 258, 304 (1947)).  Here, the magnitude of the harm caused by Defendants' ongoing violation of the Court's Order is significant, as Plaintiff is unable to collect the Court-ordered judgment until Defendants comply.  Defendants' failure to respond to the March 14, 2023 Order and the Show Cause Order, let alone all of Plaintiff's attempted outreach, indicates that any sanction short of a coercive fine would be unsuccessful.  *See Trustees of Heating, Piping & Refrigeration Pension*, 2021 WL 5760906, at *3 (noting that court had previously imposed coercive fines of $500 per day when defendant "repeated[ly] fail[ed] to comply" with a court orders).  Therefore, the requested sanction of a $500 per day coercive fine is reasonable.

For these reasons, it is hereby:

**ORDERED** that Plaintiff's Motion for Sanctions and Civil Contempt, ECF 51, is GRANTED;

**ORDERED** that Defendants (1) Bighorn Construction and Reclamation, LLC, (2) Bighorn Investments and Properties, LLC, (3) Bridgelink Engineering, LLC, (4) Bridgelink Commodities, LLC, (5) Bridgelink Investments, LLC, (6) Bridgelink Development, LLC, (7) Bridgelink Renewable Energy Investments, LLC, (8) Intermountain Electric Service, Inc., and (9) Cole W. Johnson are held in civil contempt of Court for failure to comply with this Court's March 14, 2023 Order, ECF 48;[6]

**ORDERED** that, in order to coerce Defendants' obedience with the aforementioned Court Order, the Court will impose a coercive daily fine of $500 per day that Defendants do not purge their contempt beginning on the date of this Order; and

---

[6] Based on Plaintiff's supplemented request, ECF 59, the Court does not find Defendants Cord H. Johnson and Cassie J. Hamilton in civil contempt of the Court and, accordingly, excludes them from the sanctions ordered.

**ORDERED** that Defendants may purge their contempt by:

1. Responding to Plaintiff's interrogatories and requests for production as required by ECF 48 within fourteen (14) days of this Order; and

2. Paying the reasonable attorney's fees of $3,718.00 incurred by Plaintiff to obtain Defendants' compliance with Plaintiffs' post-judgment discovery OR showing that the imposition of this payment would constitute an unduly harsh sanction.

Dated: January 18, 2024

/s/
Charles D. Austin
United States Magistrate Judge